The Honorable Tiffany Cartwright

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

| | |
|---|---|
| MOZZY CLARK,<br><br>               Plaintiff,<br><br>v.<br><br>STATE OF WASHINGTON,<br>DEPARTMENT OF<br>CORRECTIONS; LT. DENNIS SIMONS;<br>SGT. REGINA WILLIAMS A/K/A<br>REGINA ESPERANZA AVELLAR; HEIDI<br>WHITTEMORE; OFFICER THERESA<br>AYOTTE; OFFICER MICHAEL BROOKS;<br>and DOES 1-10.<br><br>               Defendants. | NO.  3:24-cv-06058<br><br>DEFENDANT THERESA AYOTTE'S<br>ANSWER AND AFFIRMATIVE<br>DEFENSES TO PLAINTIFF'S FIRST<br>AMENDED COMPLAINT FOR<br>DAMAGES<br><br>**AND JURY DEMAND** |

Defendant Theresa Ayotte, in answer to Plaintiff's complaint, admits, denies and alleges as

follows:

**INTRODUCTION**

1.      Defendant is without sufficient information to form a belief as to the truth or

falsity of the allegations in paragraph 1, and therefore DENIES the allegations.

2.      Answering paragraph 2, the allegations are not directed at Defendant, therefore no

response is required of this answering Defendant.  To the extent paragraph 2 may be construed as

making factual allegations as to this Defendant, the allegations are DENIED.

DEFENDANT AYOTTE'S ANSWER TO
PLAINTIFF'S FIRST AMENDED
COMPLAINT FOR DAMAGES
NO.  3:24-cv-06058

1

OFFICE OF THE ATTORNEY GENERAL
1250 Pacific Avenue, Suite 105
P.O. Box 2317
Tacoma, WA  98401
(253) 593-5243

1    3.    Answering paragraph 3, the allegations are not directed at Defendant, therefore no

2  response is required of this answering Defendant.  To the extent paragraph 3 may be construed as

3  making factual allegations as to this Defendant, the allegations are DENIED.

4    4.    Answering paragraph 4, the allegations are not directed at Defendant, therefore no

5  response is required of this answering Defendant.  To the extent paragraph 4 may be construed as

6  making factual allegations as to this Defendant, the allegations are DENIED.

7    5.    Defendant is without sufficient information to form a belief as to the truth or

8  falsity of the allegations in paragraph 5, and therefore DENIES the allegations.

9    6.    Answering paragraph 6, the allegations are not directed at Defendant, therefore no

10  response is required of this answering Defendant.  To the extent paragraph 6 may be construed as

11  making factual allegations as to this Defendant, the allegations are DENIED.

12    7.    Answering paragraph 7, the allegations are not directed at Defendant, therefore no

13  response is required of this answering Defendant.  To the extent paragraph 7 may be construed as

14  making factual allegations as to this Defendant, the allegations are DENIED.

15                    **JURISDICTION AND VENUE**

16    8.    Paragraph 8 sets forth legal conclusions for which no response is required.  To the

17  extent paragraph 8 may be construed as making factual allegations as to this Defendant, the

18  allegations are DENIED.

19    9.    Paragraph 9 sets forth legal conclusions for which no response is required.  To the

20  extent paragraph 9 may be construed as making factual allegations as to this Defendant, the

21  allegations are DENIED.

22                          **PARTIES**

23    10.    Defendant ADMITS Plaintiff is a formerly incarcerated person who was housed at

24  Washington Corrections Center for Women ("WCCW").  Defendant is without sufficient

25  information to form a belief as to the truth or falsity of the remaining allegations in paragraph 10,

26  and therefore DENIES the allegations.

DEFENDANT AYOTTE'S ANSWER TO
PLAINTIFF'S FIRST AMENDED
COMPLAINT FOR DAMAGES
NO.  3:24-cv-06058

2

OFFICE OF THE ATTORNEY GENERAL
1250 Pacific Avenue, Suite 105
P.O. Box 2317
Tacoma, WA  98401
(253) 593-5243

1    11.    Answering paragraph 11, the allegations are not directed at Defendant, therefore

2    no response is required of this answering Defendant.  To the extent paragraph 11 may be

3    construed as making factual allegations as to this Defendant, the allegations are DENIED.

