UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MOZZY CLARK,

    Plaintiff(s),

v.

STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS et al.,

    Defendant(s).

CASE NO. 3:24−cv−06058−TMC

JUDGE TIFFANY M. CARTWRIGHT CHAMBERS PROCEDURES FOR CIVIL CASES

This Order sets forth the chambers−specific procedures that apply in civil cases. These procedures supplement the Federal Rules of Civil Procedure ("FRCP") and the Local Civil Rules ("LCR") of this district. When the term "counsel" is used in this order, it includes lawyers as well as any party representing themselves. When the term "party" or "parties" are used in this order, they include counsel.

## I. COMMUNICATIONS WITH CHAMBERS

Parties should direct email inquiries to Courtroom Deputy Mary Trent at mary_trent@wawd.uscourts.gov. Matters that may be communicated by email include requesting a discovery conference, checking on a decision on a motion under LCR 7(b)(5), confirming trial procedures, or notifying the Court of settlement. All counsel should be copied on the e−mail when communicating with the courtroom deputy. Ex parte communications are strongly discouraged.

## II. COURTESY COPIES

Courtesy copies are welcomed but not required for pleadings that in the aggregate

(*i.e.,* the brief plus any declarations or exhibits) are longer than 50 pages or upon Court request. If a party believes that the courtesy copies may be helpful, such as for complex graphs or images best viewed in color, the party may submit a courtesy copy to chambers for the Court's ease of reference. The courtesy copy must be a version of the document with the header generated by CM/ECF, as this header includes important information (*i.e.,* case number, page number, date filed, etc.). Courtesy copies should be printed double–sided. Courtesy copies should be three–hole punched and tabbed but *not* submitted in a three-ring binder, to avoid waste.

## III. CROSS–MOTIONS

Judge Cartwright encourages parties filing cross–motions to agree to an alternate briefing schedule allowing for four briefs (one cross–motion, second cross–motion/opposition, opposition/reply, and reply) rather than a full six briefs (motion, opposition, and reply for each cross–motion). If the parties can reach an agreement on such a schedule and any necessary adjustments to the page/word limits, they shall submit a stipulated motion and proposed order for the Court's approval.

## IV. ORAL ARGUMENTS

Judge Cartwright encourages opportunities for Rule 19 licensed legal interns and junior attorneys to appear and argue in Court. Requests for leave for Rule 9 interns to argue in Court will be freely granted, and the Court will permit multiple attorneys to argue if this creates an opportunity for junior attorneys to participate.

## V. DISCOVERY DISPUTES

As required by LCR 37 (a), all discovery matters are to be resolved by agreement if possible. If agreement is not possible, before filing any discovery motions, Judge Cartwright requires the parties to request a conference with the Court. *See* FRCP 16(b)(3)(B)(v). The moving party must submit a joint statement to the Court briefly identifying the issue(s) in dispute. The joint statement shall be no more than three pages

and shall be filed via CM/ECF. Parties may attach exhibits to the joint statement. After filing the joint statement, the moving party should contact Courtroom Deputy Mary Trent at mary_trent@wawd.uscourts.gov to schedule a conference. All counsel must be copied on the email.

Most discovery conferences take place via Zoom videoconference or telephone. Judge Cartwright will typically resolve the dispute at the conference or in a minute order. This process is meant to provide the parties with a quick and inexpensive resolution to discovery disputes. It is not meant to prevent full briefing on a motion to compel when necessary. If the discovery dispute involves a complex legal question that cannot be resolved at the conference, Judge Cartwright will provide further direction to the parties on a briefing schedule. If the parties believe full briefing is required, they should explain that in their joint statement.

## VI.     *IN CAMERA* REVIEW

If the Court orders a party to submit documents for *in camera* review, the party shall send an electronic copy of the documents to Courtroom Deputy Mary Trent at mary_trent@wawd.uscourts.gov, If the document is longer than 50 pages, the party shall also delivery a physical copy of the documents to the Tacoma Clerk's Office, clearly marked for *in camera* review to avoid inadvertent filing on the docket.

