Exhibit 1

HONORABLE TIFFANY M. CARTWRIGHT

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**SEATTLE DIVISION**

| | |
|---|---|
| MOZZY CLARK, an individual, | No. 3:24-cv-06058-TMC |
| Plaintiff, | |
| v. | **PLAINTIFF, MOZZY CLARK'S, FIRST SET OF INTERROGATORIES & REQUESTS FOR PRODUCTION TO DEFENDANT, STATE OF WASHINGTON, DEPARTMENT OF CORRECTIONS** |
| STATE OF WASHINGTON, DEPARTMENT OF CORRECTIONS; LT. DENNIS SIMONS; OFFICER THERESA AYOTTE; SGT. CARRIE ANN WILLIAMS A/K/A CARRIE ANN GUAJARDO; HEIDI WHITTEMORE; OFFICER GREGORY BROOKS; and DOES 1-10, | |
| | **[JURY DEMAND]** |
| Defendants. | **WITH OBJECTIONS, ANSWERS AND RESPONSES THERETO** |

PROPOUNDING PARTY:      Plaintiff, MOZZY CLARK;

TO RESPONDING PARTY:      Defendant,  STATE OF WASHINGTON, DEPARTMENT

OF CORRECTIONS;

No. 3:24-cv-06058-TMC
PLAINTIFF'S FIRST SET OF
INTERROGATORIES & REQUESTS FOR          1
PRODUCTION TO STATE **WITH**
**OBJECTIONS ANSWERS AND**
**RESPONSES THERETO**

1  AND TO:                    John R. Nicholson, Esq., its attorney of record.

2      Pursuant to Federal Rules of Civil Procedure, Rules 33 and 34, the Plaintiff, Mozzy Clark,

3  hereby requests that the Defendant, STATE OF WASHINGTON, DEPARTMENT OF

4  CORRECTIONS, provide written responses, under oath, to these interrogatories, and responses to

5  these requests for production.

6                          **DEFINITIONS & INSTRUCTIONS**

7      1.      "PERTAINING" and "RELATING," as used in these requests, means evidencing,

8  memorializing, referring, constituting, containing, discussing, describing, embodying, reflecting,

9  identifying, mentioning, stating, or otherwise relating to in any way, in whole or in part, the

10  subject matter referred to in the particular request.

11      2.      "PLAINTIFF" or "CLARK" means Mozzy Clark, the Plaintiff in this matter.

12      3.      "ACTION" means the facts and circumstances that form the basis of

13  PLAINTIFF's allegations in this action and that are the subject of PLAINTIFF's complaint.

14      4.      The terms "ANY" and "ALL" mean each, any, and all.

15      5.      "PERSON" means, in the plural as well as in the singular, ANY natural person,

16  firm, association, partnership, corporation, public entity, or ANY other form of legal entity or

17  governmental body unless the context indicates otherwise.

18      6.      "YOU," "YOUR," "DEFENDANT," and the "DEPARTMENT" means the

19  Defendant, State of Washington, Department of Corrections,  and its subsidiaries, affiliates,

20  parents, holding companies, divisions, departments, operating units, and other subdivisions; its

21  officers, employees, agents, attorneys, consultants, and representatives; and ALL persons or

22  entities either acting or purporting to act on behalf of the above, or ANY of them.

23      7.      The terms "DOCUMENT" and "DOCUMENTS" mean ALL "writings" and

"recordings" as defined in Federal Rules of Evidence 1001, including ALL drafts and versions of

No. 3:24-cv-06058-TMC
PLAINTIFF'S FIRST SET OF
INTERROGATORIES & REQUESTS FOR          2
PRODUCTION TO STATE **WITH
OBJECTIONS ANSWERS AND
RESPONSES THERETO**

1   each document, whether stored electronically or as a hard copy. The terms also mean and refer to

2   ALL printed, recorded, written, graphic or photographic matter, including, without limitation,

3   tape recordings and computer tapes, and discs, however printed, produced, reproduced, coded or

4   stored, of ANY kind of description, regardless of author or origin, and whether or not sent or

5   received, including originals, copies, reproductions, facsimiles, drafts, and both sides thereof, and

6   including, without limitation, papers, books, accounts, letters, prospectuses, offering memoranda,

7   solicitations, disclosures, models, photographs, correspondence, telegrams, telex messages,

8   memoranda, notes, notations, work papers, routing slips, intra and interoffice communications,

9   intra and interdepartmental communications, communications to, between or among directors,

10  officers, agents and/or employees, transcripts, minutes, agendas, reports, notes or recordings of

11  telephone or other conversations, or of interviews, of conference, or of board, committee or

12  subcommittee meetings, or of other meetings, affidavits, drawings, sketches, blueprints,

13  statements, reports, summaries, indices, opinions, court pleadings, whether or not on file, studies,

14  analyses, forecasts, evaluations, contracts, invoices, purchase orders, requisitions, notebooks,

15  entries, ledgers, journals, books or records of accounts, balance sheets, income statements,

16  questionnaires, answers to questionnaires, statistical records, petitions, advertisements,

17  brochures, circulars, bulletins, pamphlets, trade letters, desk calendars, appointment books,

18  telephone logs, diaries, expense accounts or vouchers, policy statements, manuals, rules,

19  regulations, guidelines, newspaper stories, financial or market reports, computer tapes and discs,

20  magnetic tapes, punch cards, computer printouts, microfilm or microfiche, ALL other records

21  kept by electronic, photographic or mechanical means, and ANY material underlying, supporting,

22  or used in the preparation of ANY such document, however produced or reproduced, and every

23  other means of recording upon ANY tangible thing and form of communicating or representation,

including letters, words, pictures, sounds, or symbols, or combinations of them, which is in

No. 3:24-cv-06058-TMC
PLAINTIFF'S FIRST SET OF
INTERROGATORIES & REQUESTS FOR          3
PRODUCTION TO STATE **WITH
OBJECTIONS ANSWERS AND
RESPONSES THERETO**

1  YOUR possession, custody or control or to which YOU have a right or privilege to examine upon

2  request or demand.

3      8.    "COMMUNICATION" or "COMMUNICATIONS" mean ANY contact between

4  two or more persons or entities, including, without limitation, written contact by such means as

5  letters, memoranda, reports, computer transmissions, electronic mail, text messages, instant

6  messages, telegrams, telexes, fax messages, and oral contact by such means as meetings and

7  telephone conversations.

8      9.    "DESCRIBE,"    when    used    in    reference    to    ANY    DOCUMENT,

9  COMMUNICATION, electronically stored information, or tangible evidence, means to state the

10 title or name, date, time, author, common name, if any, and identifying number of ANY object

11 and the name and address of the Person having possession, custody, or control of such at the

12 present time. "DESCRIBE" also means to describe fully by reference to underlying facts rather

13 than by ultimate facts or conclusions of fact or law, particularized as to time, place, and manner.

14     10.    Including shall not be construed as limiting ANY request and shall mean the same

15 as "including, but not limited to."

16     11.    "IDENTIFY" means the following:

17     a) "IDENTIFY," when used with reference to an act or acts, shall include, in addition to

18 other information requested in these Interrogatories, the following information: the substance of

19 the referenced act; the date of the act; the person(s) committing the act; and the witnesses to, or

20 DOCUMENTS RELATING to, the act.

21     b) "IDENTIFY," when used with reference to an entity, shall include, in addition to other

22 information requested in these Interrogatories, the following information: the name of the entity,

23 its address, its telephone number, and its business.

No. 3:24-cv-06058-TMC
PLAINTIFF'S FIRST SET OF
INTERROGATORIES & REQUESTS FOR          4
PRODUCTION TO STATE **WITH
OBJECTIONS ANSWERS AND
RESPONSES THERETO**

1

2      c) "IDENTIFY," when used with reference to a fact or facts, shall include, in addition to

3 other information requested in these Interrogatories, the following information: the referenced

4 fact, the foundation for the fact (for example, the DOCUMENT(S) on which it is based or the

5 witness(es) with knowledge of the fact), and the date.

6      d) "IDENTIFY," when referring to a person, means to give, to the extent known, the

7 person's full name, present or last known address, and telephone number, the present or last known

8 place of employment, job title, and facility where the employee worked. Once a person has been

9 identified in accordance with this subparagraph, only the name of that person need be listed in

10 response to subsequent discovery requesting the identification of that person.

11      e) "IDENTIFY," when referring to a DOCUMENT, shall include the title or description

12 of the DOCUMENT, the date of the DOCUMENT, and the PERSON presently having custody,

13 control, or possession of the original and ALL copies;

14      f) "IDENTIFY," when used with reference to a statement or COMMUNICATION, shall

15 include, in addition to other information requested in these Interrogatories, the following

16 information: the substance of the statement or COMMUNICATION, the parties to the statement

17 or COMMUNICATION, the witnesses to the statement or communication, the date of the

18 statement or COMMUNICATION, and whether the statement or COMMUNICATION was

19 written (if so, identify the DOCUMENT(S) containing the statement) or oral.

20      12.    The connectives "and" and "or" shall be construed either disjunctively or

21 conjunctively as necessary to bring within the scope of the discovery request ALL responses that

22 might otherwise be construed to be outside of its scope.

23      13.    The use of the singular form of ANY word includes the plural and vice versa.

No. 3:24-cv-06058-TMC
PLAINTIFF'S FIRST SET OF
INTERROGATORIES & REQUESTS FOR     5
PRODUCTION TO STATE **WITH
OBJECTIONS ANSWERS AND
RESPONSES THERETO**

14.     "COMPLAINT," as used herein, means and refers to the Plaintiff, Mozzy Clark's, Complaint for Damages, or any amendment thereof, filed by the Plaintiff in this matter.

15.     "ANSWER," as used herein, means and refers to any answer and/or affirmative defenses that You may have filed in response to Plaintiff's Complaint in this matter, at any time, or any amendment thereof.

16.     The "FACILITY" or "WCCW," as used herein, refers to the Washington Corrections for Women, where Plaintiff was housed as an inmate of the State during all times relevant to her Complaint.

17.     "INMATE WILLIAMS," as used herein, means and refers to Inmate Christopher Williams, the WCCW inmate who is the subject of the allegations in Plaintiff's Complaint.

Dated:  May 1st, 2025.

Robert A. Bouvatte, Jr., WSBA# 50220
*Attorney for Plaintiff*
P.O. Box 14185
Tumwater, WA 98511
Ph: (564) 999-4005
bob@rbouvattepllc.com
rbouvattelaw@gmail.com

No. 3:24-cv-06058-TMC
PLAINTIFF'S FIRST SET OF
INTERROGATORIES & REQUESTS FOR          6
PRODUCTION TO STATE **WITH
OBJECTIONS ANSWERS AND
RESPONSES THERETO**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

## GENERAL OBJECTION

**Defendant State of Washington, Department of Corrections, does not stipulate or agree to the above definitions or rules. All responses herein are provided pursuant to the Federal Rules of Civil Procedure.**

## INTERROGATORIES & REQUESTS FOR PRODUCTION

**INTERROGATORY NO. 1**:    Please Identify and Describe with particularity, in accordance with the foregoing Definitions, the Person or Persons supplying information to answer these Interrogatories and list the specific Interrogatory and subpart for which each individual supplied information upon which Defendant's answer is based. **(For this and all succeeding Interrogatories, please refer to the Procedures & Instructions and Definitions above, for the information that must be included in your answer.)**

**ANSWER: Objection.  This request exceeds the legitimate scope of CR 26 by seeking the identities of persons whom Defendant has contacted for purposes of responding to these requests, which is work product.  *See Board of Education v. Admiral Heating*, 104 F.R.D. 23 (N.D.Ill 1983). Without waiving the forgoing objection, answers to these discovery requests are based upon available records of the Department of Corrections, which were provided by the following individuals:**

**Melissa Johnson**
**Administrative Program Manager**
**Washington Corrections Center for Women**
**9601 Bujacich Rd.**

No. 3:24-cv-06058-TMC
PLAINTIFF'S FIRST SET OF
INTERROGATORIES & REQUESTS FOR          7
PRODUCTION TO STATE **WITH
OBJECTIONS ANSWERS AND
RESPONSES THERETO**

1  **Gig Harbor, WA 98332**

2  **Michelle Duncan**
   **Washington State Department of Corrections**
3  **7345 Linderson Way SW**
   **Tumwater, WA 98501-6504**
4
5  **Ms. Duncan is the Director of PREA Services for the Department of Corrections.**

6

7  **Request for Production No. 1**: Please produce all Documents which are identified in or

8  that evidence, refer, or relate in any way to Your answer to the foregoing Interrogatory No. 1,

9  including, but not limited to CV's, resume's, LinkedIn pages, *etc*.

