# EXHIBIT 4

HONORABLE TIFFANY M. CARTWRIGHT

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**SEATTLE DIVISION**

| | |
|---|---|
| MOZZY CLARK, an individual,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF WASHINGTON, DEPARTMENT OF CORRECTIONS; LT. DENNIS SIMONS; OFFICER THERESA AYOTTE; SGT. CARRIE ANN WILLIAMS A/K/A CARRIE ANN GUAJARDO; HEIDI WHITTEMORE; OFFICER GREGORY BROOKS; and DOES 1-10,<br><br>Defendants. | No. 3:24-cv-06058-TMC<br><br>**PLAINTIFF, MOZZY CLARK'S, FIRST SET OF INTERROGATORIES & REQUESTS FOR PRODUCTION TO DEFENDANT, STATE OF WASHINGTON, DEPARTMENT OF CORRECTIONS**<br><br>**[JURY DEMAND]**<br><br>**WITH SECOND SUPPLEMENTAL OBJECTIONS, ANSWERS AND RESPONSES THERETO** |

PROPOUNDING PARTY: Plaintiff, MOZZY CLARK;

TO RESPONDING PARTY: Defendant, STATE OF WASHINGTON, DEPARTMENT OF CORRECTIONS;

Pierce County Cause No. 24-2-13273-8:

Clark Central File – redacted (bates numbered 01010001-632) with attached privilege log;

Clark Chronos (5/7/21 - 6/21/21) (bates numbered 01070001-4);

Clark Chronos (11/24/03 – 1/9/25) (bates numbered 01070005-131).

Please also see the following documents produced with Defendant's First Supplemental Answers to Plaintiff's First Interrogatories and Requests for Production to Defendant in *Clark v. DOC, et al.,* Pierce County Cause No. 24-2-13273-8:

Incident Report 21-971 – redacted (bates nos. 01060001-6) with attached privilege log;

Incident Report 24-118730 – redacted (bates nos. 01250001-18) with attached privilege log;

Clark Field File – redacted (bates nos. 01120001-423) with attached privilege log.

**Request for Production No. 13:** Please produce all Documents which are identified in or that relate in any way to Your answer to the foregoing Interrogatory No. 13, including, but not limited to all Communications You had concerning the referenced subject matter with any employee(s) of the Department of Corrections, and all Documents reflecting same, including telephone records, electronic mail messages, voicemail messages or text messages, records of videoconferences, meeting minutes, personal notes, and/or other Documents reflecting such Communications.

**Answer:** See objection and answer to Interrogatory No. 13.

**INTERROGATORY NO. 14:** Please Identify and Describe with particularity, in

accordance with the foregoing Definitions, all of Your internal Documents and/or Communications Relating to the determination to house Inmate Williams in a prison cell with the Plaintiff, during the time period from January 1, 2020, through the present date (including, but not limited to emails, text messages, telephone calls, videoconferences, and other forms of electronic Communication), stating the approximate length and describing in detail the substance of each such Communication, the purpose of the Communication, and whether such Communication was written or oral, and Identifying, in accordance with the foregoing Definitions & Instructions, the individual who determined to place Inmate Williams in the same cell as the Plaintiff.

**ANSWER**: Objection. This interrogatory is overbroad and unduly burdensome, is compound, and has multiple subparts. In addition, this interrogatory seeks information that is subject to the physician/patient privilege and protected under RCW 70.02.020(1), RCW 42.56.360(2), 42 C.F.R. Part 2, 45 C.F.R. Part 160, 164, RCW 70.96A.150(1)(3), RCW 70.24.105(1) and RCW 42.56.050. Inmate Williams' DOC medical and mental health information and records cannot be disclosed without a release from Inmate Williams or a court order. In addition, this request seeks information that is protected under 28 C.F.R. § 115.61(b) and RCW 42.56.240(2). The information sought may also be protected under the Settlement Agreement filed October 11, 2023 in *Disability Rights Washington v. Washington State Department of Corrections, et al.;* USDC Western District No. C23-01553-JCC.

