UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MOZZY CLARK,

           Plaintiff,

    v.

STATE OF WASHINGTON

DEPARTMENT OF CORRECTIONS, et al.,

           Defendants.

Case No. 3:24-cv-06058-TMC

ORDER GRANTING MOTION FOR
LEAVE TO AMEND COMPLAINT

Plaintiff Mozzy Clark alleges that she was sexually assaulted by her cellmate multiple times while incarcerated at the Washington Corrections Center for Women ("WCCW"), and that the State of Washington Department of Corrections ("WADOC") and its officers failed to protect Plaintiff and refused to address complaints about her cellmate. Dkt. 54 at 14–27.

Plaintiff seeks leave to amend her complaint and replace Defendant Heidi Whittemore with Edwin Schulze. Dkt. 54. For the reasons stated below, the Court GRANTS Plaintiff's motion.

//

//

ORDER GRANTING MOTION FOR LEAVE TO AMEND COMPLAINT - 1

## I.    BACKGROUND AND PROCEDURAL HISTORY

In early 2022, Plaintiff was incarcerated at the WCCW in Gig Harbor, Washington. Dkt. 32 ¶ 10. While there, Plaintiff shared a cell with a transgender inmate, Christy Williams.[1] *Id*. ¶¶ 26–29. Plaintiff alleges that Williams was a convicted sex offender who was previously incarcerated in the men's prison and had assaulted a corrections officer there. *Id*. Plaintiff claims that, between January and February 2022, Williams sexually assaulted Plaintiff multiple times in their cell. *Id*. ¶¶ 29–42. Specifically, Williams "would frequently talk to [Plaintiff] in a sexually explicit way," groped Plaintiff on several occasions, threatened physical violence against Plaintiff, and tried to prevent Plaintiff from speaking with corrections officers. *Id*. Plaintiff alleges that officers ignored these incidents and discouraged Plaintiff from filing complaints about Williams. Pursuant to 42 U.S.C. § 1983, Plaintiff brings claims against WADOC and its officers regarding (1) WCCW's policy of housing transgender women; (2) officers' failure to protect Plaintiff; and (3) officers' attempts to discourage Plaintiff from filing a complaint about Williams. *Id*. ¶¶ 55–79.

Plaintiff filed the present motion on February 17, 2026. Dkt. 54. Plaintiff seeks to make a single change to her complaint, replacing Defendant Heidi Whittemore—the Correctional Unit Supervisor ("CUS") alleged to have supervised Plaintiff's incarceration and placed Williams in Plaintiff's cell—with Edwin Schulze, a different CUS. Dkt. 54 at 3. Plaintiff asserts that "Defendants' supplemental discovery responses revealed that Schulze, not Whittemore" was the CUS who "participated in the decision" to house Williams with Plaintiff. *Id*.

---

[1] The complaint refers to Williams as "a fully intact biological male," Dkt. 32 ¶ 26, while Defendants refer to Williams as a "transgender female inmate." Dkt. 57 at 2. Consistent with Williams's stated identity, Dkt. 32 ¶ 29, this Court will refer to Williams using she/her pronouns.

Plaintiff argues that the relevant statute of limitations does not bar Schulze's substitution because her amendment "relates back" to the original complaint under Federal Rules of Civil Procedure 15(c) and 4(m). Dkt. 54 at 8–11. Defendants disagree, arguing (1) that Plaintiff's claims against Schulze fail as a matter of law and (2) Plaintiff's amendment does not relate back and her claims are barred by the statute of limitations. Dkt. 57 at 8–9 (citing Rule 15(c)(1)(C)(i), (ii)).

## II.    LEGAL STANDARDS

Under Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The Court shall apply this policy "with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). The Court has discretion to grant or deny a request to amend but must provide justification when it denies a request. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "A motion to amend under Rule 15(a)(2) 'generally shall be denied only upon showing of bad faith, undue delay, futility, or undue prejudice to the opposing party.'" *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011); *see also Foman*, 371 U.S. at 182. "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981); *see also Chudacoff*, 649 F.3d at 1152.

## III.    DISCUSSION

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Kroessler v. CVS Health Corp.*, 977 F.3d 803, 815 (9th Cir. 2020) (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)). "If no amendment would allow the complaint to withstand

ORDER GRANTING MOTION FOR LEAVE TO AMEND COMPLAINT - 3

dismissal as a matter of law, courts consider amendment futile." *Id*. (citing *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989)).

