The Honorable Tiffany M. Cartwright

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

| | |
|---|---|
| MOZZY CLARK, | NO. 3:24-CV-06058-TMC |
| Plaintiff, | DEFENDANT STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS' MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FRCP 12(C) |
| v. | |
| STATE OF WASHINGTON, DEPARTMENT OF CORRECTIONS; LT. DENNIS SIMONS; SGT. CARRIE ANN WILLIAMS A/KA CARRIE ANN GUAJARDO; EDWIN SCHULZE; OFFICER THERESA AYOTTE; OFFICER GREGORY BROOKS; and DOES 1-10. | NOTE ON MOTION CALENDAR: JUNE 1, 2026 |
| Defendants. | |

## I.    RELIEF REQUESTED

Defendant State of Washington Department of Corrections ("DOC") requests judgment as a matter of law on the pleadings pursuant to Fed. R. Civ. P. 12(c), because it is not a "person" subject to suit under 42 U.S.C. § 1983. Plaintiff's claims against DOC are invalid as a matter of law and must be dismissed with prejudice.

## II.    STATEMENT OF FACTS

Plaintiff Mozzy Clark was previously incarcerated at the Washington Correctional Center for Women ("WCCW"). Dkt. 68, *Third Amended Complaint*, ¶ 1. On December 27, 2024, she filed

DEFENDANT STATE OF
WASHINGTON DEPARTMENT OF
CORRECTIONS' MOTION FOR
JUDGMENT ON THE PLEADINGS
PURSUANT TO FRCP 12 (C)  – NO.
3:24-CV-06058-TMC – Page 1

SIMMONS SWEENEY FREIMUND SMITH TARDIF PLLC
OLYMPIA OFFICE                                      BELLINGHAM OFFICE
711 CAPITOL WAY S, STE 602                  1223 COMMERCIAL ST
OLYMPIA, WA 98501                              BELLINGHAM, WA 98225
TEL: (360) 534-9960                                    TEL: (360) 752-2000
FAX: (360) 534-9959                                   FAX: (360) 656-5013
EMAIL: john@ssslawgroup.com

this lawsuit as well as a separate lawsuit in Pierce County Superior Court,[1] both of which arise out of the same alleged facts. *Id*. Specifically, Plaintiff alleges that she was sexually harassed and assaulted by Christy (a.k.a. Christopher) Williams, a transgender female inmate who was assigned to live in the same cell with her at WCCW for a period of time. *Id*., ¶¶ 1, 34-54. All claims asserted by Plaintiff in this action are brought under 42 U.S.C. § 1983 based on claimed violations of her federal Constitutional rights. *Id*., ¶¶ 55-79. Specifically, Plaintiff alleges that "allowing biological males into a female prison violates the basic human rights of women . . ." *Id*., ¶ 3. She further claims that Inmate Williams "continually talked to her in a sexually explicit manner, touched [her] genitals luridly in front of her, threatened Plaintiff with sexual violence, and when prison officials did nothing about this behavior, went on to sexually assault her multiple times." *Id*., ¶ 5. In both her federal and state court cases, Plaintiff has sued several individual current and former DOC employees, as well as DOC itself.

DOC now moves for judgment on the pleadings pursuant to Fed. R. Civ. P 12(c), because as an agency of the State of Washington[2] it is not a "person" subject to suit under § 1983. Plaintiff is unable to cure the inherent legal invalidity of asserting any type § 1983 claim against DOC in this Court or any other, and all claims against DOC should therefore be dismissed with prejudice.

### III.    STATEMENT OF ISSUES

Should the Court grant DOC's motion for judgment on the pleadings, because it is not a "person" subject to suit under § 1983? If so, should the dismissal be with prejudice, because Plaintiff cannot cure the inherent legal invalidity of asserting any type of § 1983 claim against a state agency in this Court or any other?

/ / /

/ / /

/ / /

---

[1] *Declaration of John R. Nicholson*, Ex. 1 (Second Amended Complaint, Pierce County Superior Court).

[2] "There is created a department of state government to be known as the department of corrections." Wash. Rev. Code § 72.09.030.

DEFENDANT STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS' MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FRCP 12 (C)  – NO. 3:24-CV-06058-TMC – Page 2

SIMMONS SWEENEY FREIMUND SMITH TARDIF PLLC
OLYMPIA OFFICE
711 CAPITOL WAY S, STE 602
OLYMPIA, WA 98501
TEL: (360) 534-9960
FAX: (360) 534-9959

BELLINGHAM OFFICE
1223 COMMERCIAL ST
BELLINGHAM, WA 98225
TEL: (360) 752-2000
FAX: (360) 656-5013

EMAIL: john@ssslawgroup.com

## IV.    EVIDENCE RELIED UPON

DOC relies on the pleadings and the Court's file herein as well as the *Declaration of John R. Nicholson* ("*Nicholson Decl.*") with Exhibit 1 thereto.