4    12.    Answering paragraph 12, the allegations are not directed at Defendant, therefore

5    no response is required of this answering Defendant.  To the extent paragraph 12 may be

6    construed as making factual allegations as to this Defendant, the allegations are DENIED.

7    13.    Answering paragraph 13, the allegations are not directed at Defendant, therefore

8    no response is required of this answering Defendant.  To the extent paragraph 13 may be

9    construed as making factual allegations as to this Defendant, the allegations are DENIED.

10    14.    Answering paragraph 14, the allegations are not directed at Defendant, therefore

11    no response is required of this answering Defendant.  To the extent paragraph 14 may be

12    construed as making factual allegations as to this Defendant, the allegations are DENIED.

13    15.    Defendant ADMITS that she was employed as a corrections officer at WCCW.

14    To the extent not expressly admitted, the allegations in paragraph 15 are DENIED.

15    16.    Answering paragraph 16, the allegations are not directed at Defendant, therefore

16    no response is required of this answering Defendant.  To the extent paragraph 16 may be

17    construed as making factual allegations as to this Defendant, the allegations are DENIED.

18    17.    Answering paragraph 17, the allegations are not directed at Defendant, therefore

19    no response is required of this answering Defendant.  Defendant objects to Plaintiff's purported

20    definition of "policymaker/supervisorial defendants" as setting forth a legal conclusion and aver

21    that no answer is required of this Defendant thereto.  To the extent paragraph 17 may be construed

22    as making factual allegations as to this Defendant, the allegations are DENIED.

23    18.    Answering paragraph 18, the allegations are not directed at Defendant, therefore

24    no response is required of this answering Defendant.  Defendant further answers that this

25    paragraph sets forth legal conclusions for which no answer is required.  To the extent paragraph

26

DEFENDANT AYOTTE'S ANSWER TO
PLAINTIFF'S FIRST AMENDED
COMPLAINT FOR DAMAGES
NO.  3:24-cv-06058

3

OFFICE OF THE ATTORNEY GENERAL
1250 Pacific Avenue, Suite 105
P.O. Box 2317
Tacoma, WA  98401
(253) 593-5243

18 may be construed as making factual allegations as to this Defendant, the allegations are DENIED.

19.    Answering paragraph 19, the allegations are not directed at Defendant, therefore no response is required of this answering Defendant.  To the extent paragraph 19 may be construed as making factual allegations as to this Defendant, the allegations are DENIED.

20.    Answering paragraph 20, the allegations are not directed at Defendant, therefore no response is required of this answering Defendant.  To the extent paragraph 20 may be construed as making factual allegations as to this Defendant, the allegations are DENIED.

21.    Defendant DENIES the allegations in paragraph 21.

22.    Answering paragraph 22, the allegations are not directed at Defendant, therefore no response is required of this answering Defendant.  Defendant objects to Plaintiff's purported definition of "Defendants" on grounds of vague and setting forth legal conclusions; notwithstanding the foregoing objections, to the extent paragraph 22 may be construed as making factual allegations as to this Defendant, the allegations are DENIED.

23.    Answering paragraph 23, the allegations are not directed at Defendant, therefore no response is required of this answering Defendant.  To the extent paragraph 23 may be construed as making factual allegations as to this Defendant, the allegations are DENIED.

24.    Paragraph 24 sets forth legal conclusions for which no response is required.  To the extent paragraph 24 may be construed as making factual allegations as to this Defendant, the is without sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 25, and therefore DENIES the allegations.

## FACTS

25.    Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 25, and therefore DENIES the allegations.

26.    Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 26, and therefore DENIES the allegations.