## VII.     ESI DISCOVERY REQUIRMENTS

Judge Cartwright encourages parties to adopt in writing a version of the Court's Model ESI Agreement tailored to the needs of their case. Whether they do so or not, Judge Cartwright requires all parties to disclose their ESI search protocols to one another, including custodians, data sources, file types, date restrictions, and search terms. Counsel should confer in advance of document production to attempt to reach agreement on search protocols as necessary throughout the case. If there is a discovery dispute related to ESI, counsel must complete the search protocol disclosure before requesting a

discovery conference with the Court.

## VIII. SETTLEMENT CONFERENCE REQUIREMENT

Judge Cartwright's scheduling order includes a deadline for an attorney settlement conference. This is not a conference with the Court bur rather a requirement that counsel participate in a good–faith discussion about options for settlement, including whether to engage in mediation. Of course, Judge Cartwright encourages the parties to consider possibilities for settlement throughout the litigation.

The Court expects parties who can afford private mediation to do so before requesting a conference with a settlement judge. Parties who cannot afford private mediation may request a pro bono mediator pursuant to Local Civil Rule 39.1(c)(4). If private mediation has failed, but all parties believe the case would benefit from further settlement discussions, the parties may request a settlement conference with a Magistrate Judge. Those requests should be made by email to Courtoom Deputy Mary Trent at mary_trent@wawd.uscourts.gov.

## IX. EXPERT DISCOVERY

Judge Cartwright's scehduling order contains a single deadline for the discovery cutoff, which includes fact and expert discovery. The parties are expected to cooperate and manage their case to ensure any fact discovery that is needed for expert witness preparation is completed in advance of the deadline for expert disclosures. If a producing party is delaying discovery in a way that interferes with expert witness preparation, the requesting party should seek a conference with the Court as soon as possible. If the parties have a specific need for phased discovery, they should make that request in their joint status report at the beginning of the case.

## IX. SCHEDULING TEMPLATE

To aid the parties in drafting request for schedule continuances, Judge Cartwright's preferences regarding case scheduling are listed here. Please note

Judge Cartwright requires approximately 120 days between the deadline for filing dispositive motions and the trial date. Stipulated motions proposing a schedule that does not comply with this requirement will be denied. Judge Cartwright disfavors trial continuances and will not grant them absent good cause beyond the normal process of litigation. A failure to complete discovery within the time frame allowed or a decision to engage in settlement discussions does not on its own create good cause, although Judge Cartwright will consider requests for brief continuances where the parties have secured a mediation date or where there is a compelling reason that discovery could not be completed as scheduled.

| **Event** | **Date** |
|---|---|
| JURY TRIAL SET FOR 9:00 a.m. on | **Trial Date** |
| Length of trial | ___ days |
| Deadline for joining additional parties | Today +3 months |
| Deadline for filing amended pleadings | Today +3.5 months |
| Disclosure of expert testimony under FRCP 26(a)(2) due | TR – 7 mos |
| Disclosure of rebuttal expert testimony under FRCP 26(a)(2) | TR – 6 mos |
| All motions related to discovery must be filed by | TR – 6 mos |
| Discovery must be completed by | TR – 5 mos |
| Attorney Settlement Conference | TR – 5 mos |
| All dispositive motions and motions challenging expert witness testimony must be filed by this date (*see* LCR 7(d)). Such motions must be noted for consideration no later than 28 days thereafter (*see* LCR 7(d)). | TR – 4 mos |
| All motions in limine must be filed by | TR – 37 days |
| Proposed jury instructions and agreed LCR 16.1 Pretrial Order due, including exhibit list with completed authenticity, admissibility, and objections fields | TR – 22 days |

CHAMBERS PROCEDURES FOR CIVIL CASES – 5

| | |
|---|---|
| Trial briefs, proposed voir dire questions, and deposition designations due | TR – 21 days |
| Pretrial conference scheduled at 10:00 a.m. on | TR – 13 days |

The foregoing Minute Order is entered by /s/ Mary Trent  Deputy Clerk, **BY DIRECTION OF THE HONORABLE TIFFANY M. CARTWRIGHT, UNITED STATES DISTRICT JUDGE.**

DATED:  The 1st of April 2025