10  **Answer**: **Objection. This request is overly broad and unduly burdensome and is not**

11  **reasonably calculated to lead to the discovery of admissible evidence. The discovery requests**

12  **are directed to the State of Washington, Department of Corrections. The State and**

13  **Department of Corrections does not maintain CV's, resumes or LinkedIn pages.**
14
15

16  **INTERROGATORY NO. 2:** Please Identify and Describe with particularity, in

17  accordance with the foregoing Definitions, any and all steps taken by You to prevent Inmate

18  Williams from sexually harassing or assaulting the female inmates at WCCW, and Identify and

19  Describe with particularity, in accordance with the foregoing Definitions, all Persons with

20  knowledge of the steps taken by You to prevent Inmate Williams from sexually harassing or

21  assaulting the female inmates at WCCW, including what role each Person played in the process.
22
23  **ANSWER**:  **Objection. This interrogatory is overbroad and unduly burdensome, is**

**compound, and has multiple subparts. In addition, this interrogatory seeks information that**

No. 3:24-cv-06058-TMC
PLAINTIFF'S FIRST SET OF
INTERROGATORIES & REQUESTS FOR          8
PRODUCTION TO STATE **WITH**
**OBJECTIONS ANSWERS AND**
**RESPONSES THERETO**

1    is subject to the physician/patient privilege and protected under RCW 70.02.020(1), RCW

2    42.56.360(2), 42 C.F.R. Part 2, 45 C.F.R. Part 160, 164, RCW 70.96A.150(1)(3), RCW

3    70.24.105(1) and RCW 42.56.050. Inmate Williams' DOC medical and mental health

4    information and records cannot be disclosed without a release from Inmate Williams or a

5    court order.  In addition, this request seeks information that is protected under 28 C.F.R. §

6    115.61(b) and RCW 42.56.240(2).  The information sought may also be protected under the

7    Settlement Agreement filed October 11, 2023 in *Disability Rights Washington v. Washington*

8    *State Department of Corrections, et al.;* USDC Western District No. C23-01553-JCC.

9

10    Without waiving the forgoing objections, Defendant elects to answer this

11    interrogatory by producing its business records pursuant to CR 33(c).  Defendant conducted

12    PREA risk assessments and Housing Protocol Assessments regarding Inmate Williams prior

13    to Inmate Williams' move to WCCW. These documents are identified here (Bates Nos.

14    01320001-8, 01390001-10 and 01400001) but not produced due to the above referenced

15    statutory privacy laws and the absence of any protective order governing these records.

16    Please see these documents and the following documents produced in response to Plaintiff's

17    First Interrogatories and Requests for Production to Defendant in *Clark v. DOC, et al.,* Pierce

18    County Cause No. 24-2-13273-8:

19    

20    DOC 300.380 - Classification and Custody Facility Review Plan (Rev. 10/21/21) (bates nos.
21    01150001-23);

22    DOC 310.150 Reception, Initial Classification, and Custody Facility Plan – 2/2/22-7/17/23
23    (01150024-53);

DOC 420.140 Cell/Room Assignment 12/3/19-2/2/22 (01150054-58);

No. 3:24-cv-06058-TMC
PLAINTIFF'S FIRST SET OF
INTERROGATORIES & REQUESTS FOR          9
PRODUCTION TO STATE **WITH**
**OBJECTIONS ANSWERS AND**
**RESPONSES THERETO**

**DOC 490.700 Transgender, Intersex, and/or Non-Binary Housing and Supervision  2/13/20-3/9/22, 3/9/22-7/17/23 (01150059-82);**

**DOC 490.800 Prison Rape Elimination Act (PREA) Prevention and Reporting 11/20/20-4/19/22, 4/19/22 (01150083-176);**

**DOC 490.820 Prison Rape Elimination Act (PREA) Risk Assessments and Assignments 6/13/19-3/9/22, 3/9/22-4/15/23 (01150177-196);**

**DOC 490.850 Prison Rape Elimination Act (PREA) Response 10/8/20-1/27/22, 1/27/22 (01150197-231);**

**DOC 490.860 Prison Rape Elimination Act (PREA) Investigation 9/29/20-4/19/22, 4/19/22-11/24/22 (01150232-261).**

Please also see the following documents produced with Defendant's First Supplemental Answers to Plaintiff's First Interrogatories and Requests for Production to Defendant in *Clark v. DOC, et al.,* Pierce County Cause No. 24-2-13273-8:

**WCCW OM 310.150 Reception, Initial Classification, and Custody Facility Plan – 5/7/20 (bates nos. 01150262-276);**

**WCCW OM 420.140 Cell/Room Assignment – 10/4/21, 11/30/23 (bates nos. 01150277-290);**

**WCCW OM - 490.700 Transgender, Intersex, and/or Non-Binary Housing and Supervision - 4/24/20, 3/9/22, 7/12/22, 9/10/24 (bates nos. 01150291-342);**

**WCCW OM 490.800 Prison Rape Elimination Act (PREA) Prevention and Reporting – 2/4/20, 12/29/20, 2/28/23 (bates nos. 01150343-418);**

**WCCW Policy Exception Request (490.820) - 9/25/13, WCCW OM  490.820 Prison Rape Elimination Act (PREA) Risk Assessments and Assignments 6/20/19, 11/4/19, 1/16/20 (memo),  2/3/20 (memo), WCCW OM 490.820 – 2/28/23 (bates nos. 01150419-463);**

**WCCW All Staff Memo – 6/24/20,   WCCW OM 490.850 Prison Rape Elimination Act (PREA) Response – 3/22/22 (bates nos. 01150464-481);**

**WCCW OM 490.860 Prison Rape Elimination Act (PREA) Investigation – 11/16/20, 4/19/22, 4/30/23 (bates nos. 01150482-527).**

No. 3:24-cv-06058-TMC
PLAINTIFF'S FIRST SET OF
INTERROGATORIES & REQUESTS FOR          10
PRODUCTION TO STATE **WITH
OBJECTIONS ANSWERS AND
RESPONSES THERETO**

**Request for Production No. 2:** Please produce all Documents which are identified in or that relate in any way to Your answer to the foregoing Interrogatory No. 2.

**Answer:  See objection and answer to Interrogatory No. 2.**

**INTERROGATORY NO. 3:** Please Identify and Describe with particularity, in accordance with the foregoing Definitions, any and all violations, infractions, and complaints Pertaining to Inmate Williams while an inmate at WCCW.

**ANSWER**: **Objection. This interrogatory is vague, ambiguous and overly burdensome. In addition, this interrogatory seeks information that is subject to the physician/patient privilege and protected under RCW 70.02.020(1), RCW 42.56.360(2), 42 C.F.R. Part 2, 45 C.F.R. Part 160, 164, RCW 70.96A.150(1)(3), RCW 70.24.105(1) and RCW 42.56.050. Inmate Williams' DOC medical and mental health information and records cannot be disclosed without a release from Inmate Williams or a court order.  In addition, this request seeks information that is protected under 28 C.F.R. § 115.61(b) and RCW 42.56.240(2).  The information sought may also be protected under the Settlement Agreement filed October 11, 2023 in *Disability Rights Washington v. Washington State Department of Corrections, et al.;* USDC Western District No. C23-01553-JCC.**

**Without waiving the forgoing objections, the following documents may contain violations, infractions and complaints pertaining to Inmate Williams and are identified here but not produced due to the above referenced statutory privacy laws and the absence of any**

No. 3:24-cv-06058-TMC
PLAINTIFF'S FIRST SET OF
INTERROGATORIES & REQUESTS FOR                11
PRODUCTION TO STATE **WITH
OBJECTIONS ANSWERS AND
RESPONSES THERETO**

protective order governing these records:

Williams Central File (bates nos. 01020001-531);

Williams OnBase/OMNI documents (bates nos. 01270001-1507);

Williams' Resolution File (bates nos. 01280001-23);

PREA Investigation 24-23906 (bates nos. 01410001-34);

PREA Investigation 24-24298 (bates nos. 01430001-22);

PREA Investigation 24-24375 (bates nos. 01440001-84).

      In addition, please see the following documents produced in response to Plaintiff's First Interrogatories and Requests for Production to Defendant in *Clark v. DOC, et al.,* Pierce County Cause No. 24-2-13273-8:

PREA Investigation 21-21703 – redacted (bates numbered 01090001-81) with attached privilege log;

Incident Report 01-006-25 – redacted (bates numbered 01040001-2) with attached privilege log;

Incident Report 02-083-22 (bates numbered 01050001).

      Please also see the following documents produced with Defendant's First Supplemental Answers to Plaintiff's First Interrogatories and Requests for Production to Defendant in *Clark v. DOC, et al.,* Pierce County Cause No. 24-2-13273-8:

Incident Report 21-971 – redacted (bates nos. 01060001-6) with attached privilege log;

Incident Report 24-118730 – redacted (bates nos. 01250001-18) with attached privilege log;

PREA Investigation 24-23987 – redacted (bates nos. 01420001-44) with attached privilege log.

No. 3:24-cv-06058-TMC
PLAINTIFF'S FIRST SET OF
INTERROGATORIES & REQUESTS FOR          12
PRODUCTION TO STATE **WITH
OBJECTIONS ANSWERS AND
RESPONSES THERETO**

**Request for Production No. 3:** Please produce all Documents which are identified in or that relate in any way to Your answer to the foregoing Interrogatory No. 3

**Answer:  See objection and response to Interrogatory No. 3.**

**INTERROGATORY NO. 4:**  Please Identify all individuals who You contend have information relating to any of the allegations or defenses in this action and, with respect to each individual, state what information You contend they have relating to any of the allegations or defenses in this action.

**ANSWER: Objection. To the extent this interrogatory calls for attorney work product or attorney-client privileged communications, it is beyond the scope of discovery under CR 26.  To the extent that defendant is aware of individuals having knowledge they are identified below.**

**1.      Lt. Dennis Simons**
**c/o John Nicholson**
**Special Assistant Attorney General**
**711 Capitol Way S., Suite 602**
**Olympia, WA 98501**
**(360) 534-9960**

**Lt. Simons is a defendant in this lawsuit.  He was assigned to investigate Plaintiff's allegations of sexual harassment and has knowledge regarding the investigation.**

**2.      Charlotte Headley**
**Washington Corrections Center for Women**
**9601 Bujacich NW**
**Gig Harbor, WA 98332**
**(253) 858-4200**

No. 3:24-cv-06058-TMC
PLAINTIFF'S FIRST SET OF
INTERROGATORIES & REQUESTS FOR          13
PRODUCTION TO STATE **WITH
OBJECTIONS ANSWERS AND
RESPONSES THERETO**

**Ms. Headly is the Superintendent at Washington Corrections Center for Women (WCCW). She has knowledge of Lt. Simons' investigation into Plaintiff's allegations of sexual harassment.**

**3.    Heidi Whittemore**
**c/o John Nicholson**
**Special Assistant Attorney General**
**711 Capitol Way S., Suite 602**
**Olympia, WA 98501**
**(360) 534-9960**

**Ms. Whittemore is a defendant in this lawsuit. She is a Correctional Unit Supervisor at WCCW. She was a Shift Lieutenant at the time of the allegations in Plaintiff's complaint.**

**4.    Carrie Ann Williams a/k/a Guajardo**
**c/o John Nicholson**
**Special Assistant Attorney General**
**711 Capitol Way S., Suite 602**
**Olympia, WA 98501**
**(360) 534-9960**

**Ms. Guajardo is a defendant in this lawsuit. She was the Medium Security Unit (MSU) Sergeant at the time the allegations contained in Plaintiff's complaint. She was interviewed by Lt. Simons during the investigation into Plaintiff's allegations of sexual harassment.**

**5.    Gregory Brooks**
**c/o Chad Everett Arceneaux**
**Assistant Attorney General**
**Office of the Attorney General**
**1250 Pacific Ave., Suite 105**
**Tacoma, WA 98401**
**(253) 593-5243**

**Officer Brooks is a defendant in this lawsuit. He was interviewed by Lt. Simons during the investigation into Plaintiff's allegations of sexual harassment and has knowledge of Plaintiff's complaints.**

**6.    Theresa Ayotte**
**c/o Chad Everett Arceneaux**
**Assistant Attorney General**

No. 3:24-cv-06058-TMC
PLAINTIFF'S FIRST SET OF
INTERROGATORIES & REQUESTS FOR          14
PRODUCTION TO STATE **WITH**
**OBJECTIONS ANSWERS AND**
**RESPONSES THERETO**

**Office of the Attorney General**
**1250 Pacific Ave., Suite 105**
**Tacoma, WA 98401**
**(253) 593-5243**

**Officer Ayotte is a defendant in this lawsuit.  She was a Corrections Officer at WCCW.**

**7.    Ed Schulze**
**Washington Corrections Center for Women**
**9601 Bujacich NW**
**Gig Harbor, WA 98332**
**(253) 858-4200**

**Mr. Schulze was the Correctional Unit Supervisor at WCCW MSU when Plaintiff's reported her allegations of sexual harassment and was interviewed by Lt. Simons during his investigation.**

**8.    Joshua Benson**
**Washington Corrections Center for Women**
**9601 Bujacich NW**
**Gig Harbor, WA 98332**
**(253) 858-4200**

**Mr. Benson is a Sargent at WCCW.  He received Plaintiff's report of allegations of sexual harassment.**

**9.    Francisco Garcia**
**Washington Corrections Center for Women**
**9601 Bujacich NW**
**Gig Harbor, WA 98332**
**(253) 858-4200**