Without waiving the forgoing objections, Defendant elects to answer this interrogatory by producing its business records pursuant to CR 33(c). Defendant conducted PREA risk assessments and Housing Protocol Assessments regarding Inmate Williams prior to Inmate Williams' move to

WCCW. These documents are identified here (Bates Nos. 01320001-8, 01390001-10 and 01400001) but not produced due to the above referenced statutory privacy laws and the absence of any protective order governing these records. Please see the following documents produced in response to Plaintiff's First Interrogatories and Requests for Production to Defendant in *Clark v. DOC, et al.,* Pierce County Cause No. 24-2-13273-8:

DOC 490.700 Transgender, Intersex, and/or Non-Binary Housing and Supervision 2/13/20-3/9/22, 3/9/22-7/17/23 (01150059-82);

DOC 490.800 Prison Rape Elimination Act (PREA) Prevention and Reporting 11/20/20-4/19/22, 4/19/22 (01150083-176);

DOC 490.820 Prison Rape Elimination Act (PREA) Risk Assessments and Assignments 6/13/19-3/9/22, 3/9/22-4/15/23 (01150177-196).

Please also see the following documents produced with Defendant's First Supplemental Answers to Plaintiff's First Interrogatories and Requests for Production to Defendant in *Clark v. DOC, et al.,* Pierce County Cause No. 24-2-13273-8:

Employee Manual for the Identification, Treatment, and Correctional Management of Transgender, Intersex, and Non-binary Individuals (bates nos. 01360001-21).

<u>SUPPLEMENTAL ANSWER DATED JULY 29, 2025:</u> Inmate Williams was transferred to the Washington Correctional Center for Women ("WCCW") on November 10, 2021 after a Housing and Programming Review was conducted under DOC Policy 490.700, Part VI. The review included input and a recommendation from a multi-disciplinary team ("MDT") from the Monroe Correctional Complex – Washington State Reformatory Unit ("MCC-WSRU"), the facility from which Williams was transferred. As indicated by the policy, the decision approving Williams' transfer to WCCW from MCC-WSRU was made by the DOC Headquarters

MDT. On September 7, 2021, Jeneva M. Cotton, then serving in the position of Deputy Director of Prisons, noted DOC Headquarters MDT's approval of Plaintiff's transfer to WCCW.

Within WCCW, the decision to place inmates together in a cell is made by the specific unit's Correctional Unit Supervisor ("CUS"), the unit Sergeant on duty, and/or a counselor for the inmates who are housed together. Inmate Williams was transferred into Plaintiff's cell (MB140) on February 10, 2022 during third shift. See Shift Lieutenant's Summary Email for third shift on February 10, 2022 (Bates No. 015600016). DOC records reflect that during that shift, the CUS for the unit was Edwin Schulze and the Sergeant was Carie Ann Williams (a.k.a. Carie Ann Guajardo). DOC has been unable to locate any documentation indicating which individual made the ultimate decision for the transfer of Inmate Williams to Plaintiff's cell. However, CUS Schultze sent an email to counselor Amber Harrison identifying his "suggested in house moves" for the day, which included an attached daily transfer and movement sheet showing Inmate Williams and Plaintiff's former cellmate, Ashley Cade, would be switching cells with each other. See attached 02/10/2022 Email from Edwin Schulze to Amber Harrison with Attachment (Doc. Nos. 015602248-2249).

**SUPPLEMENTAL RESPONSE DATED SEPTEMBER 2, 2025: Without waiving previous objections, pursuant to the Protective Order re: Non-Party Inmate Records filed August 25, 2025, please see the following documents attached hereto:**

**Williams Offender Movement History (bates nos. 01290001-18);**

**Williams PREA Housing Chronos (bates nos. 01300001-4);**

**Williams Single Cell Screening (bates nos. 01310001-2);**

**Williams PREA Risk Assessments 12/1/21 and 4/9/22 – redacted (bates nos. 01320001-8) with attached privilege log;**

**Williams Housing Protocol for Transgender, Intersex and Gender Non-Conforming Individuals – redacted (bates nos. 01390001-113) with attached privilege log;**

**Transgender, Intersex and Gender Non-Conforming Housing Multi-Disciplinary Team form re: Williams (bates no. 01400001).**

**Please also see DOC Policy 490.820 eff. June 13, 2019 with memos dated January 16, 2020 and February 3, 2020 attached hereto (bates nos. 01150537-552).**

**Request for Production No. 14:** Please produce all Documents which are identified in or that relate in any way to Your answer to the foregoing Interrogatory No. 14, including, but not limited to all Communications You had concerning the referenced subject matter with any employee(s) of the Department of Corrections, and all Documents reflecting same, including telephone records, electronic mail messages, voicemail messages or text messages, records of videoconferences, meeting minutes, personal notes, and/or other Documents reflecting such Communications.