Defendants argue that Plaintiff's amendments against Schulze are futile because (1) they fail to state a claim for relief and (2) they are untimely and do not relate back to Plaintiff's original complaint. Dkt. 57 at 5. The Court finds that both arguments fail and that Plaintiff should be granted leave to amend.

**A.      Plaintiff's claims against Schulze plausibly state a claim for relief.**

Defendants argue that Plaintiff's claims against Schulze fail as a matter of law. *Id*. at 7. Defendants acknowledge that "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Id*. at 7–8 (quoting *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)). However, they argue that "[t]he mere fact that an official permitted two inmates to be housed together, even where there is some hypothetical risk of violence, is insufficient to state a claim under the Eighth Amendment." *Id*.

This argument understates Plaintiff's claims. Plaintiff alleges that officers knew about Williams's conduct—including her violence against Plaintiff, other inmates, and a corrections officer at a previous facility—and failed to protect Plaintiff from future harm. Dkt. 54 ¶¶ 44, 46.

It is true that Plaintiff alleges few facts against Schulze specifically. *See, e.g.*, *id*. ¶ 27 (alleging that Schulze was "responsible for the decision to place [Williams] in [Plaintiff's] cell"). But Plaintiff also lists Schulze as a "supervisory defendant" who "fail[ed] to investigate and to discipline the misconduct in this case" and who "had the power, right, and duty to control the manner in which the individual defendants carried out the objectives of their employment." *Id*. ¶¶ 13–18. Schulze's role as a Correctional Unit Supervisor, combined with the public nature of Williams's conduct, indicates Schulze may have been aware of said conduct or of Plaintiff's complaints. *See, e.g.*, *id*. ¶¶ 42–43 (alleging that Williams would attempt to watch Plaintiff and

ORDER GRANTING MOTION FOR LEAVE TO AMEND COMPLAINT - 4

other inmates in the bathroom and shower, "to such an extent that [she] was openly referred to as the 'shower shark'"); *see also Farmer*, 511 U.S. at 842 ("a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.").

Taken together and construed in the light most favorable to Plaintiff, these allegations against Schulze are sufficient to state a claim for relief.

**B.    Plaintiff's claims against Schulze relate back to the original complaint.**

Next, Defendants argue that claims against Schulze are futile because they are barred by Washington's three-year statute of limitations, which applies to § 1983 claims brought in this district. Dkt. 57 at 8 (citing *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991); RCW 4.16.080(2)). Plaintiff appears to concede that the statute of limitations would bar her claims but argues that "Rule 15(c) provides for relation back where, as here, the amendment arises from the same conduct and corrects a mistake concerning identity." Dkt. 54 at 8. Defendants counter by asserting that the amendment does not relate back because (1) Plaintiff did not mistake Schulze's identity and (2) Schulze was unaware that he could be a defendant in this suit until July 2025. Dkt. 57 at 8–12.

In some instances, an amendment to a complaint may "relate back" to the original complaint and avoid dismissal due to a statute of limitations. Under Rule 15, an amendment to a pleading relates back when "(1) the claim arises from the same conduct set forth in the original pleading; (2) the party to be brought in has received sufficient notice, such that the party will not be prejudiced in maintaining its defense; and (3) that party must or should have known that, but for a mistake concerning the proper party's identity, the action would have been brought against him." *White v. City of Los Angeles*, No. CV1900243DDPRAOX, 2020 WL 9893054, at *4 (C.D. Cal. July 24, 2020) (citing Fed. R. Civ. P. 15(c)(1)(C)). Pursuant to Rule 4(m), the second and third requirements must have been satisfied within 90 days of the original complaint. *McKenzie*

ORDER GRANTING MOTION FOR LEAVE TO AMEND COMPLAINT - 5

*v. Portland Police Div.*, No. 3:22-CV-01140-SB, 2023 WL 10354245, at *3 (D. Or. Sept. 1, 2023), *report and recommendation adopted*, No. 3:22-CV-1140-SB, 2024 WL 658865 (D. Or. Feb. 16, 2024). "[R]elation back under the mistake provision of Rule 15 (c)(1)(C)(ii) depends not on what the plaintiff knew or should have known at the time of filing his original complaint, but rather on whether the newly-added defendant knew or should have known that, absent some mistake concerning the proper party's identity, the action would have been brought against him." *White*, 2020 WL 9893054, at *4 (citing *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 549 (2010)).