## V.    AUTHORITY

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc., v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990). "The principal difference between motions filed pursuant to Rule 12(b) and Rule 12(c) is the time of filing. Because the motions are functionally identical, the same standard of review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog." *Dworkin v. Hustler Magazine, Inc.*, 876 F.2d 1188, 1192 (9th Cir. 1989).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009). The court must "accept all material allegations in the complaint as true and construe them in the light most favorable to [the non-moving party]." *NL Industries, Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). On the other hand, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 at 678; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). The allegations "may not simply recite the elements of a cause of action but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Bacca*, 652 F.2d 1202, 1216 (9th Cir. 2011). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

DEFENDANT STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS' MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FRCP 12 (C)  – NO. 3:24-CV-06058-TMC – Page 3

SIMMONS SWEENEY FREIMUND SMITH TARDIF PLLC
OLYMPIA OFFICE
711 CAPITOL WAY S, STE 602
OLYMPIA, WA 98501
TEL: (360) 534-9960
FAX: (360) 534-9959

BELLINGHAM OFFICE
1223 COMMERCIAL ST
BELLINGHAM, WA 98225
TEL: (360) 752-2000
FAX: (360) 656-5013
EMAIL: john@ssslawgroup.com

In the context of a motion to dismiss, generally a court should not consider material outside the pleadings, or else the motion should be converted into one for summary judgment. *Intri-Plex Techs, Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007). But a court may take judicial notice under Fed. R. Evid. 201 of "matters of public record" in deciding a motion to dismiss without converting it to one for summary judgment, so long as the noticed facts are not "subject to reasonable dispute." *Lee*, 250 F.2d at 689 (quoting *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986)). Here, DOC relies exclusively on the pleadings, because the legal question before the Court is not contingent on any facts or evidence. However, DOC has provided the Court with the Complaint from Plaintiff's lawsuit in Pierce County Superior Court for purposes of emphasizing that this matter should be dismissed against DOC <u>with prejudice</u>. There is no court in which Plaintiff's § 1983 claims against DOC are viable, and DOC should not be subjected to litigating this long-settled legal issue again in another court.

**A.     DOC is Not a "Person" Subject to Suit Under 42 U.S.C. § 1983, and Plaintiff's Claims Against It Therefore Fail as a Matter of Law**

To maintain an action under §1983, a plaintiff must show that (1) the conduct complained of was committed by a person acting under color of state law and (2) the conduct deprived the person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981), overruled on other grounds, *Daniels v. Williams*, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986). Plaintiff's claims against DOC fail, because the State of Washington and its agencies are not entities against which such claims may be asserted. A suit under §1983 must be asserted against a "person acting under color of state law." 42 U.S.C. § 1983. "States, state agencies, and state officials sued in their official capacity are not persons under § 1983." *Jenkins v. State of Washington*, 46 F.Supp.3d 1110, 1115 (W.D. Wash. Aug. 29, 2014) (citing *Will v. Mich. Dep't. of State Police*, 491 U.S. 58, 66, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) and *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004)). This is well-settled law that has been reaffirmed time and again. *See, e.g., Bank of Lake Tahoe v. Bank of America*, 318 F.3d 914, 917 (9th Cir. 2003); *Hale v. State of Arizona,* 967 F.2d

DEFENDANT STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS' MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FRCP 12 (C)  – NO. 3:24-CV-06058-TMC – Page 4

SIMMONS SWEENEY FREIMUND SMITH TARDIF PLLC
OLYMPIA OFFICE
711 CAPITOL WAY S, STE 602
OLYMPIA, WA 98501
TEL: (360) 534-9960
FAX: (360) 534-9959
BELLINGHAM OFFICE
1223 COMMERCIAL ST
BELLINGHAM, WA 98225
TEL: (360) 752-2000
FAX: (360) 656-5013
EMAIL: john@ssslawgroup.com

1356, 1369 (9th Cir. 1992); *Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991). There is no conceivable or hypothetical set of facts Plaintiff could allege that would overcome this fundamental legal defect in her claims against DOC. It is therefore beyond reasonable dispute that Plaintiff's § 1983 claims against DOC must be dismissed under Rule 12(c).