DEFENDANT AYOTTE'S ANSWER TO
PLAINTIFF'S FIRST AMENDED
COMPLAINT FOR DAMAGES
NO.  3:24-cv-06058

4

OFFICE OF THE ATTORNEY GENERAL
1250 Pacific Avenue, Suite 105
P.O. Box 2317
Tacoma, WA  98401
(253) 593-5243

27.     Answering paragraph 27, the allegations are not directed at Defendant, therefore no response is required of this answering Defendant.  To the extent paragraph 27 may be construed as making factual allegations as to this Defendant, the allegations are DENIED.

28.     Answering paragraph 28, the allegations are not directed at Defendant, therefore no response is required of this answering Defendant.  To the extent paragraph 28 may be construed as making factual allegations as to this Defendant, Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 28, and therefore DENIES the allegations.

29.     Answering paragraph 29, the allegations are not directed at Defendant, therefore no response is required of this answering Defendant.  To the extent paragraph 29 may be construed as making factual allegations as to this Defendant, Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 29, and therefore DENIES the allegations.

30.     Answering paragraph 30, the allegations are not directed at Defendant, therefore no response is required of this answering Defendant.  To the extent paragraph 30 may be construed as making factual allegations as to this Defendant, Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 30, and therefore DENIES the allegations.

31.     Answering paragraph 31, the allegations are not directed at Defendant, therefore no response is required of this answering Defendant.  To the extent paragraph 31 may be construed as making factual allegations as to this Defendant, Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 31, and therefore DENIES the allegations.

32.     Answering paragraph 32, the allegations are not directed at Defendant, therefore no response is required of this answering Defendant.  To the extent paragraph 32 may be construed as making factual allegations as to this Defendant, Defendant is without sufficient

DEFENDANT AYOTTE'S ANSWER TO
PLAINTIFF'S FIRST AMENDED
COMPLAINT FOR DAMAGES
NO.  3:24-cv-06058

5

OFFICE OF THE ATTORNEY GENERAL
1250 Pacific Avenue, Suite 105
P.O. Box 2317
Tacoma, WA  98401
(253) 593-5243

information to form a belief as to the truth or falsity of the allegations in paragraph 32, and therefore DENIES the allegations.

33.    Answering paragraph 33, the allegations are not directed at Defendant, therefore no response is required of this answering Defendant.  To the extent paragraph 33 may be construed as making factual allegations as to this Defendant, Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 33, and therefore DENIES the allegations.

34.    Answering paragraph 34, the allegations are not directed at Defendant, therefore no response is required of this answering Defendant.  To the extent paragraph 34 may be construed as making factual allegations as to this Defendant, Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 34, and therefore DENIES the allegations.

35.    Answering paragraph 35, the allegations are not directed at Defendant, therefore no response is required of this answering Defendant.  To the extent paragraph 35 may be construed as making factual allegations as to this Defendant, Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 35, and therefore DENIES the allegations.

36.    Answering paragraph 36, the allegations are not directed at Defendant, therefore no response is required of this answering Defendant.  To the extent paragraph 36 may be construed as making factual allegations as to this Defendant, Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 36, and therefore DENIES the allegations.

37.    Answering paragraph 37, the allegations are not directed at Defendant, therefore no response is required of this answering Defendant.  To the extent paragraph 37 may be construed as making factual allegations as to this Defendant, Defendant is without sufficient

1  information to form a belief as to the truth or falsity of the allegations in paragraph 37, and

2  therefore DENIES the allegations.

3      38.     Answering paragraph 38, the allegations are not directed at Defendant, therefore

4  no response is required of this answering Defendant.  To the extent paragraph 38 may be

5  construed as making factual allegations as to this Defendant, Defendant is without sufficient

6  information to form a belief as to the truth or falsity of the allegations in paragraph 38, and

7  therefore DENIES the allegations.

8      39.     Answering paragraph 39, the allegations are not directed at Defendant, therefore

9  no response is required of this answering Defendant.  To the extent paragraph 39 may be

10 construed as making factual allegations as to this Defendant, Defendant is without sufficient

11 information to form a belief as to the truth or falsity of the allegations in paragraph 39, and

12 therefore DENIES the allegations.