**Mr. Garcia is a Lieutenant at WCCW.  He submitted an incident report regarding Plaintiff's allegations of sexual hassment.**

**10.    Derrick Roberson**
**Washington Corrections Center for Women**
**9601 Bujacich NW**
**Gig Harbor, WA 98332**
**(253) 858-4200**

No. 3:24-cv-06058-TMC
PLAINTIFF'S FIRST SET OF
INTERROGATORIES & REQUESTS FOR                15
PRODUCTION TO STATE **WITH**
**OBJECTIONS ANSWERS AND**
**RESPONSES THERETO**

**Mr. Roberson was a Unit Sergant in WCCW MSU and was interviewed by Lt. Simons regarding Plaintiff's allegations of sexual harassment.**

**11.    Misty Michalak**
**Department of Corrections**
**PO Box 41100**
**Olympia, WA 98504-1100**

**Ms. Michalak is a Prison Rape Elimination Act (PREA) Compliance Specialist.  She may be called to testify regarding her knowledge of PREA allegations in this case.**

**12.    Gwendalynn Chambers**
**Department of Corrections**
**PO Box 41100**
**Olympia, WA 98504-1100**

**Ms. Chambers interviewed Plaintiff regarding the allegations contained in her tort claim on April 30, 2024.**

**13.    Maria Hall**
**Washington Corrections Center for Women**
**9601 Bujacich NW**
**Gig Harbor, WA 98332**
**(253) 858-4200**

**Ms. Hall is the Associate Superintendent at WCCW and has knowledge of Plaintiff's allegations of sexual harassment and resulting discipline of Incarcerated Individual Williams.**

**14.    Carmen Burns**
**Washington Corrections Center for Women**
**9601 Bujacich NW**
**Gig Harbor, WA 98332**
**(253) 858-4200**

**Ms. Burns is a Corrections Officer at WCCW. She conducted a search of Plaintiff's room in response to Plaintiff's allegations of sexual harassment.**

**15.    Adam Rogers**
**Washington Corrections Center for Women**
**9601 Bujacich NW**
**Gig Harbor, WA 98332**

No. 3:24-cv-06058-TMC
PLAINTIFF'S FIRST SET OF
INTERROGATORIES & REQUESTS FOR                16
PRODUCTION TO STATE **WITH**
**OBJECTIONS ANSWERS AND**
**RESPONSES THERETO**

(253) 858-4200

Mr. Burns is a Corrections Officer at WCCW. He conducted a search of Plaintiff's room in response to Plaintiff's allegations of sexual harassment.

16.    **Ryan Rieck**
       **Washington Corrections Center for Women**
       **9601 Bujacich NW**
       **Gig Harbor, WA 98332**
       **(253) 858-4200**
       **Ryan Rieck is a Hearings Office for the Department of Corrections who issued findings related to Incarcerated Individual Williams' disciplinary appeal.**

17.    **Christopher Williams a/k/a Christine Williams**
       **Washington Corrections Center for Women**
       **9601 Bujacich NW**
       **Gig Harbor, WA 98332**
       **(253) 858-4200**

       Incarcerated Individual Williams is the subject of Plaintiff's allegations of sexual harassment.

18.    **Anastasia Adams**
       **Washington Corrections Center for Women**
       **9601 Bujacich NW**
       **Gig Harbor, WA 98332**
       **(253) 858-4200**

       Ms. Adams completed an incident report regarding Incarcerated Individual Williams relating to the search of her room.

19.    **Incarcerated Individual Ashley (last name unknown)**
       **Washington Corrections Center for Women**
       **9601 Bujacich NW**
       **Gig Harbor, WA 98332**
       **(253) 858-4200**

       Incarcerated Individual Williams referenced an individual named "Ashley" in her written statement regarding Plaintiff's allegations of sexual harassment.

20.    **Incarcerated Individual Finesse (last name unknown)**
       **Washington Corrections Center for Women**

No. 3:24-cv-06058-TMC
PLAINTIFF'S FIRST SET OF
INTERROGATORIES & REQUESTS FOR          17
PRODUCTION TO STATE **WITH
OBJECTIONS ANSWERS AND
RESPONSES THERETO**

1

**9601 Bujacich NW**
**Gig Harbor, WA 98332**
**(253) 858-4200**

2

3

      **Incarcerated Individual Williams referenced an individual named "Finesse" in her written statement regarding Plaintiff's allegations of sexual harassment.**

4

5

**21.   R. Stewart, MA**
**Washington Corrections Center for Women**

6

**9601 Bujacich NW**
**Gig Harbor, WA 98332**

7

**(253) 858-4200**

8

      **R. Stewart is a Psychology Associate at WCCW and provided treatment to Plaintiff while she was incarcerated at WCCW.**

9

10

**22.   George Jackson, MD**
**Washington Corrections Center for Women**

11

**9601 Bujacich NW**
**Gig Harbor, WA 98332**

12

**(253) 858-4200**

13

      **Dr. Jackson is a Psychiatrist  and provided treatment to Plaintiff while she was incarcerated at WCCW.**

14

15

**23.   Dr. M. Turansky**
**Washington Corrections Center for Women**

16

**9601 Bujacich NW**

17

**Gig Harbor, WA 98332**
**(253) 858-4200**

18

      **Dr. Turansky is a Psychologist and provided treatment to Plaintiff while she was incarcerated at WCCW.**

19

20

**24.   Rachel Simmons, MA**
**Washington Corrections Center for Women**

21

**9601 Bujacich NW**

22

**Gig Harbor, WA 98332**
**(253) 858-4200**

23

      **Ms. Simmons is a Psychology Associate at WCCW and provided treatment to Plaintiff while she was incarcerated at WCCW.**

No. 3:24-cv-06058-TMC
PLAINTIFF'S FIRST SET OF
INTERROGATORIES & REQUESTS FOR     18
PRODUCTION TO STATE **WITH
OBJECTIONS ANSWERS AND
RESPONSES THERETO**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

**25.    Kimberly A. Dickens**
**Washington Corrections Center for Women**
**9601 Bujacich NW**
**Gig Harbor, WA 98332**
**(253) 858-4200**

    **Ms. Dickens is a PSW 3 at WCCW and provided treatment to Plaintiff while she was incarcerated at WCCW.**

**26.    Stephen Baltz, ARNP**
**Washington Corrections Center for Women**
**9601 Bujacich NW**
**Gig Harbor, WA 98332**
**(253) 858-4200**

    **Mr. Baltz is a PSW 3 at WCCW and provided treatment to Plaintiff while she was incarcerated at WCCW.**

**27.    K. Davis, Psy.D.**
**Washington Corrections Center for Women**
**9601 Bujacich NW**
**Gig Harbor, WA 98332**
**(253) 858-4200**

    **Dr. Davis is a Psychology Associate at WCCW and provided treatment to Plaintiff while she was incarcerated at WCCW.**

**28.    B. Fischer, MA, LMFT**
**Washington Corrections Center for Women**
**9601 Bujacich NW**
**Gig Harbor, WA 98332**
**(253) 858-4200**

    **B. Fischer is a Psychology Associate at WCCW and provided treatment to Plaintiff while she was incarcerated at WCCW.**

**29.    K. Andersson, MA, CDP**
**Washington Corrections Center for Women**
**9601 Bujacich NW**
**Gig Harbor, WA 98332**
**(253) 858-4200**

No. 3:24-cv-06058-TMC
PLAINTIFF'S FIRST SET OF
INTERROGATORIES & REQUESTS FOR                    19
PRODUCTION TO STATE **WITH
OBJECTIONS ANSWERS AND
RESPONSES THERETO**

K. Andersson is a Psychology Associate and conducted a mental health screening of Plaintiff while she was incarcerated at WCCW.

30.    **B. Tidwell**
       **Washington Corrections Center for Women**
       **9601 Bujacich NW**
       **Gig Harbor, WA 98332**
       **(253) 858-4200**

B. Tidwell was a Practicum Student conducted a mental health screening of Plaintiff while she was incarcerated at WCCW.

31.    **L. Brodie, Psy.D.**
       **Washington Corrections Center for Women**
       **9601 Bujacich NW**
       **Gig Harbor, WA 98332**
       **(253) 858-4200**

Dr. Brodie is a Psychologist 4 at WCCW and provided treatment to Plaintiff while she was incarcerated at WCCW.

32.    **Amber Harrison**
       **Washington Corrections Center for Women**
       **9601 Bujacich NW**
       **Gig Harbor, WA 98332**
       **(253) 858-4200**

Ms. Harrison is a Classification Counselor 2 and was Plaintiff's assigned counselor at WCCW from June 2021 through May 2022 and March through May 2024.

33.    **B. Park, MD, MA**
       **Washington Corrections Center for Women**
       **9601 Bujacich NW**
       **Gig Harbor, WA 98332**
       **(253) 858-4200**

Dr. Park is a Psychiatirst 4 at WCCW and provided treatment to Plaintiff while she was incarcerated at WCCW.

34.    **Lauren Barber**
       **Washington Corrections Center for Women**

No. 3:24-cv-06058-TMC
PLAINTIFF'S FIRST SET OF
INTERROGATORIES & REQUESTS FOR          20
PRODUCTION TO STATE **WITH
OBJECTIONS ANSWERS AND
RESPONSES THERETO**

9601 Bujacich NW
Gig Harbor, WA 98332
(253) 858-4200

Ms. Barber is an ARNP at WCCW and provided treatment to Plaintiff while she was incarcerated at WCCW.

**35.    Liliana Simmons, ARNP-BC**
**Washington Corrections Center for Women**
**9601 Bujacich NW**
**Gig Harbor, WA 98332**
**(253) 858-4200**

Ms. Simmons is an ARNP at WCCW and provided treatment to Plaintiff while she was incarcerated at WCCW.

**36.    Kathryn Hall, MD**
**Washington Corrections Center for Women**
**9601 Bujacich NW**
**Gig Harbor, WA 98332**
**(253) 858-4200**

Dr. Hall is a Psychiatrist at WCCW and provided treatment to Plaintiff while she was incarcerated at WCCW.

**37.    YunYun Lu, ARNP**
**Washington Corrections Center for Women**
**9601 Bujacich NW**
**Gig Harbor, WA 98332**
**(253) 858-4200**

Dr. Hall is a Psychiatrist at WCCW and provided treatment to Plaintiff while she was incarcerated at WCCW.

**38.    C. Thompson, MA**
**Washington Corrections Center for Women**
**9601 Bujacich NW**
**Gig Harbor, WA 98332**
**(253) 858-4200**

C. Thompson is a Psychiatric Associate at WCCW and provided treatment to Plaintiff while she was incarcerated at WCCW.

No. 3:24-cv-06058-TMC
PLAINTIFF'S FIRST SET OF
INTERROGATORIES & REQUESTS FOR                21
PRODUCTION TO STATE **WITH**
**OBJECTIONS ANSWERS AND**
**RESPONSES THERETO**

**39.**     **Brooke Bova**
**Washington State Patrol**
**210 11th Ave SE**
**PO Box 42600**
**Olympia, Washington 98501**
**(360) 596-4000**

        **Ms. Bova is a Detective in the Criminal Investigations Division of the Washington State Patrol.  She is investigating Plaintiff's claims regarding Inmate Williams.**

        <u>**Request for Production No. 4**</u>: Please produce all Documents which are identified in or that evidence, refer, or relate in any way to Your answer to the foregoing Interrogatory No. 4.

        <u>**Answer**</u>:  **Objection. This interrogatory is vague, ambiguous, overbroad, and unduly burdensome. Defendant is unaware of what documents Plaintiff believes may relate to the individuals identified in response to Interrogatory No. 4. Without waiving the forgoing objections, please see documents produced in response to Plaintiff's First Interrogatories and Requests for Production to Defendant in *Clark v. DOC, et al.,* Pierce County Cause No. 24-2-13273-8.**

        <u>**INTERROGATORY NO. 5**</u>:  Are You aware of any written and/or recorded statements made by any witness to the facts or circumstances alleged in Plaintiff's Complaint or Your Answer, or by any party to the lawsuit?  If so, for each statement, please:

                (a)     Identify the Person making the statement;
                (b)     Identify the Person taking the statement;
                (c)     State the date on which the statement was taken or given;
                (d)     State the form of the statement (*e.g.*, written, recorded, transcribed, etc.); and

No. 3:24-cv-06058-TMC
PLAINTIFF'S FIRST SET OF
INTERROGATORIES & REQUESTS FOR          22
PRODUCTION TO STATE **WITH
OBJECTIONS ANSWERS AND
RESPONSES THERETO**

(e)     Identify the present custodian of each statement.