**Answer:** See objections and answer to Interrogatory No 14.

**INTERROGATORY NO. 15:** Please Identify and Describe with particularity, in accordance with the foregoing Definitions, all of Your internal Documents and/or

**Request for Production No. 30**: Please produce all Documents not previously requested that support, refute, refer to, relate to, or otherwise pertain to the facts and circumstances alleged in Plaintiff's Complaint or Your Answer.

**Answer**: Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence and is beyond the scope of Fed. R. Civ. P. 26. It is also overly broad and therefore not capable of being fully or fairly answered by defendant. This interrogatory also calls for the mental impressions and legal theories of defense counsel, which is work product and not discoverable.

Without waiving the foregoing objections, defendant believes the documents produced in response to Plaintiff's First Interrogatories and Requests for Production to Defendant in *Clark v. DOC, et al.,* Pierce County Cause No. 24-2-13273-8 are reasonably related to this litigation. In addition, if Plaintiff knows of specific documents or types of documents sought, please identify them so that Defendant can understand the documents you want and respond directly.

SECOND SUPPLEMENTAL ANSWERS AND RESPONSES DATED this 2nd day of September, 2025, in conformance with Fed. R. Civ. P. 26(g).

*/s/ John R. Nicholson*
JOHN R. NICHOLSON, WSBA #
711 Capitol Way S., Suite 602
Olympia, WA 98501
(360) 534-9960
John@ssslawgroup.com
Special Assistant Attorney General
Attorney for Defendants State of Washington, Department of Corrections, Lt. Dennis Simons, Heidi Whittemore and Carie Williams

**DECLARATION**

I declare under the penalty of perjury under the laws of the State of Washington that I am a representative of the Defendant in this action and am authorized to make the foregoing answers. I declare that I have read the foregoing answers, know the contents thereof, and state that they true and correct.

Dated this 2nd day of September, 2025 at Walla Walla, Washington.

Shari Hall
STATE OF WASHINGTON, DEPARTMENT OF CORRECTIONS

By: Shari Hall

Title: DOC Agency Legal Liaison

Address: 7345 Linderson Way S.W.
Olympia, WA. 98504-1101

## PROOF OF SERVICE

I certify that on September 2, 2025, I electronically served on all parties or their counsel of record a copy of this document addressed as follows:

| | |
|---|---|
| Robert Bouvatte<br>P.O. Box 14185<br>Tumwater, WA 98511<br>bob@rbouvattepllc.com<br>alisha@rbouvattepllc.com<br>rbouvattelaw@gmail.com<br>Attorney for Plaintiff | ☐ Pierce County Linx E-Service<br>☒ E-mail<br>☐ ABC/Legal Messenger |
| David Pivtorak<br>The Pivtorak Law Firm<br>611 Wilshire Boulevard, Suite 911<br>Los Angeles, CA 90017<br>david@piv4law.com<br>Attorney for Plaintiff | ☐ Pierce County Linx E-Service<br>☒ E-mail<br>☐ ABC/Legal Messenger |
| Chad Everett Arceneaux<br>Assistant Attorney General<br>Office of the Attorney General<br>1250 Pacific Ave., Suite 105<br>Tacoma, WA 98401<br>chad.arceneaux@atg.wa.gov<br>dann.graf@atg.wa.gov<br>john.unfred@atg.wa.gov<br>TORTacEF@atg.wa.gov<br>Attorney for Defendants Theresa Ayotte and Micheal Brooks | ☐ Pierce County Linx E-Service<br>☒ E-mail<br>☐ ABC/Legal Messenger |

I certify under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

DATED this 2nd day of September, 2025 at Olympia, WA.

*/s/ Jenny Singleton*
Jenny Singleton, Paralegal
711 Capitol Way S, Ste 602
Olympia, WA 98501
jenny@ssslawgroup.com