First, the record supports Plaintiff's assertion that she originally believed Whittemore to be a proper defendant but learned via discovery that "CUS Schulze, not CUS Whittemore, was the official who made the [housing] placement decision." Dkt. 54 at 10. The only edits Plaintiff makes to her complaint are substitutions of Schulze's name for Whittemore's. *See* Dkt. 54 ¶¶ 13, 27. Plaintiff's deposition testimony indicates she lacked complete knowledge about Whittemore's role. *See* Dkt. 59-1 at 7 ("I can't remember what she was called, but she was an— like she works at the prison"); *id*. at 19–20 (testifying that Whittemore may have spoken to Plaintiff after she filed a tort claim related to the Prison Rape Elimination Act ("PREA") investigation of Williams). Plaintiff's misidentification is more likely an innocent mistake due to limited knowledge about officers' responsibilities, rather than "the product of any conscious strategy." *White*, 2020 WL 9893054, at *7.

Second, for an amendment due to a mistaken identity to relate back under Rule 15(c)(1)(C), the new party must have "received such notice of the action that it will not be prejudiced in defending on the merits" and must or should have known "that the action would have been brought against it, but for a mistake concerning the proper party's identity." *McKenzie*, 2023 WL 10354245, at *3 (quoting Fed. R. Civ. P. 15(c)(1)(C)(i), (ii)). These

requirements must have been fulfilled within the 90-day deadline provided by Rule 4(m)—in this case, March 27, 2025. *Id.*; *see* Dkt. 1. The Court finds that Plaintiff satisfies these requirements because Schulze had actual or constructive notice of his exposure to her claims before that date.

Although Schulze submitted a declaration stating that he didn't learn about Plaintiff's "specific allegations" until July 2025, he also states he "had read or heard news stories prior to that about [Plaintiff] bringing a lawsuit against DOC." Dkt. 58 ¶¶ 2–3. If Schulze knew he was the CUS responsible for Plaintiff's housing, but that she had sued Whittemore instead, it is possible he was aware that he was the proper defendant as early as January 2025, when Plaintiff first amended her complaint to add Whittemore. Dkt. 8.

But even assuming Schulze's ignorance, the Court finds that Schulze had constructive knowledge—that is, that he "should have known" of Plaintiff's claims against him—before March 27, 2025. Fed. R. Civ. P. 15(c)(1)(C)(ii).

Schulze shares a "sufficient community of interest" with preexisting defendants who are his coworkers and are represented by the same attorneys. *Graves v. California Dep't of Corr. & Rehab.*, No. EDCV171086JGBSPX, 2019 WL 8168060, at *5 (C.D. Cal. Nov. 14, 2019) (quoting *Mayshack v. Gonzales*, 437 F. App'x 615, 621 (9th Cir. 2011)); *see Tate v. United States*, No. CV 15-9323-FMO (JPR), 2019 WL 6799107, at *6 (C.D. Cal. Sept. 18, 2019), *report and recommendation adopted*, No. CV 15-9323-FMO (JPR), 2019 WL 6790686 (C.D. Cal. Nov. 1, 2019) ("To be sure, Hodak had at least constructive knowledge of Plaintiff's lawsuit before he was named as a Defendant. He was employed by the BOP and shared an attorney with the United States."). Schulze is not prejudiced by the delay in adding him to this suit because his attorney has already conducted discovery on behalf of the other corrections officers, "and the benefits of that work accrued to [Schulze]." *Mayshack*, 437 F. App'x at 621; *see* Dkt. 55-3 at 5 (interrogatory response noting that Schulze was the CUS for Plaintiff's unit and attaching an

ORDER GRANTING MOTION FOR LEAVE TO AMEND COMPLAINT - 7

email from Schulze regarding cell assignments for Plaintiff and Williams). This is sufficient to find that Plaintiff's substitution of Schulze relates back to the original complaint under Rule 15(c)(1)(C).[2]

### IV.    CONCLUSION

The Court GRANTS Plaintiff's motion for leave to amend the complaint. Dkt. 54. Consistent with Local Civil Rule 15, the Court ORDERS Plaintiff to file and serve her amended pleading on all parties by May 4, 2026.

Dated this 20th day of April, 2026.

Tiffany M. Cartwright
United States District Judge

---

[2] Defendants argue that this case has "highly analogous facts" to *Boss v. City of Mesa*, 746 F. App'x 692 (9th Cir. 2018). Dkt. 57. But in *Boss,* the plaintiff conceded that there was no mistake regarding the proper parties' identities, and that he simply wanted to replace a John Doe with a named defendant, which "is not a 'mistake' that allows relation back under Rule 15(c)(1)(C)." *Boss,* 746 F. App'x 695.

ORDER GRANTING MOTION FOR LEAVE TO AMEND COMPLAINT - 8