**B.    The Dismissal of Plaintiff's § 1983 Claims Against DOC Should Be With Prejudice**

There is no way for Plaintiff to cure the inherent legal invalidity of asserting § 1983 claims against DOC such that she could properly refile them, either in this Court or in a Washington state court, because there is simply no legal basis for them.[3] She cannot amend her complaint to assert § 1983 claims against DOC in her Pierce County Superior Court lawsuit, because such claims would be equally invalid if asserted there. Indeed, for decades Washington courts have reached precisely the same conclusion on this question that federal courts have. *Washington State Republican Party v. Washington State Pub. Disclosure Com'n.*, 141 Wn.2d 245, 285-86, 4 P.3d 808 (2000) ("[S]uit may not be brought under § 1983 in state court against the state or against a state official acting in an official capacity because a state is not a 'person' subject to suit within the meaning of § 1983."); *Edgar v. State*, 92 Wn.2d 217, 222, 595 P.2d 534 (1979) ("Inasmuch as the State is not suable under section 1983 for acts of its agents that subject the plaintiff to deprivation of his civil rights, the remedy for such deprivation, if there was, must be pursued against those individuals who committed the acts."). Because there is no court in which § 1983 claims may properly be asserted against state agencies, federal courts in this district and others routinely dismiss such claims with prejudice. *See, e.g., Allen v. Washington State Dept. of Corrections,* No. C23-5746BHS, 2023 WL 6806987, at **1-2 (W.D. Wash. Oct. 16, 2023)

---

[3] The basis of the dismissal requested by DOC here is distinguishable from cases where claims under state law have been dismissed without prejudice in federal court based on application of the Eleventh Amendment, because such state law claims might remain viable in state court. *See, e.g., Taylor v. Washington State Dept. of Corrections*, No. 3:21-cv-05224-RJF, 2023 WL 130528, at *6 (federal § 1983 claims against DOC dismissed with prejudice, but state law claims dismissed without prejudice); *Lambert v. Huertas*, No. 3:19-cv-05980-DGE, 2022 WL 374414, at *4 (W.D. Wash Feb. 8, 2022) (dismissing federal § 1983 claims against DOC with prejudice, but dismissing state law claims without prejudice.)

DEFENDANT STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS' MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FRCP 12 (C)  – NO. 3:24-CV-06058-TMC – Page 5

SIMMONS SWEENEY FREIMUND SMITH TARDIF PLLC
OLYMPIA OFFICE                                    BELLINGHAM OFFICE
711 CAPITOL WAY S, STE 602                  1223 COMMERCIAL ST
OLYMPIA, WA 98501                            BELLINGHAM, WA 98225
TEL: (360) 534-9960                            TEL: (360) 752-2000
FAX: (360) 534-9959                            FAX: (360) 656-5013
EMAIL: john@ssslawgroup.com

(dismissal of § 1983 claims against DOC with prejudice because DOC was not a "person" under the statute); *Taylor v. Washington Dept. of Corrections,* No. 3:21-cv-05224-RJB, 2023 WL 130528, at *6 (W.D. Wash. Jan. 9, 2023) ("All federal claims asserted against DOC . . . should be dismissed with prejudice. DOC is not a 'person' for purposes of §1983 . . ."); *Valdez v. Dept. of Corrections*, No. C20-5189 BHS, 2022 WL 2192976, at *1 (W.D. Wash. June 16, 2022) (finding DOC was not a "person" under §1983 and dismissing with prejudice); *Davis-Bell v. Dahne*, No. 3:17-cv-05319-BHS-TLF, 2018 WL 3950436, at *6 (W.D. Wash. July 18, 2018) ("Defendant D.O.C. is not a person under Section 1983 and therefore cannot be liable for damages or for injunctive relief. All claims against D.O.C. should be dismissed with prejudice as well."); *Rouse v. Washington State Dept. of Corrections*, No. C08-5620FDB, 2009 WL 1011623, at *3 (W.D. Wash. Apr. 15, 2009) (dismissing § 1983 claims against DOC with prejudice, because it is not a "person" under the statute); *Goodall v. Jacobson*, No. CV-08-5023-CI, 2008 WL 2468430, at *1 (E.D. Wash. June 17, 2008) (dismissing Washington State Penitentiary with prejudice, because it was not a "person" within the meaning of §1983).

The Court should follow this long line of authorities and likewise dismiss Plaintiff's § 1983 claims against DOC with prejudice here. That a plaintiff may not assert a § 1983 claim against a state agency is a well-settled issue under federal law, and federal and Washington courts are in agreement about it. Dismissing without prejudice, which would ostensibly allow Plaintiff an opportunity to attempt to revive her § 1983 claims against DOC in her redundant Pierce County Superior Court action, would only result in a waste of time that this Court should foreclose once and for all.[4]

/ / /

---

[4] Further illustrating that allowing Plaintiff the opportunity to amend her complaint in Pierce County Superior Court to assert a claim under § 1983 against DOC is the fact that such an amendment would permit the Defendants in the Pierce County matter the opportunity to remove the case, such that the ultimate decision on the issue would ultimately revert back to this Court. 28 U.S.C. § 1441 (c); 28 U.S.C. 1446 (c)(3). There is no reason to permit such shenanigans where the fundamental legal question is settled and taking a contrary position in any court would clearly be frivolous.