13     40.     Defendant DENIES the allegations in paragraph 40.

14     41.     Answering paragraph 41, the allegations are not directed at Defendant, therefore

15 no response is required of this answering Defendant.  To the extent paragraph 41 may be

16 construed as making factual allegations as to this Defendant, Defendant is without sufficient

17 information to form a belief as to the truth or falsity of the allegations in paragraph 41, and

18 therefore DENIES the allegations.

19     42.     Answering paragraph 42, the allegations are not directed at Defendant, therefore

20 no response is required of this answering Defendant.  To the extent paragraph 42 may be

21 construed as making factual allegations as to this Defendant, Defendant is without sufficient

22 information to form a belief as to the truth or falsity of the allegations in paragraph 42, and

23 therefore DENIES the allegations.

24     43.     Answering paragraph 43, the allegations are not directed at Defendant, therefore

25 no response is required of this answering Defendant.  To the extent paragraph 43 may be

26 construed as making factual allegations as to this Defendant, Defendant is without sufficient

DEFENDANT AYOTTE'S ANSWER TO
PLAINTIFF'S FIRST AMENDED
COMPLAINT FOR DAMAGES
NO.  3:24-cv-06058

7

OFFICE OF THE ATTORNEY GENERAL
1250 Pacific Avenue, Suite 105
P.O. Box 2317
Tacoma, WA  98401
(253) 593-5243

information to form a belief as to the truth or falsity of the allegations in paragraph 43, and therefore DENIES the allegations.

44.     Answering paragraph 44, the allegations are not directed at Defendant, therefore no response is required of this answering Defendant.  To the extent paragraph 44 may be construed as making factual allegations as to this Defendant, the allegations are DENIED.

45.     Answering paragraph 45, the allegations are not directed at Defendant, therefore no response is required of this answering Defendant.  To the extent paragraph 45 may be construed as making factual allegations as to this Defendant, the allegations are DENIED.

46.     Answering paragraph 46, the allegations are not directed at Defendant, therefore no response is required of this answering Defendant.  To the extent paragraph 46 may be construed as making factual allegations as to this Defendant, the allegations are DENIED.

47.     Answering paragraph 47, the allegations are not directed at Defendant, therefore no response is required of this answering Defendant.  To the extent paragraph 47 may be construed as making factual allegations as to this Defendant, the allegations are DENIED.

48.     Answering paragraph 48, the allegations are not directed at Defendant, therefore no response is required of this answering Defendant.  To the extent paragraph 48 may be construed as making factual allegations as to this Defendant, the allegations are DENIED.

49.     Answering paragraph 49, the allegations are not directed at Defendant, therefore no response is required of this answering Defendant.  To the extent paragraph 49 may be construed as making factual allegations as to this Defendant, the allegations are DENIED.

50.     Answering paragraph 50, the allegations are not directed at Defendant, therefore no response is required of this answering Defendant.  To the extent paragraph 50 may be construed as making factual allegations as to this Defendant, the allegations are DENIED.

51.     Answering paragraph 51, the allegations are not directed at Defendant, therefore no response is required of this answering Defendant.  To the extent paragraph 51 may be construed as making factual allegations as to this Defendant, the allegations are DENIED.

DEFENDANT AYOTTE'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES NO. 3:24-cv-06058

8

OFFICE OF THE ATTORNEY GENERAL
1250 Pacific Avenue, Suite 105
P.O. Box 2317
Tacoma, WA  98401
(253) 593-5243

52.     Answering paragraph 52, the allegations are not directed at Defendant, therefore no response is required of this answering Defendant.  To the extent paragraph 52 may be construed as making factual allegations as to this Defendant, the allegations are DENIED.

53.     Answering paragraph 53, the allegations are not directed at Defendant, therefore no response is required of this answering Defendant.  To the extent paragraph 53 may be construed as making factual allegations as to this Defendant, the allegations are DENIED.