**ANSWER: Objection.  This interrogatory seeks information that may be protected by work product and is not discoverable.**

**Without waiving objection, Defendant elects to answer this interrogatory by producing its business records pursuant to CR 33(c).  Please see the following documents produced in response to Plaintiff's First Interrogatories and Requests for Production to Defendant in *Clark v. DOC, et al.*, Pierce County Cause No. 24-2-13273-8:**

**PREA Investigation 21-21703 – redacted (bates numbered 01090001-81) with attached privilege log;**

**Incident Report 01-006-25 – redacted (bates numbered 01040001-2) with attached privilege log;**

**Incident Report 02-083-22 (bates numbered 01050001).**

**Please also see the following documents produced with Defendant's First Supplemental Answers to Plaintiff's First Interrogatories and Requests for Production to Defendant in *Clark v. DOC, et al.*, Pierce County Cause No. 24-2-13273-8:**

**Incident Report 21-971 – redacted (bates nos. 01060001-6) with attached privilege log;**

**Incident Report 24-118730 – redacted (bates nos. 01250001-18) with attached privilege log;**

**PREA Investigation 24-23987 – redacted (bates nos. 01420001-44) with attached privilege log.**

**Request for Production No. 5**: Please produce all Documents which are identified in or

No. 3:24-cv-06058-TMC
PLAINTIFF'S FIRST SET OF
INTERROGATORIES & REQUESTS FOR          23
PRODUCTION TO STATE **WITH
OBJECTIONS ANSWERS AND
RESPONSES THERETO**

1    that evidence, refer, or relate in any way to Your answer to the foregoing Interrogatory No. 5.

2        **Answer**:  **See objection and answer to Interrogatory No. 5.**

3

4        **INTERROGATORY NO. 6**:  List any and all photographs, audio recordings, video

5    recordings, motion pictures, videos, slides, drawings, diagrams, maps, or other graphic or

6    electronic representations depicting any of the facts or circumstances alleged in Plaintiff's

7    Complaint or Your Answer, the Person(s) involved, and any corresponding damages or injuries as

8    alleged herein.  For each such item Identify the custodian of the item, the date it was created, and

9
10   who created the item.

11       **ANSWER:  Objection.  This interrogatory is vague, ambiguous, overly broad and**

12   **unduly burdensome. In addition, the interrogatory is improper as to form as it assumes**

13   **Plaintiff suffered damages or injuries, which Defendant denies.**

14

15       **Without waiving objection, Defendant elects to answer this interrogatory by**

16   **producing its business records pursuant to CR 33(c).  Please see the following documents**

17   **produced in response to Plaintiff's First Interrogatories and Requests for Production to**

18   **Defendant in *Clark v. DOC, et al.*, Pierce County Cause No. 24-2-13273-8:**

19   **PREA Investigation 21-21703 – redacted (bates numbered 01090001-81) with attached**
     **privilege log;**
20
     **Incident Report 01-006-25 – redacted (bates numbered 01040001-2) with attached privilege**
21   **log;**

22   **Incident Report 02-083-22 (bates numbered 01050001).**

23       **Please also see the following documents produced with Defendant's First**

     **Supplemental Answers to Plaintiff's First Interrogatories and Requests for Production to**

No. 3:24-cv-06058-TMC
PLAINTIFF'S FIRST SET OF
INTERROGATORIES & REQUESTS FOR                24
PRODUCTION TO STATE **WITH**
**OBJECTIONS ANSWERS AND**
**RESPONSES THERETO**

**Defendant in *Clark v. DOC, et al.*, Pierce County Cause No. 24-2-13273-8:**

**Incident Report 21-971 – redacted (bates nos. 01060001-6) with attached privilege log;**

**Incident Report 24-118730 – redacted (bates nos. 01250001-18) with attached privilege log**

**PREA Investigation 24-23987 – redacted (bates nos. 01420001-44) with attached privilege log.**

**Request for Production No. 6**: Please produce all Documents which are identified in or that evidence, refer, or relate in any way to Your answer to the foregoing Interrogatory No. 6.

**Answer**: **See objection and answer to Interrogatory No. 6.**

**INTERROGATORY NO. 7**: Please Identify and Describe with particularity, in accordance with the foregoing Definitions, every Communication between You and the Plaintiff (including, but not limited to emails, text messages, telephone calls, videoconferences, and other forms of electronic Communication), Relating to Plaintiff's allegations or Defendants' defenses in this matter, including, but not limited to those pertaining to Plaintiff's incarceration at the Facility, and pertaining to Inmate Williams, stating the approximate length and describing in detail the substance of each such Communication, the purpose of the Communication, and stating whether such Communication was written or oral.

**ANSWER:  Objection.  This interrogatory is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving**

No. 3:24-cv-06058-TMC
PLAINTIFF'S FIRST SET OF
INTERROGATORIES & REQUESTS FOR                25
PRODUCTION TO STATE **WITH
OBJECTIONS ANSWERS AND
RESPONSES THERETO**

1  **the forging objections, Defendant is providing known communications between its**
2  **employees and Plaintiff relating to the subject matter of this lawsuit by producing its**
3  **business records pursuant to CR 33(c).  Please see the following documents produced in**
4  **response to Plaintiff's First Interrogatories and Requests for Production to Defendant in**
5  ***Clark v. DOC, et al.,* Pierce County Cause No. 24-2-13273-8:**

6  **Clark Chronos (5/7/21 - 6/21/21) (bates numbered 01070001-4);**

7  **Clark Chronos (11/24/03 – 1/9/25) (bates numbered 01070005-131);**

8  **PREA Investigation 21-21703 – redacted (bates numbered 01090001-81) with attached**
9  **privilege log;**

10  **Clark Kiosk Messages (bates numbered 01190001-119).**

11

12      <u>**Request for Production No. 7**</u>: Please produce all Documents which are identified in or
13  that relate in any way to Your answer to the foregoing Interrogatory No. 7.

14      <u>**Answer**</u>: **See objection and answer to Interrogatory No. 7.**

15

16

17      <u>**INTERROGATORY NO. 8:**</u> Please Identify and Describe with particularity, in
18  accordance with the foregoing Definitions, all of Your internal Documents and/or
19  Communications Relating to or referring to the Plaintiff or her incarceration at the Facility that are
20  relevant to Plaintiff's allegations or Defendants' defenses in this matter, during the time period
21  from January 1, 2020, through the present date (including, but not limited to emails, text messages,
22  telephone calls, videoconferences, and other forms of electronic Communication), stating the
23  approximate length and describing in detail the substance of each such Communication, the

No. 3:24-cv-06058-TMC
PLAINTIFF'S FIRST SET OF
INTERROGATORIES & REQUESTS FOR     26
PRODUCTION TO STATE **WITH**
**OBJECTIONS ANSWERS AND**
**RESPONSES THERETO**

purpose of the Communication, and whether such Communication was written or oral.

**ANSWER**: **Objection.  This interrogatory is vague and ambiguous insofar as Defendant does not know what documents Plaintiff believes may be "relevant" to Plaintiff's allegations or Defendant's defenses. Defendant further objects that this interrogatory is overbroad and unduly burdensome. This interrogatory also calls for the mental impressions and legal theories of defense counsel, which is work product and not discoverable.  Without waiving the forgoing objections, Defendant elects to answer this interrogatory by producing its business records pursuant to CR 33(c).  Please see the following documents produced in response to Plaintiff's First Interrogatories and Requests for Production to Defendant in *Clark v. DOC, et al.,* Pierce County Cause No. 24-2-13273-8:**

**PREA Investigation 21-21703 – redacted (bates numbered 01090001-81) with attached privilege log;**

**Incident Report 01-006-25 – redacted (bates numbered 01040001-2) with attached privilege log;**

**Incident Report 02-083-22 (bates numbered 01050001).**

**Please also see the following documents produced with Defendant's First Supplemental Answers to Plaintiff's First Interrogatories and Requests for Production to Defendant in *Clark v. DOC, et al.,* Pierce County Cause No. 24-2-13273-8:**

**Incident Report 21-971 – redacted (bates nos. 01060001-6) with attached privilege log;**

**Incident Report 24-118730 – redacted (bates nos. 01250001-18) with attached privilege log;**

**PREA Investigation 24-23987 – redacted (bates nos. 01420001-44) with attached privilege log.**

No. 3:24-cv-06058-TMC
PLAINTIFF'S FIRST SET OF
INTERROGATORIES & REQUESTS FOR                    27
PRODUCTION TO STATE **WITH
OBJECTIONS ANSWERS AND
RESPONSES THERETO**

**Request for Production No. 8:** Please produce all Documents which are identified in or that relate in any way to Your answer to the foregoing Interrogatory No. 8, including, but not limited to all Communications You had concerning the referenced subject matter with any employee(s) of the Department of Corrections, as well as any Communications concerning the referenced subject matter You had with any individual listed in the Initial Rule 26(a)(1)(A) Disclosures or any other witness list(s) served by any party to this action, and all Documents reflecting same, including telephone records, electronic mail messages, voicemail messages or text messages, records of videoconferences, meeting minutes, personal notes, and/or other Documents reflecting such Communications.

**Answer: See objection and response to Interrogatory No. 8.**

**INTERROGATORY NO. 9:** Please Identify and Describe with particularity, in accordance with the foregoing Definitions, all of Your internal Documents and/or Communications Relating to or referring to Inmate Williams, or to Inmate Williams' incarceration at the Facility that are relevant to Plaintiff's allegations or Defendants' defenses in this matter, during the time period from January 1, 2020, through the present date (including, but not limited to emails, text messages, telephone calls, videoconferences, and other forms of electronic Communication), stating the approximate length and describing in detail the substance of each such Communication, the purpose of the Communication, and whether such Communication was written or oral.

No. 3:24-cv-06058-TMC
PLAINTIFF'S FIRST SET OF
INTERROGATORIES & REQUESTS FOR                28
PRODUCTION TO STATE **WITH
OBJECTIONS ANSWERS AND
RESPONSES THERETO**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

**ANSWER**: **Objection. This interrogatory is vague and ambiguous insofar as Defendant does not know what documents or communications Plaintiff believes may be "relevant" to Plaintiff's allegations or Defendant's defenses. Defendant further objects that this interrogatory is overbroad and unduly burdensome. Defendant further objects that this interrogatory is compound and has multiple subparts. This interrogatory is overbroad and unduly burdensome, is compound, and has multiple subparts.**

**In addition, this interrogatory seeks information that is subject to the physician/patient privilege and protected under RCW 70.02.020(1), RCW 42.56.360(2), 42 C.F.R. Part 2, 45 C.F.R. Part 160, 164, RCW 70.96A.150(1)(3), RCW 70.24.105(1) and RCW 42.56.050. Inmate Williams' DOC medical and mental health information and records cannot be disclosed without a release from Inmate Williams or a court order. In addition, this request seeks information that is protected under 28 C.F.R. § 115.61(b) and RCW 42.56.240(2). The information sought may also be protected under the Settlement Agreement filed October 11, 2023 in *Disability Rights Washington v. Washington State Department of Corrections, et al.;* USDC Western District No. C23-01553-JCC.**

**Without waiving the foregoing objections, Defendant elects to answer the portion of this interrogatory seeking known relevant internal documents and communications about Plaintiff's allegations by producing its business records pursuant to CR 33(c). Please see the following documents produced in response to Plaintiff's First Interrogatories and Requests for Production to Defendant in Clark v. DOC, et al., Pierce County Cause No. 24-2-13273-8:**

**PREA Investigation 21-21703 – redacted (bates numbered 01090001-81) with attached privilege log;**

No. 3:24-cv-06058-TMC
PLAINTIFF'S FIRST SET OF
INTERROGATORIES & REQUESTS FOR            29
PRODUCTION TO STATE **WITH
OBJECTIONS ANSWERS AND
RESPONSES THERETO**

**Incident Report 01-006-25 – redacted (bates numbered 01040001-2) with attached privilege log;**

**Incident Report 02-083-22 (bates numbered 01050001).**

**Please also see the following documents produced with Defendant's First Supplemental Answers to Plaintiff's First Interrogatories and Requests for Production to Defendant in *Clark v. DOC, et al.,* Pierce County Cause No. 24-2-13273-8:**

**Incident Report 21-971 – redacted (bates nos. 01060001-6) with attached privilege log;**

**Incident Report 24-118730 – redacted (bates nos. 01250001-18) with attached privilege log;**

**PREA Investigation 24-23987 – redacted (bates nos. 01420001-44) with attached privilege log.**

**Request for Production No. 9:** Please produce all Documents which are identified in or that relate in any way to Your answer to the foregoing Interrogatory No. 9, including, but not limited to all Communications You had concerning the referenced subject matter with any employee(s) of the Department of Corrections, and all Documents reflecting same, including telephone records, electronic mail messages, voicemail messages or text messages, records of videoconferences, meeting minutes, personal notes, and/or other Documents reflecting such Communications.

**Answer:  See objection and answer to Interrogatory No. 9.**

**INTERROGATORY NO. 10:** Please Identify and Describe with particularity, in accordance with the foregoing Definitions, all of Your internal Documents and/or

No. 3:24-cv-06058-TMC
PLAINTIFF'S FIRST SET OF
INTERROGATORIES & REQUESTS FOR                30
PRODUCTION TO STATE **WITH
OBJECTIONS ANSWERS AND
RESPONSES THERETO**

1   Communications relating to Plaintiffs' complaint(s) and/or report(s) that she was being sexually

2   harassed and/or assaulted by Inmate Williams, who was incarcerated at the Facility during the

3   identified time period, or relating to Inmate Williams' incarceration at the Facility that are relevant

4   to Plaintiff's allegations or Defendants' defenses in this matter, during the time period from

5   January 1, 2020, through the present date (including, but not limited to emails, text messages,

6   telephone calls, videoconferences, and other forms of electronic Communication), stating the

7   approximate length and describing in detail the substance of each such Communication, the

8   purpose of the Communication, and whether such Communication was written or oral.