DEFENDANT STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS' MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FRCP 12 (C)  – NO. 3:24-CV-06058-TMC – Page 6

SIMMONS SWEENEY FREIMUND SMITH TARDIF PLLC
OLYMPIA OFFICE
711 CAPITOL WAY S, STE 602
OLYMPIA, WA 98501
TEL: (360) 534-9960
FAX: (360) 534-9959
BELLINGHAM OFFICE
1223 COMMERCIAL ST
BELLINGHAM, WA 98225
TEL: (360) 752-2000
FAX: (360) 656-5013
EMAIL: john@ssslawgroup.com

## VI.     CONCLUSION

For all the forgoing reasons, DOC's motion for judgment on the pleadings must be granted. DOC is not a "person" subject to suit under § 1983 in this Court or any other. As a result, Plaintiff's claims against DOC must be dismissed with prejudice.

DATED this 4th day of May, 2026.

SIMMONS SWEENEY FREIMUND
SMITH TARDIF, PLLC


*/s/ John R. Nicholson*
JOHN R. NICHOLSON, WSBA #30499
711 Capitol Way S., Suite 602
Olympia, WA 98501
(360) 534-9960
John@ssslawgroup.com
Special Assistant Attorney General
Attorney for Defendants State of Washington Dept. of Corrections, Dennis Simons, Edwin Schulze, and Carie Williams

I certify this memorandum contains 2,147 words in compliance with this Court's Local Rules.

DEFENDANT STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS' MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FRCP 12 (C)  – NO. 3:24-CV-06058-TMC – Page 7

SIMMONS SWEENEY FREIMUND SMITH TARDIF PLLC
OLYMPIA OFFICE                                           BELLINGHAM OFFICE
711 CAPITOL WAY S, STE 602                  1223 COMMERCIAL ST
OLYMPIA, WA 98501                        BELLINGHAM, WA 98225
TEL: (360) 534-9960                              TEL: (360) 752-2000
FAX: (360) 534-9959                              FAX: (360) 656-5013
EMAIL: john@ssslawgroup.com

**PROOF OF SERVICE**

I certify that on May 4, 2026, I electronically filed the foregoing with the Court through CM/ECF and served on all parties or their counsel of record a copy of this document addressed as follows:

| | |
|---|---|
| Robert Bouvatte<br>P.O. Box 14185<br>Tumwater, WA 98511<br>bob@rbouvattepllc.com<br>rbouvattelaw@gmail.com<br>Attorney for Plaintiff | ☒ CM/ECF-Filing<br>☐ ABC/Legal Messenger<br>☒ Email |
| David Pivtorak<br>The Pivtorak Law Firm<br>611 Wilshire Boulevard, Suite 911<br>Los Angeles, CA 90017<br>david@piv4law.com<br>Attorney for Plaintiff | ☒ CM/ECF-Filing<br>☐ ABC/Legal Messenger<br>☒ Email |
| Chad E. Arceneaux<br>Assistant Attorney General<br>Office of the Attorney General<br>Torts Division<br>1250 Pacific Ave., Suite 105<br>Tacoma, WA 98401<br>Chad.arceneaux@atg.wa.gov<br>Karen.palmer@atg.wa.gov<br>John.unfred@atg.wa.gov<br>TORTacEF@atg.wa.gov<br>Attorney for Defendants Ayotte and Brooks | ☒ CM/ECF-Filing<br>☐ ABC/Legal Messenger<br>☒ Email |

I certify under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

DATED this 4th day of May 2026, at Chehalis, WA.

/s/ Sara Luurs
Sara Luurs, Paralegal
sara@ssslawgroup.com

DEFENDANT STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS' MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FRCP 12 (C) – NO. 3:24-CV-06058-TMC – Page 8

SIMMONS SWEENEY FREIMUND SMITH TARDIF PLLC
OLYMPIA OFFICE                          BELLINGHAM OFFICE
711 CAPITOL WAY S, STE 602            1223 COMMERCIAL ST
OLYMPIA, WA 98501                    BELLINGHAM, WA 98225
TEL: (360) 534-9960                    TEL: (360) 752-2000
FAX: (360) 534-9959                    FAX: (360) 656-5013
EMAIL: john@ssslawgroup.com