54.     Answering paragraph 54, the allegations are not directed at Defendant, therefore no response is required of this answering Defendant.  To the extent paragraph 54 may be construed as making factual allegations as to this Defendant, the allegations are DENIED.

## FIRST CAUSE OF ACTION

**DEPRIVATION OF CONSTITUTIONAL RIGHTS – FIRST/EIGHTH/FOURTEENTH AMENDMENTS – *State-Created Danger* – 42 U.S.C. Section 1983 (Against All Defendants)**

55.     Defendant hereby incorporates and realleges all answers to all preceding paragraphs as though fully incorporated herein and further answers that all allegations not expressly admitted are DENIED.

56.     Answering paragraph 56, this paragraph sets forth legal conclusions for which no answer is required.  To the extent paragraph 56 may be construed as making factual allegations as to this Defendant, the allegations are DENIED.

57.     Answering paragraph 57, the allegations are DENIED.

58.     Answering paragraph 58, the allegations are DENIED.

59.     Answering paragraph 59, the allegations are DENIED.

## SECOND CAUSE OF ACTION

**DEPRIVATION OF CONSTITUTIONAL RIGHTS – FIRST/EIGHTH/FOURTEENTH AMENDMENTS – *Deliberate Indifference* – 42 U.S.C. Section 1983 (Against All Defendants)**

DEFENDANT AYOTTE'S ANSWER TO
PLAINTIFF'S FIRST AMENDED
COMPLAINT FOR DAMAGES
NO.  3:24-cv-06058

9

OFFICE OF THE ATTORNEY GENERAL
1250 Pacific Avenue, Suite 105
P.O. Box 2317
Tacoma, WA  98401
(253) 593-5243

60.      Defendant hereby incorporates and realleges all answers to all preceding paragraphs as though fully incorporated herein and further answers that all allegations not expressly admitted are DENIED.

61.      Answering paragraph 61, this paragraph sets forth legal conclusions for which no answer is required.  To the extent paragraph 61 may be construed as making factual allegations as to this Defendant, the allegations are DENIED.

62.      Answering paragraph 62, the allegations are DENIED.

63.      Answering paragraph 63, the allegations are DENIED.

64.      Answering paragraph 64, the allegations are DENIED.

### THIRD CAUSE OF ACTION

**DEPRIVATION OF CONSTITUTIONAL RIGHTS – FIRST/EIGHTH/FOURTEENTH AMENDMENTS – *Conspiracy* – 42 U.S.C. Section 1983
(Against All Defendants)**

65.      Defendant hereby incorporates and realleges all answers to all preceding paragraphs as though fully incorporated herein and further answers that all allegations not expressly admitted are DENIED.

66.      Answering paragraph 66, this paragraph sets forth legal conclusions for which no answer is required.  To the extent paragraph 66 may be construed as making factual allegations as to this Defendant, the allegations are DENIED.

67.      Answering paragraph 67, this paragraph sets forth legal conclusions for which no answer is required.  To the extent paragraph 67 may be construed as making factual allegations as to this Defendant, the allegations are DENIED.

68.      Answering paragraph 68, this paragraph sets forth legal conclusions for which no answer is required.  To the extent paragraph 68 may be construed as making factual allegations as to this Defendant, the allegations are DENIED.

69.      Answering paragraph 69, the allegations are DENIED.

DEFENDANT AYOTTE'S ANSWER TO
PLAINTIFF'S FIRST AMENDED
COMPLAINT FOR DAMAGES
NO. 3:24-cv-06058

10

OFFICE OF THE ATTORNEY GENERAL
1250 Pacific Avenue, Suite 105
P.O. Box 2317
Tacoma, WA  98401
(253) 593-5243

70.     Answering paragraph 70, the allegations are DENIED.

71.     Answering paragraph 71, the allegations are DENIED.

## FOURTH CAUSE OF ACTION

### DEPRIVATION OF CONSTITUTIONAL RIGHTS –FOURTEENTH AMENDMENT –
*Right to Bodily Privacy* – 42 U.S.C. Section 1983
(Against All Defendants)

72.     Defendant hereby incorporates and realleges all answers to all preceding paragraphs as though fully incorporated herein and further answers that all allegations not expressly admitted are DENIED.