9

10   **ANSWER**: **Objection. This interrogatory is vague and ambiguous insofar as**

11   **Defendant does not know what documents or communications Plaintiff believes may**

12   **be "relevant" to Plaintiff's allegations or Defendant's defenses. Defendant further**

13   **objects that this interrogatory is overbroad and unduly burdensome. Defendant**

14   **further objects that this interrogatory is compound and has multiple subparts.**

15

16   **Without waiving the foregoing objections, Defendant elects to answer this**

17   **interrogatory by producing its business records pursuant to CR 33(c).  Please see the**

18   **following documents produced in response to Plaintiff's First Interrogatories and**

19   **Requests for Production to Defendant in *Clark v. DOC, et al.,* Pierce County Cause**

20   **No. 24-2-13273-8:**

21

22   **PREA Investigation 21-21703 – redacted (bates numbered 01090001-81) with attached**

23   **privilege log;**

**Incident Report 01-006-25 – redacted (bates numbered 01040001-2) with attached privilege**

No. 3:24-cv-06058-TMC
PLAINTIFF'S FIRST SET OF
INTERROGATORIES & REQUESTS FOR          31
PRODUCTION TO STATE **WITH**
**OBJECTIONS ANSWERS AND**
**RESPONSES THERETO**

1  log;

2  **Incident Report 02-083-22 (bates numbered 01050001).**

3    **Please also see the following documents produced with Defendant's First**

4  **Supplemental Answers to Plaintiff's First Interrogatories and Requests for Production to**

5  **Defendant in *Clark v. DOC, et al.*, Pierce County Cause No. 24-2-13273-8:**

6  **Incident Report 21-971 – redacted (bates nos. 01060001-6) with attached privilege log;**

7  **Incident Report 24-118730 – redacted (bates nos. 01250001-18) with attached privilege log;**

8  **PREA Investigation 24-23987 – redacted (bates nos. 01420001-44) with attached privilege**

9  **log.**

10

11    <u>**Request for Production No. 10**</u>**:** Please produce all Documents which are identified in or

12  that relate in any way to Your answer to the foregoing Interrogatory No. 10, including, but not

13  limited to all Communications You had concerning the referenced subject matter with any

14  employee(s) of the Department of Corrections, and all Documents reflecting same, including

15  telephone records, electronic mail messages, voicemail messages or text messages, records of

16  videoconferences, meeting minutes, personal notes, and/or other Documents reflecting such

17  Communications.

18

19    <u>**Answer:**</u> **See objection and response to Interrogatory No. 10.**

20

21    <u>**INTERROGATORY NO. 11:**</u> Were You aware of Inmate Williams' history of sexual

22  offenses, allegations, or complaints at the time that You determined to place Inmate Williams in a

23  cell with Plaintiff? If Your answer to this Interrogatory No. 11 is anything other than an unqualified

No. 3:24-cv-06058-TMC
PLAINTIFF'S FIRST SET OF
INTERROGATORIES & REQUESTS FOR  32
PRODUCTION TO STATE **WITH
OBJECTIONS ANSWERS AND
RESPONSES THERETO**

"No," please Identify and Describe with particularity, in accordance with the foregoing Definitions, all knowledge You had of the foregoing subject matter, and Identify Your internal Documents and/or Communications relating to or referring to that subject matter, during the time period from January 1, 2020, through the present date (including, but not limited to emails, text messages, telephone calls, videoconferences, and other forms of electronic Communication), stating the approximate length and describing in detail the substance of each such Communication, the purpose of the Communication, and whether such Communication was written or oral.

**ANSWER**: **Objection. This interrogatory is vague and ambiguous with respect to the phrase "Inmate Williams' history of sexual offenses." Defendant further objects that this interrogatory is overbroad and unduly burdensome, is compound, and has multiple subparts. In addition, this interrogatory seeks information that is subject to the physician/patient privilege and protected under RCW 70.02.020(1), RCW 42.56.360(2), 42 C.F.R. Part 2, 45 C.F.R. Part 160, 164, RCW 70.96A.150(1)(3), RCW 70.24.105(1) and RCW 42.56.050. Inmate Williams' DOC medical and mental health information and records cannot be disclosed without a release from Inmate Williams or a court order. In addition, this request seeks information that is protected under 28 C.F.R. § 115.61(b) and RCW 42.56.240(2). The information sought may also be protected under the Settlement Agreement filed October 11, 2023 in *Disability Rights Washington v. Washington State Department of Corrections, et al.;* USDC Western District No. C23-01553-JCC.**

**Without waiving the forgoing objections, Defendant State of Washington Department of Corrections, as an agency, had information regarding Inmate Williams' criminal history**

No. 3:24-cv-06058-TMC
PLAINTIFF'S FIRST SET OF
INTERROGATORIES & REQUESTS FOR          33
PRODUCTION TO STATE **WITH
OBJECTIONS ANSWERS AND
RESPONSES THERETO**

1  **to the extent that it is reflected in Inmate Williams' DOC central file, which is identified here**

2  **(Bates Nos. 01020001-510) but not produced due to the above referenced statutory privacy**

3  **laws and the absence of any protective order governing these records.**

4

5  **Request for Production No. 11:** Please produce all Documents which are identified in or

6  that relate in any way to Your answer to the foregoing Interrogatory No. 11, including, but not

7  limited to all Communications You had concerning the referenced subject matter with any

8  employee(s) of the Department of Corrections, and all Documents reflecting same, including

9  telephone records, electronic mail messages, voicemail messages or text messages, records of

10  videoconferences, meeting minutes, personal notes, and/or other Documents reflecting such

11  Communications.

12

13  **Answer:  See objection and answer to Interrogatory No. 11.**

14

15

16  **INTERROGATORY NO. 12:** Is it correct that You have determined to place Inmate

17  Williams in a cell away from biologically female inmates at the Facility, following the

18  circumstances alleged in Plaintiff's Complaint, but previously placed Inmate Williams in cells

19  with biological women? Please Identify and Describe with particularity, in accordance with the

20  foregoing Definitions, all of Your internal Documents and/or Communications relating to or

21  referring to the aforementioned subject matter, during the time period from January 1, 2020,

22  through the present date (including, but not limited to emails, text messages, telephone calls,

23  videoconferences, and other forms of electronic Communication), stating the approximate length

No. 3:24-cv-06058-TMC
PLAINTIFF'S FIRST SET OF
INTERROGATORIES & REQUESTS FOR                34
PRODUCTION TO STATE **WITH
OBJECTIONS ANSWERS AND
RESPONSES THERETO**

1    and describing in detail the substance of each such Communication, the purpose of the

2    Communication, and whether such Communication was written or oral.

3         **ANSWER:  Objection.  This interrogatory is overbroad and unduly burdensome.**

4    **Defendant further objects that this interrogatory is compound and has multiple subparts. In**

5    **addition, this interrogatory seeks information that is protected under RCW 70.02.020(1),**

6    **RCW 42.56.360(2), 42 C.F.R. Part 2, 45 C.F.R. Part 160, 164, RCW 70.96A.150(1)(3), RCW**

7    **70.24.105(1) and RCW 42.56.050. Inmate Williams' DOC medical and mental health**

8    **information and records cannot be disclosed without a release or a court order.  In addition,**

9    **this request seeks information that is protected under 28 C.F.R. § 115.61(b) and RCW**

10   **42.56.240(2). Additionally, the information sought may be protected under the Settlement**

11   **Agreement filed October 11, 2023 in *Disability Rights Washington v. Washington State***

12   ***Department of Corrections, et al.*; USDC Western District No. C23-01553-JCC.**

13

14        **Without waiving the forgoing objection, Inmate Williams was housed in a cell at the**

15   **Washington Corrections Center for Women with Plaintiff but was removed from Plaintiff's**

16   **cell after she lodged a PREA complaint against Inmate Williams.  Defendant elects to answer**

17   **this interrogatory by producing its business records pursuant to CR 33(c).  Please see the**

18   **following documents produced in response to Plaintiff's First Interrogatories and Requests**

19   **for Production to Defendant in *Clark v. DOC, et al.*, Pierce County Cause No. 24-2-13273-8:**

20

21   **PREA Investigation 21-21703 – redacted (bates numbered 01090001-81) with attached**

22   **privilege log;**

23   **Incident Report 01-006-25 – redacted (bates numbered 01040001-2) with attached privilege**
     **log;**

No. 3:24-cv-06058-TMC
PLAINTIFF'S FIRST SET OF
INTERROGATORIES & REQUESTS FOR          35
PRODUCTION TO STATE **WITH**
**OBJECTIONS ANSWERS AND**
**RESPONSES THERETO**

1    **Incident Report 02-083-22 (bates numbered 01050001).**

2    **Please also see the following documents produced with Defendant's First**

3    **Supplemental Answers to Plaintiff's First Interrogatories and Requests for Production to**

4    **Defendant in *Clark v. DOC, et al.*, Pierce County Cause No. 24-2-13273-8:**

5    **Incident Report 21-971 – redacted (bates nos. 01060001-6) with attached privilege log;**

6
     **Incident Report 24-118730 – redacted (bates nos. 01250001-18) with attached privilege log;**
7
     **PREA Investigation 24-23987 – redacted (bates nos. 01420001-44) with attached privilege**
8    **log.**

9

10   **Request for Production No. 12:** Please produce all Documents which are identified in or

11   that relate in any way to Your answer to the foregoing Interrogatory No. 12, including, but not
12
     limited to all Communications You had concerning the referenced subject matter with any
13
14   employee(s) of the Department of Corrections, and all Documents reflecting same, including

15   telephone records, electronic mail messages, voicemail messages or text messages, records of

16   videoconferences, meeting minutes, personal notes, and/or other Documents reflecting such

17   Communications.

18
     **Answer: See objections and answer to Interrogatory No. 12.**
19

20

21   **INTERROGATORY NO. 13:** Is it correct that You have determined to transfer Plaintiff

22   to a correctional facility in the State of Oregon, following the circumstances alleged in Plaintiff's
23
     Complaint? Please Identify and Describe with particularity, in accordance with the foregoing

No. 3:24-cv-06058-TMC
PLAINTIFF'S FIRST SET OF
INTERROGATORIES & REQUESTS FOR          36
PRODUCTION TO STATE **WITH**
**OBJECTIONS ANSWERS AND**
**RESPONSES THERETO**

1    Definitions, all of Your internal Documents and/or Communications relating to or referring to the

2    aforementioned subject matter, during the time period from January 1, 2022, through the present

3    date (including, but not limited to emails, text messages, telephone calls, videoconferences, and

4    other forms of electronic Communication), stating the approximate length and describing in detail

5    the substance of each such Communication, the purpose of the Communication, and whether such

6    Communication was written or oral.

7    **ANSWER:  Objection.  This interrogatory is overbroad and unduly burdensome.**

8    **Defendant further objects that this interrogatory is compound and has multiple subparts.**

9

10   **Without waiving the foregoing objections, no. To the extent this interrogatory**

11   **seeks information about Plaintiff's incarceration with the Washington State**

12   **Department of Corrections, Defendant elects to answer this interrogatory by**

13   **producing its business records pursuant to CR 33(c).  Please see the following documents**

14   **produced in response to Plaintiff's First Interrogatories and Requests for Production to**

15   **Defendant in *Clark v. DOC, et al.*, Pierce County Cause No. 24-2-13273-8:**

16

17   **Clark Central File – redacted (bates numbered 01010001-632) with attached privilege log;**

18   **Clark Chronos (5/7/21 - 6/21/21) (bates numbered 01070001-4);**

19   **Clark Chronos (11/24/03 – 1/9/25) (bates numbered 01070005-131).**

20

21   **Please also see the following documents produced with Defendant's First**

22   **Supplemental Answers to Plaintiff's First Interrogatories and Requests for Production to**

23   **Defendant in *Clark v. DOC, et al.*, Pierce County Cause No. 24-2-13273-8:**

     **Incident Report 21-971 – redacted (bates nos. 01060001-6) with attached privilege log;**

No. 3:24-cv-06058-TMC
PLAINTIFF'S FIRST SET OF
INTERROGATORIES & REQUESTS FOR                37
PRODUCTION TO STATE **WITH
OBJECTIONS ANSWERS AND
RESPONSES THERETO**

**Incident Report 24-118730 – redacted (bates nos. 01250001-18) with attached privilege log;**

**Clark Field File – redacted (bates nos. 01120001-423) with attached privilege log.**

**Request for Production No. 13:** Please produce all Documents which are identified in or that relate in any way to Your answer to the foregoing Interrogatory No. 13, including, but not limited to all Communications You had concerning the referenced subject matter with any employee(s) of the Department of Corrections, and all Documents reflecting same, including telephone records, electronic mail messages, voicemail messages or text messages, records of videoconferences, meeting minutes, personal notes, and/or other Documents reflecting such Communications.