73.     Answering paragraph 73, this paragraph sets forth legal conclusions for which no answer is required.  To the extent paragraph 73 may be construed as making factual allegations as to this Defendant, the allegations are DENIED.

74.     Answering paragraph 74, this paragraph sets forth legal conclusions for which no answer is required.  To the extent paragraph 74 may be construed as making factual allegations as to this Defendant, the allegations are DENIED.

75.     Answering paragraph 75, the allegations are DENIED.

76.     Answering paragraph 76, the allegations are DENIED.

77.     Answering paragraph 77, the allegations are DENIED.

78.     Answering paragraph 78, the allegations are DENIED.

79.     Answering paragraph 79, the allegations are DENIED.

### DEMAND FOR JURY TRIAL

Plaintiff's jury demand requires no answer of this answering Defendant; to the extent any answer is required, Defendant demands trial by jury.

### PRAYER FOR RELIEF

Answering Plaintiff's prayer for relief, including paragraphs A – E, Defendant DENIES plaintiff is entitled to the relief requested or to any relief whatsoever.

DEFENDANT AYOTTE'S ANSWER TO
PLAINTIFF'S FIRST AMENDED
COMPLAINT FOR DAMAGES
NO.  3:24-cv-06058

11

OFFICE OF THE ATTORNEY GENERAL
1250 Pacific Avenue, Suite 105
P.O. Box 2317
Tacoma, WA  98401
(253) 593-5243

1

## DEFENDANT'S AFFIRMATIVE DEFENSES

2

By Way of FURTHER ANSWER and FIRST AFFIRMATIVE DEFENSE, Defendant

3

alleges that the Plaintiff has failed to state a claim upon which relief may be granted.

4

By Way of FURTHER ANSWER and SECOND AFFIRMATIVE DEFENSE, Defendant

5

alleges that Plaintiff's action against this Defendant is barred by the doctrine of res judicata and/or

6

collateral estoppel.

7

By Way of FURTHER ANSWER and THIRD AFFIRMATIVE DEFENSE, Defendant

8

alleges that Plaintiff has failed to exhaust administrative remedies or Plaintiff's remedy is

9

administrative rather than judicial and therefore the action will not lie.

10

By Way of FURTHER ANSWER and FOURTH AFFIRMATIVE DEFENSE, Defendant

11

alleges that the damages and/or injuries, if any, were caused by the fault of a nonparty.  The identity

12

of this nonparty is currently unknown to the Defendant.

13

By Way of FURTHER ANSWER and FIFTH AFFIRMATIVE DEFENSE, Defendant

14

alleges that the Plaintiff's injuries/damages, if any, were caused by intentional conduct of

15

incarcerated individual Williams.  The damages caused by the intentional conduct must be

16

segregated from injuries/damages allegedly caused by fault.

17

By Way of FURTHER ANSWER and SIXTH AFFIRMATIVE DEFENSE, Defendant

18

alleges that the injuries and damages, if any, claimed by the Plaintiff were proximately caused or

19

contributed to by the fault of Plaintiff.

20

By Way of FURTHER ANSWER and SEVENTH AFFIRMATIVE DEFENSE, Defendant

21

alleges that the Defendant at all times acted in good faith in the performance of her duties and is

22

therefore immune from suit for the matters charged in Plaintiff's complaint.

23

By Way of FURTHER ANSWER and EIGHTH AFFIRMATIVE DEFENSE, Defendant

24

alleges that if the Plaintiff suffered any damages, recovery therefor is barred by Plaintiff's failure to

25

mitigate said damages.