**Answer:** See objection and answer to Interrogatory No. 13.

**INTERROGATORY NO. 14:** Please Identify and Describe with particularity, in accordance with the foregoing Definitions, all of Your internal Documents and/or Communications Relating to the determination to house Inmate Williams in a prison cell with the Plaintiff, during the time period from January 1, 2020, through the present date (including, but not limited to emails, text messages, telephone calls, videoconferences, and other forms of electronic Communication), stating the approximate length and describing in detail the substance of each such Communication, the purpose of the Communication, and whether such Communication was written or oral, and Identifying, in accordance with the foregoing Definitions & Instructions, the

No. 3:24-cv-06058-TMC
PLAINTIFF'S FIRST SET OF
INTERROGATORIES & REQUESTS FOR          38
PRODUCTION TO STATE **WITH
OBJECTIONS ANSWERS AND
RESPONSES THERETO**

individual who determined to place Inmate Williams in the same cell as the Plaintiff.

**ANSWER**:  **Objection. This interrogatory is overbroad and unduly burdensome, is compound, and has multiple subparts. In addition, this interrogatory seeks information that is subject to the physician/patient privilege and protected under RCW 70.02.020(1), RCW 42.56.360(2), 42 C.F.R. Part 2, 45 C.F.R. Part 160, 164, RCW 70.96A.150(1)(3), RCW 70.24.105(1) and RCW 42.56.050. Inmate Williams' DOC medical and mental health information and records cannot be disclosed without a release from Inmate Williams or a court order.  In addition, this request seeks information that is protected under 28 C.F.R. § 115.61(b) and RCW 42.56.240(2).  The information sought may also be protected under the Settlement Agreement filed October 11, 2023 in *Disability Rights Washington v. Washington State Department of Corrections, et al.;* USDC Western District No. C23-01553-JCC.**

**Without waiving the forgoing objections, Defendant elects to answer this interrogatory by producing its business records pursuant to CR 33(c).  Defendant conducted PREA risk assessments and Housing Protocol Assessments regarding Inmate Williams prior to Inmate Williams' move to WCCW. These documents are identified here (Bates Nos. 01320001-8, 01390001-10 and 01400001) but not produced due to the above referenced statutory privacy laws and the absence of any protective order governing these records. Please see the following documents produced in response to Plaintiff's First Interrogatories and Requests for Production to Defendant in *Clark v. DOC, et al.,* Pierce County Cause No. 24-2-13273-8:**

**DOC 490.700 Transgender, Intersex, and/or Non-Binary Housing and Supervision  2/13/20-**

No. 3:24-cv-06058-TMC
PLAINTIFF'S FIRST SET OF
INTERROGATORIES & REQUESTS FOR          39
PRODUCTION TO STATE **WITH
OBJECTIONS ANSWERS AND
RESPONSES THERETO**

**3/9/22, 3/9/22-7/17/23 (01150059-82);**

**DOC 490.800 Prison Rape Elimination Act (PREA) Prevention and Reporting 11/20/20-4/19/22, 4/19/22 (01150083-176);**

**DOC 490.820 Prison Rape Elimination Act (PREA) Risk Assessments and Assignments 6/13/19-3/9/22, 3/9/22-4/15/23 (01150177-196).**

Please also see the following documents produced with Defendant's First Supplemental Answers to Plaintiff's First Interrogatories and Requests for Production to Defendant in *Clark v. DOC, et al.,* Pierce County Cause No. 24-2-13273-8:

**Employee Manual for the Identification, Treatment, and Correctional Management of Transgender, Intersex, and Non-binary Individuals (bates nos. 01360001-21).**

**Request for Production No. 14:** Please produce all Documents which are identified in or that relate in any way to Your answer to the foregoing Interrogatory No. 14, including, but not limited to all Communications You had concerning the referenced subject matter with any employee(s) of the Department of Corrections, and all Documents reflecting same, including telephone records, electronic mail messages, voicemail messages or text messages, records of videoconferences, meeting minutes, personal notes, and/or other Documents reflecting such Communications.

**Answer:** See objections and answer to Interrogatory No 14.

No. 3:24-cv-06058-TMC
PLAINTIFF'S FIRST SET OF
INTERROGATORIES & REQUESTS FOR                    40
PRODUCTION TO STATE **WITH
OBJECTIONS ANSWERS AND
RESPONSES THERETO**

1

2    **INTERROGATORY NO. 15:** Please Identify and Describe with particularity, in

3    accordance with the foregoing Definitions, all of Your internal Documents and/or

4    Communications relating to or referring to complaints lodged in connection with conduct by

5    Inmate Williams, pursuant to the Prison Rape Elimination Act, 34 USC Section 303 (the "PREA"),

6    during the time period from January 1, 2020, through the present date (including, but not limited

7    to emails, text messages, telephone calls, videoconferences, and other forms of electronic

8    Communication), stating the approximate length and describing in detail the substance of each

9    such Communication, the purpose of the Communication, and whether such Communication was

10   written or oral.

11

12   **ANSWER**: **Objection. This interrogatory is overbroad and unduly burdensome, is**

13   **compound, and has multiple subparts. In addition, this interrogatory seeks information that**

14   **is protected under 28 C.F.R. § 115.61(b) and RCW 42.56.240(2).  The information sought**

15   **may also be protected under the Settlement Agreement filed October 11, 2023 in *Disability***

16   ***Rights Washington v. Washington State Department of Corrections, et al.;* USDC Western**

17   **District No. C23-01553-JCC.**

18

19   **Without waiving the forgoing objections, the following PREA Investigations in which**

20   **Inmate Williams is the accused party are identified here but not produced due to the above**

21   **referenced statutory privacy laws and the absence of a written authorization from Inmate**

22

23

No. 3:24-cv-06058-TMC
PLAINTIFF'S FIRST SET OF
INTERROGATORIES & REQUESTS FOR            41
PRODUCTION TO STATE **WITH
OBJECTIONS ANSWERS AND
RESPONSES THERETO**

**Williams or a court order directing Defendant to produce these records:**

**PREA Investigation 24-23906 (bates nos. 01410001-34);**

**PREA Investigation 24-24298 (bates nos. 01430001-22);**

**PREA Investigation 24-24375 (bates nos. 01440001-84).**

**In addition, please see the following documents produced in response to Plaintiff's First Interrogatories and Requests for Production to Defendant in *Clark v. DOC, et al.,* Pierce County Cause No. 24-2-13273-8:**

**PREA Investigation 21-21703 – redacted (bates numbered 01090001-81) with attached privilege log;**

**Incident Report 01-006-25 – redacted (bates numbered 01040001-2) with attached privilege log;**

**Incident Report 02-083-22 (bates numbered 01050001).**

**Please also see the following documents produced with Defendant's First Supplemental Answers to Plaintiff's First Interrogatories and Requests for Production to Defendant in *Clark v. DOC, et al.,* Pierce County Cause No. 24-2-13273-8:**

**Incident Report 21-971 – redacted (bates nos. 01060001-6) with attached privilege log;**

**Incident Report 24-118730 – redacted (bates nos. 01250001-18) with attached privilege log;**

**PREA Investigation 24-23987 – redacted (bates nos. 01420001-44) with attached privilege log.**

**Request for Production No. 15:** Please produce all Documents which are identified in or that relate in any way to Your answer to the foregoing Interrogatory No. 15, including, but not

No. 3:24-cv-06058-TMC
PLAINTIFF'S FIRST SET OF
INTERROGATORIES & REQUESTS FOR                42
PRODUCTION TO STATE **WITH
OBJECTIONS ANSWERS AND
RESPONSES THERETO**

1  limited to all Communications You had concerning the referenced subject matter with any

2  employee(s) of the Department of Corrections, and all Documents reflecting same, including

3  telephone records, electronic mail messages, voicemail messages or text messages, records of

4  videoconferences, meeting minutes, personal notes, and/or other Documents reflecting such

5  Communications.

6

7  **Answer:  See objection and response to Interrogatory No. 15.**

8

9  **INTERROGATORY NO. 16:** Please Identify and Describe with particularity, in

10  accordance with the foregoing Definitions, all of Your screening criteria and procedures for

11  allowing an inmate housed in a men's corrections facility to transfer to a women's corrections

12  facility.

13

14  **ANSWER:  Objection.  This interrogatory is overbroad, unduly burdensome, and not**

15  **reasonably calculated to lead to the discovery of admissible evidence. Defendant further**

16  **objects that this interrogatory is not limited in time.   Without waiving the foregoing**

17  **objections, Defendants elect to answer this interrogatory further by producing its business**

18  **records pursuant to CR 33(c). Please see the following documents produced with Defendant's**

19  **Answers to Plaintiff's First Interrogatories and Requests for Production to Defendant in**

20  ***Clark v. DOC, et al.,* Pierce County Cause No. 24-2-13273-8:**

21

22  **DOC 300.380 - Classification and Custody Facility Review Plan (Rev. 10/21/21) (bates nos.**
   **01150001-23);**

23  **DOC 310.150 Reception, Initial Classification, and Custody Facility Plan – 2/2/22-7/17/23**

No. 3:24-cv-06058-TMC
PLAINTIFF'S FIRST SET OF
INTERROGATORIES & REQUESTS FOR          43
PRODUCTION TO STATE **WITH**
**OBJECTIONS ANSWERS AND**
**RESPONSES THERETO**

**(01150024-53);**

**DOC 420.140 Cell/Room Assignment 12/3/19-2/2/22 (01150054-58);**

**DOC 490.700 Transgender, Intersex, and/or Non-Binary Housing and Supervision 2/13/20-3/9/22, 3/9/22-7/17/23 (01150059-82);**

**DOC 490.800 Prison Rape Elimination Act (PREA) Prevention and Reporting 11/20/20-4/19/22, 4/19/22 (01150083-176);**

**DOC 490.820 Prison Rape Elimination Act (PREA) Risk Assessments and Assignments 6/13/19-3/9/22, 3/9/22-4/15/23 (01150177-196);**

**DOC 490.850 Prison Rape Elimination Act (PREA) Response 10/8/20-1/27/22, 1/27/22 (01150197-231);**

**DOC 490.860 Prison Rape Elimination Act (PREA) Investigation 9/29/20-4/19/22, 4/19/22-11/24/22 (01150232-261).**

Please also see the following documents produced with Defendant's First Supplemental Answers to Plaintiff's First Interrogatories and Requests for Production to Defendant in *Clark v. DOC, et al.,* Pierce County Cause No. 24-2-13273-8:

**WCCW OM 310.150 Reception, Initial Classification, and Custody Facility Plan – 5/7/20 (bates nos. 01150262-276);**

**WCCW OM 420.140 Cell/Room Assignment – 10/4/21, 11/30/23 (bates nos. 01150277-290);**

**WCCW OM - 490.700 Transgender, Intersex, and/or Non-Binary Housing and Supervision - 4/24/20, 3/9/22, 7/12/22, 9/10/24 (bates nos. 01150291-342);**

**WCCW OM 490.800 Prison Rape Elimination Act (PREA) Prevention and Reporting – 2/4/20, 12/29/20, 2/28/23 (bates nos. 01150343-418);**

**WCCW Policy Exception Request (490.820) - 9/25/13, WCCW OM 490.820 Prison Rape Elimination Act (PREA) Risk Assessments and Assignments 6/20/19, 11/4/19, 1/16/20 (memo), 2/3/20 (memo), WCCW OM 490.820 – 2/28/23 (bates nos. 01150419-463);**

**WCCW All Staff Memo – 6/24/20, WCCW OM 490.850 Prison Rape Elimination Act (PREA) Response – 3/22/22 (bates nos. 01150464-481);**

No. 3:24-cv-06058-TMC
PLAINTIFF'S FIRST SET OF
INTERROGATORIES & REQUESTS FOR          44
PRODUCTION TO STATE **WITH
OBJECTIONS ANSWERS AND
RESPONSES THERETO**

**WCCW OM 490.860 Prison Rape Elimination Act (PREA) Investigation – 11/16/20, 4/19/22, 4/30/23 (bates nos. 01150482-527).**

**Request for Production No. 16:** Please produce all Documents which are identified in or that relate in any way to Your answer to the foregoing Interrogatory No. 16.

**Answer:  See objection and response to Interrogatory No. 16.**

**INTERROGATORY NO. 17:** Please Identify and Describe with particularity, in accordance with the foregoing Definitions, all of Your screening criteria and procedures for allowing biological males to be housed in a women's corrections facility.