26

DEFENDANT AYOTTE'S ANSWER TO
PLAINTIFF'S FIRST AMENDED
COMPLAINT FOR DAMAGES
NO.  3:24-cv-06058

12

OFFICE OF THE ATTORNEY GENERAL
1250 Pacific Avenue, Suite 105
P.O. Box 2317
Tacoma, WA  98401
(253) 593-5243

1    By Way of FURTHER ANSWER and NINTH AFFIRMATIVE DEFENSE, Defendant

2    alleges that this action should be dismissed pursuant to the *Younger* abstention doctrine.

3    By Way of FURTHER ANSWER and TENTH AFFIRMATIVE DEFENSE, Defendant

4    alleges that agents of the Defendant State of Washington are not subject to civil suit for damages

5    under the Eleventh Amendment of the Constitution of the United States.

6    By Way of FURTHER ANSWER and ELEVENTH AFFIRMATIVE DEFENSE,

7    Defendant alleges that the claims alleged under 42 U.S.C. § 1983 are barred by the doctrine of

8    qualified immunity.

9    By Way of FURTHER ANSWER and TWELFTH AFFIRMATIVE DEFENSE, Defendant

10   alleges that Plaintiff's claims are barred to the extent that there was no causal connection between

11   the events alleged in his Complaint and any damages allegedly suffered.

12   1.    By Way of FURTHER ANSWER and THIRTEENTH AFFIRMATIVE

13   DEFENSE, Defendant alleges Plaintiff's claims are barred by the doctrine of claim splitting.

14                    **RESERVATION OF RIGHTS**

15   Defendant reserves the right to amend this Answer to include additional affirmative

16   defenses that may come to light during the course of investigation or discovery.

17                **DEFENDANT'S PRAYER FOR RELIEF**

18   WHEREFORE, having answered Plaintiff's Complaint, Defendant prays that Plaintiff's

19   complaint be dismissed with prejudice, that Plaintiff take nothing by her complaint, that Defendant

20   be allowed costs and reasonable attorney fees herein, that any judgment against Defendant be

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

DEFENDANT AYOTTE'S ANSWER TO
PLAINTIFF'S FIRST AMENDED
COMPLAINT FOR DAMAGES
NO. 3:24-cv-06058

13

OFFICE OF THE ATTORNEY GENERAL
1250 Pacific Avenue, Suite 105
P.O. Box 2317
Tacoma, WA  98401
(253) 593-5243

1    reduced by the fault of Plaintiff, and other and further relief as the Court deems just and equitable.

2         DATED this 4th day of February, 2025.

3                                   NICHOLAS W. BROWN
                                    Attorney General
4

5                                   _/s/ Chad Arceneaux_____
                                    CHAD EVERETT ARCENEAUX
6                                   WSBA No. 40442; OID No. 91105
                                    Assistant Attorney General
7                                   Attorney for Theresa Ayotte and
                                    Michael Brooks
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1

**DECLARATION OF SERVICE**

2          I declare that on this 4ᵗʰ day of February 2025 I caused to be electronically filed the

3   foregoing document with the Clerk of the Court using the CM/ECF system which will send

4   notification of such filing to the following:

5          Robert A. Bouvatte, Jr., WSBA No. 50220

6          Robert A. Bouvatte, PLLC
           P.O. Box 14185

7          Tumwater, WA 98511
           rbouvattelaw@gmail.com

8

9          John R. Nicholson, WSBA No. 30499
           Simons Sweeney Freimund Smith Tardiff PLLC

10         711 Capitol Way S., Suite 602
           Olympia, WA 98501

11         john@ssslawgroup.com

12         DATED this 4ᵗʰ day of February 2025.

13                                        NICHOLAS W. BROWN
                                          Attorney General
14

15                                        *s/ Chad Arceneaux*

16                                        CHAD EVERETT ARCENEAUX
                                          WSBA No. 40442; OID No. 91105

17                                        Assistant Attorney General
                                          1250 Pacific Avenue, Suite 105

18                                        P.O. Box 2317
                                          Tacoma, WA  98401-2317

19                                        Telephone: (253) 593-5243
                                          FAX: (253) 593-2449

20                                        E -mail: Chad.Arceneaux@atg.wa.gov

21

22

23

24

25

26