**ANSWER**:  **Objection.  This interrogatory is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects that this interrogatory is not limited in time.  Without waiving the foregoing objections, Defendants elect to answer this interrogatory further by producing its business records pursuant to CR 33(c). Please see the following documents produced with Defendant's Answers to Plaintiff's First Interrogatories and Requests for Production to Defendant in _Clark v. DOC, et al.,_ Pierce County Cause No. 24-2-13273-8:**

**DOC 300.380 - Classification and Custody Facility Review Plan (Rev. 10/21/21) (bates nos. 01150001-23);**

**DOC 310.150 Reception, Initial Classification, and Custody Facility Plan – 2/2/22-7/17/23 (01150024-53);**

No. 3:24-cv-06058-TMC
PLAINTIFF'S FIRST SET OF
INTERROGATORIES & REQUESTS FOR              45
PRODUCTION TO STATE **WITH
OBJECTIONS ANSWERS AND
RESPONSES THERETO**

1

**DOC 420.140 Cell/Room Assignment 12/3/19-2/2/22 (01150054-58);**

2

3

**DOC 490.700 Transgender, Intersex, and/or Non-Binary Housing and Supervision  2/13/20-3/9/22, 3/9/22-7/17/23 (01150059-82);**

4

5

**DOC 490.800 Prison Rape Elimination Act (PREA) Prevention and Reporting 11/20/20-4/19/22, 4/19/22 (01150083-176);**

6

7

**DOC 490.820 Prison Rape Elimination Act (PREA) Risk Assessments and Assignments 6/13/19-3/9/22, 3/9/22-4/15/23 (01150177-196);**

8

**DOC 490.850 Prison Rape Elimination Act (PREA) Response 10/8/20-1/27/22, 1/27/22 (01150197-231);**

9

10

**DOC 490.860 Prison Rape Elimination Act (PREA) Investigation 9/29/20-4/19/22, 4/19/22-11/24/22 (01150232-261).**

11

       **Please also see the following documents produced with Defendant's First**

12

**Supplemental Answers to Plaintiff's First Interrogatories and Requests for Production to**

13

**Defendant in *Clark v. DOC, et al.,* Pierce County Cause No. 24-2-13273-8:**

14

15

**WCCW OM 310.150 Reception, Initial Classification, and Custody Facility Plan – 5/7/20 (bates nos. 01150262-276);**

16

**WCCW OM 420.140 Cell/Room Assignment – 10/4/21, 11/30/23 (bates nos. 01150277-290);**

17

18

**WCCW OM - 490.700 Transgender, Intersex, and/or Non-Binary Housing and Supervision - 4/24/20, 3/9/22, 7/12/22, 9/10/24 (bates nos. 01150291-342);**

19

20

**WCCW OM 490.800 Prison Rape Elimination Act (PREA) Prevention and Reporting – 2/4/20, 12/29/20, 2/28/23 (bates nos. 01150343-418);**

21

22

**WCCW Policy Exception Request (490.820) - 9/25/13, WCCW OM  490.820 Prison Rape Elimination Act (PREA) Risk Assessments and Assignments 6/20/19, 11/4/19, 1/16/20 (memo),  2/3/20 (memo), WCCW OM 490.820 – 2/28/23 (bates nos. 01150419-463);**

23

**WCCW All Staff Memo – 6/24/20,  WCCW OM 490.850 Prison Rape Elimination Act (PREA) Response – 3/22/22 (bates nos. 01150464-481);**

No. 3:24-cv-06058-TMC
PLAINTIFF'S FIRST SET OF
INTERROGATORIES & REQUESTS FOR      46
PRODUCTION TO STATE **WITH
OBJECTIONS ANSWERS AND
RESPONSES THERETO**

**WCCW OM 490.860 Prison Rape Elimination Act (PREA) Investigation – 11/16/20, 4/19/22, 4/30/23 (bates nos. 01150482-527).**

**Request for Production No. 17:** Please produce all Documents which are identified in or that relate in any way to Your answer to the foregoing Interrogatory No. 17.

**Answer:  See response to Interrogatory No. 17.**

**INTERROGATORY NO. 18:** Please Identify and Describe with particularity, in accordance with the foregoing Definitions, the process by which Inmate Williams was transferred to WCCW, including any screening criteria and procedures which were followed in the process, and Identify & Describe with particularity, in accordance with the foregoing Definitions, all Persons with knowledge of the process by which Inmate Williams was transferred to WCCW, including what role each Person played in allowing Inmate Williams to transfer to WCCW.

**Answer: Objection. This interrogatory is overbroad and unduly burdensome, is compound, and has multiple subparts. In addition, this interrogatory seeks information that is subject to the physician/patient privilege and protected under RCW 70.02.020(1), RCW 42.56.360(2), 42 C.F.R. Part 2, 45 C.F.R. Part 160, 164, RCW 70.96A.150(1)(3), RCW 70.24.105(1) and RCW 42.56.050. Inmate Williams' DOC medical and mental health information and records cannot be disclosed without a release from Inmate Williams or a court order.  In addition, this request seeks information that is protected under 28 C.F.R. §**

No. 3:24-cv-06058-TMC
PLAINTIFF'S FIRST SET OF
INTERROGATORIES & REQUESTS FOR                47
PRODUCTION TO STATE **WITH
OBJECTIONS ANSWERS AND
RESPONSES THERETO**

1  115.61(b) and RCW 42.56.240(2). The information sought may also be protected under the

2  Settlement Agreement filed October 11, 2023 in *Disability Rights Washington v. Washington*

3  *State Department of Corrections, et al.;* USDC Western District No. C23-01553-JCC.

4      Without waiving the forgoing objections, Defendant conducted PREA risk

5  assessments with respect to Plaintiff and Inmate Williams prior to their placement into the

6  same cell and a Housing Protocol Assessment regarding Inmate Williams prior to Inmate

7

8  Williams' move to WCCW. In doing so, Defendant followed its policies on Transgender,

9  Intersex and/or Non-binary Housing and Supervision (Policy 490.700) and Prison

10  Rape Elimination Act ("PREA") Risk Assessments and Assignments (Policy 490.820).

11  Documents reflecting these actions are identified here (Bates Nos. 01320001-8, 01390001-10

12
   and 01400001) but not produced due to the above referenced statutory privacy laws and the
13
   absence of any protective order governing these records.
14

15      The following DOC Multidisciplinary Team Members have knowledge of

16  Incarcerated Individual Williams' transfer to WCCW:

17  **Sonja Kottke, Ph.D., Psychologist 4**
   **Dennis Speck, Ph.D., CC 3**
18  **Ken Bratten, Lieutenant/Shift Commander**
   **Phu Ngo, PA-C**
19  **Melida Ferrell, CPM**
   **Michelle Henderling, CS3**
20  **Casey Garcia, MSW, Psych. Assoc.**
   **Ina McNeese, Correctional Captain**
21  **Jacob Grillo, PA-C**
   **Christine Brule, CS4**
22
   **John T. Padilla**
23

No. 3:24-cv-06058-TMC
PLAINTIFF'S FIRST SET OF
INTERROGATORIES & REQUESTS FOR          48
PRODUCTION TO STATE **WITH
OBJECTIONS ANSWERS AND
RESPONSES THERETO**

**Jeneva M. Cotton, Superintendent**
**Paul Clark, Health Services Manager 3**
**William Swain, Associate Superintendent of Programs**
**Paula Chandler, Associate Superintendent of Operations**
**Vaaia Gaines, Correctional Program Manager**
**Jeffery Rio, Captain**
**Lauren Brodie, Psychologist 4**
**Mary Coulter, Medical Director**
**Gwendolyn Dyea, Classification Counselor,**
**Ufiufi White, PREA Specialist, WCCW**
**Dr. Frank Longano, Deputy Chief Medical Officer**
**Dr. Karie Rainer, Director of Mental Health**
**Charlotte Headley, Chief of Security Management**

Please also see the following documents produced with Defendant's First Supplemental Answers to Plaintiff's First Interrogatories and Requests for Production to Defendant in *Clark v. DOC, et al.*, Pierce County Cause No. 24-2-13273-8:

**Clark PREA Risk Assessments – 12/1/21 and 9/29/22 (bates nos. 01350001-6);**

**Employee Manual for the Identification, Treatment, and Correctional Management of Transgender, Intersex, and Non-binary Individuals (bates nos. 01360001-21).**

**Request for Production No. 18:** Please produce all Documents which are identified in or that relate in any way to Your answer to the foregoing Interrogatory No. 18.

**Answer:** See objection and answer to Interrogatory No. 18.

**INTERROGATORY NO. 19:** Please Identify and Describe with particularity, in accordance with the foregoing Definitions, the process by which Inmate Williams came to be housed in the same prison cell as Plaintiff at WCCW, and Identify & Describe with particularity

No. 3:24-cv-06058-TMC
PLAINTIFF'S FIRST SET OF
INTERROGATORIES & REQUESTS FOR                49
PRODUCTION TO STATE **WITH**
**OBJECTIONS ANSWERS AND**
**RESPONSES THERETO**

1    in accordance with the foregoing Definitions, all Persons with knowledge of the process by which

2    Inmate Williams came to be housed in the same prison cell as Plaintiff at WCCW, including what

3    role each Person played in allowing Inmate Williams to be housed in the same prison cell as

4    Plaintiff.

5        **ANSWER**: **Objection. This interrogatory is duplicative and redundant of**

6    **Interrogatory No. 18. Without waiving the forgoing objection, see objections and answer to**

7    **Interrogatory No. 18.**

8

9

10

11       **Request for Production No. 19:** Please produce all Documents which are identified in or

12   that relate in any way to Your answer to the foregoing Interrogatory No. 19.

13       **Answer: See objections and answer to Interrogatory No. 18.**

14

15

16

17

18       **INTERROGATORY NO. 20:** Please Identify and Describe with particularity, in

19   accordance with the foregoing Definitions, the housing and/or cell assignment history for Inmate

20   Williams while an inmate at WCCW, including the identity of any Person who was housed with

21   Inmate Williams, and the complete reason(s) for any change in housing assignment(s), and Identify

22   and Describe with particularity, in accordance with the foregoing Definitions, all Persons

23   responsible for any decision pertaining to Inmate Williams' housing and/or cell assignment while

No. 3:24-cv-06058-TMC
PLAINTIFF'S FIRST SET OF
INTERROGATORIES & REQUESTS FOR          50
PRODUCTION TO STATE **WITH
OBJECTIONS ANSWERS AND
RESPONSES THERETO**

an inmate at WCCW, including what role each Person played in the housing and/or cell assignment(s).

**ANSWER**:  **Objection. This interrogatory is overbroad and unduly burdensome, is compound, and has multiple subparts. In addition, this interrogatory seeks information that is subject to the physician/patient privilege and protected under RCW 70.02.020(1), RCW 42.56.360(2), 42 C.F.R. Part 2, 45 C.F.R. Part 160, 164, RCW 70.96A.150(1)(3), RCW 70.24.105(1) and RCW 42.56.050. Inmate Williams' DOC medical and mental health information and records cannot be disclosed without a release from Inmate Williams or a court order.  In addition, this request seeks information that is protected under 28 C.F.R. § 115.61(b) and RCW 42.56.240(2).  The information sought may also be protected under the Settlement Agreement filed October 11, 2023 in *Disability Rights Washington v. Washington State Department of Corrections, et al.;* U.S.D.C. Western District No. C23-01553-JCC.**

**Without waiving the forgoing objections, cell assignments are tracked for individual inmates using offender movement histories. The movement histories do not identify other individuals placed with Williams. Williams' Offender Movement History is identified here (Bates Nos. 01290001-4) but not produced due to the above referenced statutory privacy laws and the absence of any protective order governing these records.**

**Request for Production No. 20:** Please produce all Documents which are identified in or that relate in any way to Your answer to the foregoing Interrogatory No. 20.

**Answer:  See objection and answer to Interrogatory No. 20.**

No. 3:24-cv-06058-TMC
PLAINTIFF'S FIRST SET OF
INTERROGATORIES & REQUESTS FOR              51
PRODUCTION TO STATE **WITH
OBJECTIONS ANSWERS AND
RESPONSES THERETO**

**Request for Production No. 21**: Please produce all Documents comprising Inmate Williams' entire inmate file, or other general file pertaining to Inmate Willams' incarceration with the State and/or the Facility, from the time that the incarceration began until the time that it ended.

**Answer**:  **Objection. This request seeks information that is protected under RCW 70.02.020(1), RCW 42.56.360(2), 42 C.F.R. Part 2, 45 C.F.R. Part 160, 164, RCW 70.96A.150(1)(3), RCW 70.24.105(1) and RCW 42.56.050. Inmate Williams' DOC medical and mental health information and records cannot be disclosed without a release or a court order.  In addition, this request seeks information that is protected under 28 C.F.R. § 115.61(b) and RCW 42.56.240(2). Additionally, the information sought may be protected under the Settlement Agreement filed October 11, 2023 in *Disability Rights Washington v. Washington State Department of Corrections, et al.;* USDC Western District No. C23-01553-JCC.  Defendant cannot produce the records sought by this request without a written authorization by Inmate Williams or a court order directing their production.**

**Request for Production No. 22**: Please produce all Documents comprising the correctional officer known as Theresa Ayotte's personnel file with the State of Washington, from the time that his or her employment began through the present date, or the date that his or her employment was terminated.

**Answer: Objection. Plaintiff's request for public employee personnel records which do not describe specific incidents of misconduct violates the employees' right to privacy. RCW 42.56.230(3); *Dawson v. Daly*, 120 Wn.2d 782, 797, 845 P.2d 995 (1993); *Brown v.**

No. 3:24-cv-06058-TMC
PLAINTIFF'S FIRST SET OF
INTERROGATORIES & REQUESTS FOR            52
PRODUCTION TO STATE **WITH
OBJECTIONS ANSWERS AND
RESPONSES THERETO**

*Seattle Public Schools*, 71 Wn. App. 613, 618, 860 P.2d 1059 (1993); *see also Barfield v. City of Seattle*, 100 Wn.2d 878, 442, 676 P.2d 438 (1984) (treating PRA exemptions as conditional privileges to discovery); *Beltran v. State*, 98 Wn. App. 245, 256, 989 P.2d 604 (1999) (holding discovery request for personnel files of social workers in civil action against DSHS conflicted with PRA exemption). Defendant further objects that this request is not reasonably calculated to lead to the discovery of admissible evidence and is therefore beyond the scope of proper discovery under Fed. R. Civ. P. 26.

**Request for Production No. 23**: Please produce all Documents comprising the correctional officer known as Sergeant Carrie Ann Williams' personnel file with the State of Washington, from the time that his or her employment began through the present date, or the date that his or her employment was terminated.

**Answer**: **Objection. Plaintiff's request for public employee personnel records which do not describe specific incidents of misconduct violates the employees' right to privacy. RCW 42.56.230(3);** *Dawson v. Daly*, **120 Wn.2d 782, 797, 845 P.2d 995 (1993);** *Brown v. Seattle Public Schools*, **71 Wn. App. 613, 618, 860 P.2d 1059 (1993);** *see also Barfield v. City of Seattle*, **100 Wn.2d 878, 442, 676 P.2d 438 (1984) (treating PRA exemptions as conditional privileges to discovery);** *Beltran v. State*, **98 Wn. App. 245, 256, 989 P.2d 604 (1999) (holding discovery request for personnel files of social workers in civil action against DSHS conflicted with PRA exemption). Defendant further objects that this request is not reasonably calculated to lead to the discovery of admissible evidence and is therefore beyond the scope**

No. 3:24-cv-06058-TMC
PLAINTIFF'S FIRST SET OF
INTERROGATORIES & REQUESTS FOR          53
PRODUCTION TO STATE **WITH
OBJECTIONS ANSWERS AND
RESPONSES THERETO**

**of proper discovery under Fed. R. Civ. P. 26.**

**Request for Production No. 24**: Please produce all Documents comprising the correctional officer known as Lieutenant Dennis Simons' personnel file with the State of Washington, from the time that his or her employment began through the present date, or the date that his or her employment was terminated.

**Answer**: **Objection. Plaintiff's request for public employee personnel records which do not describe specific incidents of misconduct violates the employees' right to privacy. RCW 42.56.230(3); *Dawson v. Daly*, 120 Wn.2d 782, 797, 845 P.2d 995 (1993); *Brown v. Seattle Public Schools*, 71 Wn. App. 613, 618, 860 P.2d 1059 (1993); *see also Barfield v. City of Seattle*, 100 Wn.2d 878, 442, 676 P.2d 438 (1984) (treating PRA exemptions as conditional privileges to discovery); *Beltran v. State*, 98 Wn. App. 245, 256, 989 P.2d 604 (1999) (holding discovery request for personnel files of social workers in civil action against DSHS conflicted with PRA exemption). Defendant further objects that this request is not reasonably calculated to lead to the discovery of admissible evidence and is therefore beyond the scope of proper discovery under Fed. R. Civ. P. 26.**

**Request for Production No. 25**: Please produce all Documents comprising the correctional officer known as Officer Gregory Brooks' personnel file with the State of Washington, from the time that his or her employment began through the present date, or the date that his or her employment was terminated.

No. 3:24-cv-06058-TMC
PLAINTIFF'S FIRST SET OF
INTERROGATORIES & REQUESTS FOR                54
PRODUCTION TO STATE **WITH
OBJECTIONS ANSWERS AND
RESPONSES THERETO**

**<u>Answer</u>**: **Objection. Plaintiff's request for public employee personnel records which do not describe specific incidents of misconduct violates the employees' right to privacy. RCW 42.56.230(3); *Dawson v. Daly*, 120 Wn.2d 782, 797, 845 P.2d 995 (1993); *Brown v. Seattle Public Schools*, 71 Wn. App. 613, 618, 860 P.2d 1059 (1993); *see also Barfield v. City of Seattle*, 100 Wn.2d 878, 442, 676 P.2d 438 (1984) (treating PRA exemptions as conditional privileges to discovery); *Beltran v. State*, 98 Wn. App. 245, 256, 989 P.2d 604 (1999) (holding discovery request for personnel files of social workers in civil action against DSHS conflicted with PRA exemption). Defendant further objects that this request is not reasonably calculated to lead to the discovery of admissible evidence and is therefore beyond the scope of proper discovery under Fed. R. Civ. P. 26.**

**<u>Request for Production No. 26</u>**: Please produce all Documents comprising the correctional officer known as Lieutenant Heidi Whittemore's personnel file with the State of Washington, from the time that his or her employment began through the present date, or the date that his or her employment was terminated.

**<u>Answer</u>**: **Objection. Plaintiff's request for public employee personnel records which do not describe specific incidents of misconduct violates the employees' right to privacy. RCW 42.56.230(3); *Dawson v. Daly*, 120 Wn.2d 782, 797, 845 P.2d 995 (1993); *Brown v. Seattle Public Schools*, 71 Wn. App. 613, 618, 860 P.2d 1059 (1993); *see also Barfield v. City of Seattle*, 100 Wn.2d 878, 442, 676 P.2d 438 (1984) (treating PRA exemptions as conditional privileges to discovery); *Beltran v. State*, 98 Wn. App. 245, 256, 989 P.2d 604 (1999) (holding**

No. 3:24-cv-06058-TMC
PLAINTIFF'S FIRST SET OF
INTERROGATORIES & REQUESTS FOR          55
PRODUCTION TO STATE **WITH
OBJECTIONS ANSWERS AND
RESPONSES THERETO**

1  **discovery request for personnel files of social workers in civil action against DSHS conflicted**

2  **with PRA exemption). Defendant further objects that this request is not reasonably**

3  **calculated to lead to the discovery of admissible evidence and is therefore beyond the scope**

4  **of proper discovery under Fed. R. Civ. P. 26.**

5

6      **Request for Production No. 27**: Please produce all Documents reflecting or containing the

7

8  State's and/or the Facility policy(ies) on non-discrimination, non-retaliation, non-harassment,

9  accommodation of disabilities, medical exemptions, religious exemptions, responding to complaints

10 by inmates, and housing biologically male inmates with biologically female inmates.

11     **Answer**: **Please see documents produced in response to Request for Production No.**

12 **26 contained in Plaintiff's First Interrogatories and Requests for Production to Defendant**

13 **in *Clark v. DOC, et al.*, Pierce County Cause No. 24-2-13273-8.**

14

15

16     **Request for Production No. 28**: Please produce all Documents disclosed in Defendants

17 Ayotte and Brooks' Fed.R.Civ.P. 26(A)(1) Initial Disclosures, served to Plaintiff on March 24, 2025.

18     **Answer**: **Objection. Defendant Ayotte and Brooks are represented by separate**

19 **counsel in this matter and discovery requests for information in their possession or control**

20 **should be directed to them rather than the Department of Corrections.**

21

22

23

No. 3:24-cv-06058-TMC
PLAINTIFF'S FIRST SET OF
INTERROGATORIES & REQUESTS FOR     56
PRODUCTION TO STATE **WITH**
**OBJECTIONS ANSWERS AND**
**RESPONSES THERETO**

1

2

3

**Request for Production No. 29**: Please produce all Documents disclosed in Defendants State of Washington, Department of Corrections, Dennis Simons, Carrie Ann Guajardo and Heidi Whittemore's Initial Disclosures, served to Plaintiff on March 24, 2025.

4

5

6

7

**Answer**: **Please see documents produced in response to Plaintiff's First Interrogatories and Requests for Production to Defendant in *Clark v. DOC, et al.,* Pierce County Cause No. 24-2-13273-8.**

8

9

10

11

**Request for Production No. 30**: Please produce all Documents not previously requested that support, refute, refer to, relate to, or otherwise pertain to the facts and circumstances alleged in Plaintiff's Complaint or Your Answer.

12

13

14

15

16

17

**Answer**: **Objection.  This request is not reasonably calculated to lead to the discovery of admissible evidence and is beyond the scope of Fed. R. Civ. P. 26.  It is also overly broad and therefore not capable of being fully or fairly answered by defendant.  This interrogatory also calls for the mental impressions and legal theories of defense counsel, which is work product and not discoverable.**

18

19

20

21

22

23

**Without waiving the foregoing objections, defendant believes the documents produced in response to Plaintiff's First Interrogatories and Requests for Production to Defendant in *Clark v. DOC, et al.,* Pierce County Cause No. 24-2-13273-8 are reasonably related to this litigation.  In addition, if Plaintiff knows of specific documents or types of documents sought, please identify them so that Defendant can understand the documents you want and respond directly.**

No. 3:24-cv-06058-TMC
PLAINTIFF'S FIRST SET OF
INTERROGATORIES & REQUESTS FOR            57
PRODUCTION TO STATE **WITH
OBJECTIONS ANSWERS AND
RESPONSES THERETO**

1    ANSWERS AND OBJECTIONS DATED this 16th day of June, 2025, in

2  conformance with Fed. R. Civ. P. 26(g).

3

4                                          */s/ John R. Nicholson*
                                           JOHN R. NICHOLSON, WSBA #30499
5                                          711 Capitol Way S., Suite 602
                                           Olympia, WA 98501
6                                          (360) 534-9960
                                           John@ssslawgroup.com
7                                          Special Assistant Attorney General
                                           Attorney for Defendants State of Washington,
8                                          Department of Corrections, Lt. Dennis Simons,
                                           Heidi Whittemore and Carie Williams
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

No. 3:24-cv-06058-TMC
PLAINTIFF'S FIRST SET OF
INTERROGATORIES & REQUESTS FOR            58
PRODUCTION TO STATE **WITH
OBJECTIONS ANSWERS AND
RESPONSES THERETO**

## <u>DECLARATION</u>

1

2          I declare under the penalty of perjury under the laws of the State of Washington that

3    I am a representative of the Defendant in this action and am authorized to make the

4    foregoing answers.  I declare that I have read the foregoing answers, know the contents

5
6    thereof, and state that they true and correct.

7          Dated this 30th day of June at Tumwater, Washington.

8

9
                                        *Shari Hall*

10   _____
     STATE OF WASHINGTON, DEPARTMENT
11   OF CORRECTIONS

12   By: Shari Hall

13
      Title: Agency Legal Liaison
14

15    Address:  7345 Linderson Way SW

16   Tumwater, WA 98501

17

18

19

20

21

22

23

No. 3:24-cv-06058-TMC
PLAINTIFF'S FIRST SET OF
INTERROGATORIES & REQUESTS FOR          59
PRODUCTION TO STATE **WITH
OBJECTIONS ANSWERS AND
RESPONSES THERETO**

1

**PROOF OF SERVICE**

2      I certify that on June 16, 2025, I electronically served on all parties or their counsel of

3  record a copy of this document addressed as follows:

4

| | |
|---|---|
| Robert Bouvatte<br>P.O. Box 14185<br>Tumwater, WA 98511<br>bob@rbouvattepllc.com<br>alisha@rbouvattepllc.com<br>Attorney for Plaintiff | ☐ Pierce County Linx E-Service<br>☒ E-mail<br>☐ ABC/Legal Messenger |
| David Pivtorak<br>The Pivtorak Law Firm<br>611 Wilshire Boulevard, Suite 911<br>Los Angeles, CA 90017<br>david@piv4law.com<br>Attorney for Plaintiff | ☐ Pierce County Linx E-Service<br>☒ E-mail<br>☐ ABC/Legal Messenger |
| Chad Everett Arceneaux<br>Assistant Attorney General<br>Office of the Attorney General<br>1250 Pacific Ave., Suite 105<br>Tacoma, WA 98401<br>chad.arceneaux@atg.wa.gov<br>dann.graf@atg.wa.gov<br>john.unfred@atg.wa.gov<br>TORTacEF@atg.wa.gov<br>Attorney for Defendants Theresa Ayotte<br>and Micheal Brooks | ☐ Pierce County Linx E-Service<br>☒ E-mail<br>☐ ABC/Legal Messenger |

18      I certify under penalty of perjury under the laws of the state of Washington that the

19  foregoing is true and correct.

20      DATED this 16th day of June, 2025 at Olympia, WA.

21

22                                  /s/ Jenny Singleton
                                 Jenny Singleton, Paralegal
23                                 711 Capitol Way S, Ste 602
                                 Olympia, WA 98501
                                 jenny@ssslawgroup.com

No. 3:24-cv-06058-TMC
PLAINTIFF'S FIRST SET OF
INTERROGATORIES & REQUESTS FOR          60
PRODUCTION TO STATE **WITH
OBJECTIONS ANSWERS AND
RESPONSES THERETO**