The Honorable Tiffany Cartwright

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

MOZZY CLARK,

        Plaintiff,

v.

STATE OF WASHINGTON, DEPARTMENT OF CORRECTIONS; LT. DENNIS SIMONS; SGT. REGINA WILLIAMS A/K/A REGINA ESPERANZA AVELLAR; HEIDI WHITTEMORE; OFFICER THERESA AYOTTE; OFFICER MICHAEL BROOKS; and DOES 1-10.

        Defendants.

NO.  3:24-cv-06058

DEFENDANT THERESA AYOTTE'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S THIRD AMENDED COMPLAINT FOR DAMAGES

**AND JURY DEMAND**

Defendant Theresa Ayotte, in answer to Plaintiff's complaint, admits, denies and alleges as follows:

**INTRODUCTION**

1.     Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 1 and therefore DENIES the allegations.

2.     Answering paragraph 2, the allegations are not directed at Defendant, therefore no response is required of this answering Defendant.  To the extent paragraph 2 may be construed as making factual allegations as to this Defendant, the allegations are DENIED.

DEFENDANT AYOTTE'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT FOR DAMAGES NO.  3:24-cv-06058

1

3.   Answering paragraph 3, the allegations are not directed at Defendant, therefore no response is required of this answering Defendant.  To the extent paragraph 3 may be construed as making factual allegations as to this Defendant, the allegations are DENIED.

4.   Answering paragraph 4, the allegations are not directed at Defendant, therefore no response is required of this answering Defendant.  To the extent paragraph 4 may be construed as making factual allegations as to this Defendant, the allegations are DENIED.

5.   Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 5 and therefore DENIES the allegations.

6.   Answering paragraph 6, the allegations are not directed at Defendant, therefore no response is required of this answering Defendant.  To the extent paragraph 6 may be construed as making factual allegations as to this Defendant, the allegations are DENIED.

7.   Answering paragraph 7, the allegations are not directed at Defendant, therefore no response is required of this answering Defendant.  To the extent paragraph 7 may be construed as making factual allegations as to this Defendant, the allegations are DENIED.

## JURISDICTION AND VENUE

8.   Paragraph 8 sets forth legal conclusions for which no response is required.  To the extent paragraph 8 may be construed as making factual allegations as to this Defendant, the allegations are DENIED.

9.   Paragraph 9 sets forth legal conclusions for which no response is required.  To the extent paragraph 9 may be construed as making factual allegations as to this Defendant, the allegations are DENIED.

## PARTIES

10.   Defendant ADMITS Plaintiff is a formerly incarcerated person who was housed at Washington Corrections Center for Women ("WCCW").  Defendant is without sufficient information to form a belief as to the truth or falsity of the remaining allegations in paragraph 10 and therefore DENIES the allegations.

DEFENDANT AYOTTE'S ANSWER TO
PLAINTIFF'S THIRD AMENDED
COMPLAINT FOR DAMAGES
NO.  3:24-cv-06058

2

OFFICE OF THE ATTORNEY GENERAL
1250 Pacific Avenue, Suite 105
P.O. Box 2317
Tacoma, WA  98401
(253) 593-5243

11.    Answering paragraph 11, the allegations are not directed at Defendant, therefore no response is required of this answering Defendant. To the extent paragraph 11 may be construed as making factual allegations as to this Defendant, the allegations are DENIED.

12.    Answering paragraph 12, the allegations are not directed at Defendant, therefore no response is required of this answering Defendant. To the extent paragraph 12 may be construed as making factual allegations as to this Defendant, the allegations are DENIED.

13.    Answering paragraph 13, the allegations are not directed at Defendant, therefore no response is required of this answering Defendant. To the extent paragraph 13 may be construed as making factual allegations as to this Defendant, the allegations are DENIED.

14.    Answering paragraph 14, the allegations are not directed at Defendant, therefore no response is required of this answering Defendant. To the extent paragraph 14 may be construed as making factual allegations as to this Defendant, the allegations are DENIED.

15.    Defendant ADMITS that she was employed as a corrections officer at WCCW. To the extent not expressly admitted, the allegations in paragraph 15 are DENIED.

16.    Answering paragraph 16, the allegations are not directed at Defendant, therefore no response is required of this answering Defendant. To the extent paragraph 16 may be construed as making factual allegations as to this Defendant, the allegations are DENIED.

17.    Answering paragraph 17, the allegations are not directed at Defendant, therefore no response is required of this answering Defendant. Defendant objects to Plaintiff's purported definition of "policymaker/supervisorial defendants" as setting forth a legal conclusion and aver that no answer is required of this Defendant thereto. To the extent paragraph 17 may be construed as making factual allegations as to this Defendant, the allegations are DENIED.

18.    Answering paragraph 18, the allegations are not directed at Defendant, therefore no response is required of this answering Defendant. Defendant further answers that this paragraph sets forth legal conclusions for which no answer is required. To the extent paragraph 18 may be construed as making factual allegations as to this Defendant, the allegations are DENIED.

DEFENDANT AYOTTE'S ANSWER TO
PLAINTIFF'S THIRD AMENDED
COMPLAINT FOR DAMAGES
NO. 3:24-cv-06058

3

OFFICE OF THE ATTORNEY GENERAL
1250 Pacific Avenue, Suite 105
P.O. Box 2317
Tacoma, WA 98401
(253) 593-5243

19.     Answering paragraph 19, the allegations are not directed at Defendant, therefore no response is required of this answering Defendant.  To the extent paragraph 19 may be construed as making factual allegations as to this Defendant, the allegations are DENIED.

20.     Answering paragraph 20, the allegations are not directed at Defendant, therefore no response is required of this answering Defendant.  To the extent paragraph 20 may be construed as making factual allegations as to this Defendant, the allegations are DENIED.

21.     Defendant DENIES the allegations in paragraph 21.

22.     Answering paragraph 22, the allegations are not directed at Defendant, therefore no response is required of this answering Defendant.  Defendant objects to Plaintiff's purported definition of "Defendants" on grounds of vague and setting forth legal conclusions; notwithstanding the foregoing objections, to the extent paragraph 22 may be construed as making factual allegations as to this Defendant, the allegations are DENIED.

23.     Answering paragraph 23, the allegations are not directed at Defendant, therefore no response is required of this answering Defendant.  To the extent paragraph 23 may be construed as making factual allegations as to this Defendant, the allegations are DENIED.

24.     Paragraph 24 sets forth legal conclusions for which no response is required.  To the extent paragraph 24 may be construed as making factual allegations as to this Defendant, the Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 25 and therefore DENIES the allegations.

**FACTS**

25.     Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 25 and therefore DENIES the allegations.

26.     Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 26 and therefore DENIES the allegations.

DEFENDANT AYOTTE'S ANSWER TO
PLAINTIFF'S THIRD AMENDED
COMPLAINT FOR DAMAGES
NO.  3:24-cv-06058

4

OFFICE OF THE ATTORNEY GENERAL
1250 Pacific Avenue, Suite 105
P.O. Box 2317
Tacoma, WA  98401
(253) 593-5243

27.    Answering paragraph 27, the allegations are not directed at Defendant, therefore no response is required of this answering Defendant.  To the extent paragraph 27 may be construed as making factual allegations as to this Defendant, the allegations are DENIED.

28.    Answering paragraph 28, the allegations are not directed at Defendant, therefore no response is required of this answering Defendant.  To the extent paragraph 28 may be construed as making factual allegations as to this Defendant, Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 28 and therefore DENIES the allegations.

29.    Answering paragraph 29, the allegations are not directed at Defendant, therefore no response is required of this answering Defendant.  To the extent paragraph 29 may be construed as making factual allegations as to this Defendant, Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 29 and therefore DENIES the allegations.

30.    Answering paragraph 30, the allegations are not directed at Defendant, therefore no response is required of this answering Defendant.  To the extent paragraph 30 may be construed as making factual allegations as to this Defendant, Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 30 and therefore DENIES the allegations.

31.    Answering paragraph 31, the allegations are not directed at Defendant, therefore no response is required of this answering Defendant.  To the extent paragraph 31 may be construed as making factual allegations as to this Defendant, Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 31 and therefore DENIES the allegations.

32.    Answering paragraph 32, the allegations are not directed at Defendant, therefore no response is required of this answering Defendant.  To the extent paragraph 32 may be construed as making factual allegations as to this Defendant, Defendant is without sufficient information to form

DEFENDANT AYOTTE'S ANSWER TO
PLAINTIFF'S THIRD AMENDED
COMPLAINT FOR DAMAGES
NO.  3:24-cv-06058

5

OFFICE OF THE ATTORNEY GENERAL
1250 Pacific Avenue, Suite 105
P.O. Box 2317
Tacoma, WA  98401
(253) 593-5243

a belief as to the truth or falsity of the allegations in paragraph 32 and therefore DENIES the allegations.

33.    Answering paragraph 33, the allegations are not directed at Defendant, therefore no response is required of this answering Defendant.  To the extent paragraph 33 may be construed as making factual allegations as to this Defendant, Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 33 and therefore DENIES the allegations.

34.    Answering paragraph 34, the allegations are not directed at Defendant, therefore no response is required of this answering Defendant.  To the extent paragraph 34 may be construed as making factual allegations as to this Defendant, Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 34 and therefore DENIES the allegations.

35.    Answering paragraph 35, the allegations are not directed at Defendant, therefore no response is required of this answering Defendant.  To the extent paragraph 35 may be construed as making factual allegations as to this Defendant, Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 35 and therefore DENIES the allegations.

36.    Answering paragraph 36, the allegations are not directed at Defendant, therefore no response is required of this answering Defendant.  To the extent paragraph 36 may be construed as making factual allegations as to this Defendant, Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 36 and therefore DENIES the allegations.

37.    Answering paragraph 37, the allegations are not directed at Defendant, therefore no response is required of this answering Defendant.  To the extent paragraph 37 may be construed as making factual allegations as to this Defendant, Defendant is without sufficient information to form

DEFENDANT AYOTTE'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT FOR DAMAGES NO. 3:24-cv-06058

6

OFFICE OF THE ATTORNEY GENERAL
1250 Pacific Avenue, Suite 105
P.O. Box 2317
Tacoma, WA  98401
(253) 593-5243

a belief as to the truth or falsity of the allegations in paragraph 37 and therefore DENIES the allegations.

38.     Answering paragraph 38, the allegations are not directed at Defendant, therefore no response is required of this answering Defendant.  To the extent paragraph 38 may be construed as making factual allegations as to this Defendant, Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 38 and therefore DENIES the allegations.

39.     Answering paragraph 39, the allegations are not directed at Defendant, therefore no response is required of this answering Defendant.  To the extent paragraph 39 may be construed as making factual allegations as to this Defendant, Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 39 and therefore DENIES the allegations.

40.     Defendant DENIES the allegations in paragraph 40.

41.     Answering paragraph 41, the allegations are not directed at Defendant, therefore no response is required of this answering Defendant.  To the extent paragraph 41 may be construed as making factual allegations as to this Defendant, Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 41 and therefore DENIES the allegations.

42.     Answering paragraph 42, the allegations are not directed at Defendant, therefore no response is required of this answering Defendant.  To the extent paragraph 42 may be construed as making factual allegations as to this Defendant, Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 42 and therefore DENIES the allegations.

43.     Answering paragraph 43, the allegations are not directed at Defendant, therefore no response is required of this answering Defendant.  To the extent paragraph 43 may be construed as making factual allegations as to this Defendant, Defendant is without sufficient information to form

DEFENDANT AYOTTE'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT FOR DAMAGES NO.  3:24-cv-06058

7

OFFICE OF THE ATTORNEY GENERAL
1250 Pacific Avenue, Suite 105
P.O. Box 2317
Tacoma, WA  98401
(253) 593-5243

a belief as to the truth or falsity of the allegations in paragraph 43 and therefore DENIES the allegations.

44.     Answering paragraph 44, the allegations are not directed at Defendant, therefore no response is required of this answering Defendant.  To the extent paragraph 44 may be construed as making factual allegations as to this Defendant, the allegations are DENIED.

45.     Answering paragraph 45, the allegations are not directed at Defendant, therefore no response is required of this answering Defendant.  To the extent paragraph 45 may be construed as making factual allegations as to this Defendant, the allegations are DENIED.

46.     Answering paragraph 46, the allegations are not directed at Defendant, therefore no response is required of this answering Defendant.  To the extent paragraph 46 may be construed as making factual allegations as to this Defendant, the allegations are DENIED.

47.     Answering paragraph 47, the allegations are not directed at Defendant, therefore no response is required of this answering Defendant.  To the extent paragraph 47 may be construed as making factual allegations as to this Defendant, the allegations are DENIED.

48.     Answering paragraph 48, the allegations are not directed at Defendant, therefore no response is required of this answering Defendant.  To the extent paragraph 48 may be construed as making factual allegations as to this Defendant, the allegations are DENIED.

49.     Answering paragraph 49, the allegations are not directed at Defendant, therefore no response is required of this answering Defendant.  To the extent paragraph 49 may be construed as making factual allegations as to this Defendant, the allegations are DENIED.

50.     Answering paragraph 50, the allegations are not directed at Defendant, therefore no response is required of this answering Defendant.  To the extent paragraph 50 may be construed as making factual allegations as to this Defendant, the allegations are DENIED.

51.     Answering paragraph 51, the allegations are not directed at Defendant, therefore no response is required of this answering Defendant.  To the extent paragraph 51 may be construed as making factual allegations as to this Defendant, the allegations are DENIED.

DEFENDANT AYOTTE'S ANSWER TO
PLAINTIFF'S THIRD AMENDED
COMPLAINT FOR DAMAGES
NO.  3:24-cv-06058

8

OFFICE OF THE ATTORNEY GENERAL
1250 Pacific Avenue, Suite 105
P.O. Box 2317
Tacoma, WA  98401
(253) 593-5243

52.     Answering paragraph 52, the allegations are not directed at Defendant, therefore no response is required of this answering Defendant.  To the extent paragraph 52 may be construed as making factual allegations as to this Defendant, the allegations are DENIED.

53.     Answering paragraph 53, the allegations are not directed at Defendant, therefore no response is required of this answering Defendant.  To the extent paragraph 53 may be construed as making factual allegations as to this Defendant, the allegations are DENIED.

54.     Answering paragraph 54, the allegations are not directed at Defendant, therefore no response is required of this answering Defendant.  To the extent paragraph 54 may be construed as making factual allegations as to this Defendant, the allegations are DENIED.

## FIRST CAUSE OF ACTION

### DEPRIVATION OF CONSTITUTIONAL RIGHTS – FIRST/EIGHTH/FOURTEENTH AMENDMENTS – *State-Created Danger* – 42 U.S.C. Section 1983
### (Against All Defendants)

55.     Defendant hereby incorporates and realleges all answers to all preceding paragraphs as though fully incorporated herein and further answers that all allegations not expressly admitted are DENIED.

56.     Answering paragraph 56, this paragraph sets forth legal conclusions for which no answer is required.  To the extent paragraph 56 may be construed as making factual allegations as to this Defendant, the allegations are DENIED.

57.     Answering paragraph 57, the allegations are DENIED.

58.     Answering paragraph 58, the allegations are DENIED.

59.     Answering paragraph 59, the allegations are DENIED.

DEFENDANT AYOTTE'S ANSWER TO
PLAINTIFF'S THIRD AMENDED
COMPLAINT FOR DAMAGES
NO.  3:24-cv-06058

9

OFFICE OF THE ATTORNEY GENERAL
1250 Pacific Avenue, Suite 105
P.O. Box 2317
Tacoma, WA  98401
(253) 593-5243

## SECOND CAUSE OF ACTION

**DEPRIVATION OF CONSTITUTIONAL RIGHTS – FIRST/EIGHTH/FOURTEENTH AMENDMENTS – *Deliberate Indifference* – 42 U.S.C. Section 1983
(Against All Defendants)**

60.     Defendant hereby incorporates and realleges all answers to all preceding paragraphs as though fully incorporated herein and further answers that all allegations not expressly admitted are DENIED.

61.     Answering paragraph 61, this paragraph sets forth legal conclusions for which no answer is required.  To the extent paragraph 61 may be construed as making factual allegations as to this Defendant, the allegations are DENIED.

62.     Answering paragraph 62, the allegations are DENIED.

63.     Answering paragraph 63, the allegations are DENIED.

64.     Answering paragraph 64, the allegations are DENIED.

## THIRD CAUSE OF ACTION

**DEPRIVATION OF CONSTITUTIONAL RIGHTS – FIRST/EIGHTH/FOURTEENTH AMENDMENTS – *Conspiracy* – 42 U.S.C. Section 1983
(Against All Defendants)**

65.     Defendant hereby incorporates and realleges all answers to all preceding paragraphs as though fully incorporated herein and further answers that all allegations not expressly admitted are DENIED.

66.     Answering paragraph 66, this paragraph sets forth legal conclusions for which no answer is required.  To the extent paragraph 66 may be construed as making factual allegations as to this Defendant, the allegations are DENIED.

67.     Answering paragraph 67, this paragraph sets forth legal conclusions for which no answer is required.  To the extent paragraph 67 may be construed as making factual allegations as to this Defendant, the allegations are DENIED.

DEFENDANT AYOTTE'S ANSWER TO
PLAINTIFF'S THIRD AMENDED
COMPLAINT FOR DAMAGES
NO.  3:24-cv-06058

10

OFFICE OF THE ATTORNEY GENERAL
1250 Pacific Avenue, Suite 105
P.O. Box 2317
Tacoma, WA  98401
(253) 593-5243

68.     Answering paragraph 68, this paragraph sets forth legal conclusions for which no answer is required.  To the extent paragraph 68 may be construed as making factual allegations as to this Defendant, the allegations are DENIED.

69.     Answering paragraph 69, the allegations are DENIED.

70.     Answering paragraph 70, the allegations are DENIED.

71.     Answering paragraph 71, the allegations are DENIED.

## FOURTH CAUSE OF ACTION

### DEPRIVATION OF CONSTITUTIONAL RIGHTS –FOURTEENTH AMENDMENT –
### *Right to Bodily Privacy* – 42 U.S.C. Section 1983
### (Against All Defendants)

72.     Defendant hereby incorporates and realleges all answers to all preceding paragraphs as though fully incorporated herein and further answers that all allegations not expressly admitted are DENIED.

73.     Answering paragraph 73, this paragraph sets forth legal conclusions for which no answer is required.  To the extent paragraph 73 may be construed as making factual allegations as to this Defendant, the allegations are DENIED.

74.     Answering paragraph 74, this paragraph sets forth legal conclusions for which no answer is required.  To the extent paragraph 74 may be construed as making factual allegations as to this Defendant, the allegations are DENIED.

75.     Answering paragraph 75, the allegations are DENIED.

76.     Answering paragraph 76, the allegations are DENIED.

77.     Answering paragraph 77, the allegations are DENIED.

78.     Answering paragraph 78, the allegations are DENIED.

79.     Answering paragraph 79, the allegations are DENIED.

DEFENDANT AYOTTE'S ANSWER TO
PLAINTIFF'S THIRD AMENDED
COMPLAINT FOR DAMAGES
NO.  3:24-cv-06058

11

OFFICE OF THE ATTORNEY GENERAL
1250 Pacific Avenue, Suite 105
P.O. Box 2317
Tacoma, WA  98401
(253) 593-5243

## DEMAND FOR JURY TRIAL

Plaintiff's jury demand requires no answer of this answering Defendant; to the extent any answer is required, Defendant demands trial by jury.

## PRAYER FOR RELIEF

Answering Plaintiff's prayer for relief, including paragraphs A – E, Defendant DENIES plaintiff is entitled to the relief requested or to any relief whatsoever.

## DEFENDANT'S AFFIRMATIVE DEFENSES

By Way of FURTHER ANSWER and FIRST AFFIRMATIVE DEFENSE, Defendant alleges that the Plaintiff has failed to state a claim upon which relief may be granted.

By Way of FURTHER ANSWER and SECOND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's action against this Defendant is barred by the doctrine of res judicata and/or collateral estoppel.

By Way of FURTHER ANSWER and THIRD AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff has failed to exhaust administrative remedies or Plaintiff's remedy is administrative rather than judicial and therefore the action will not lie.

By Way of FURTHER ANSWER and FOURTH AFFIRMATIVE DEFENSE, Defendant alleges that the damages and/or injuries, if any, were caused by the fault of a nonparty. The identity of this nonparty is currently unknown to the Defendant.

By Way of FURTHER ANSWER and FIFTH AFFIRMATIVE DEFENSE, Defendant alleges that the Plaintiff's injuries/damages, if any, were caused by intentional conduct of incarcerated individual Williams. The damages caused by the intentional conduct must be segregated from injuries/damages allegedly caused by fault.

By Way of FURTHER ANSWER and SIXTH AFFIRMATIVE DEFENSE, Defendant alleges that the injuries and damages, if any, claimed by the Plaintiff were proximately caused or contributed to by the fault of Plaintiff.

DEFENDANT AYOTTE'S ANSWER TO
PLAINTIFF'S THIRD AMENDED
COMPLAINT FOR DAMAGES
NO. 3:24-cv-06058

12

OFFICE OF THE ATTORNEY GENERAL
1250 Pacific Avenue, Suite 105
P.O. Box 2317
Tacoma, WA 98401
(253) 593-5243

By Way of FURTHER ANSWER and SEVENTH AFFIRMATIVE DEFENSE, Defendant alleges that the Defendant at all times acted in good faith in the performance of her duties and is therefore immune from suit for the matters charged in Plaintiff's complaint.

By Way of FURTHER ANSWER and EIGHTH AFFIRMATIVE DEFENSE, Defendant alleges that if the Plaintiff suffered any damages, recovery therefore is barred by Plaintiff's failure to mitigate said damages.

By Way of FURTHER ANSWER and NINTH AFFIRMATIVE DEFENSE, Defendant alleges that this action should be dismissed pursuant to the *Younger* abstention doctrine.

By Way of FURTHER ANSWER and TENTH AFFIRMATIVE DEFENSE, Defendant alleges that agents of the Defendant State of Washington are not subject to civil suit for damages under the Eleventh Amendment of the Constitution of the United States.

By Way of FURTHER ANSWER and ELEVENTH AFFIRMATIVE DEFENSE, Defendant alleges that the claims alleged under 42 U.S.C. § 1983 are barred by the doctrine of qualified immunity.

By Way of FURTHER ANSWER and TWELFTH AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's claims are barred to the extent that there was no causal connection between the events alleged in his Complaint and any damages allegedly suffered.

By Way of FURTHER ANSWER and THIRTEENTH AFFIRMATIVE DEFENSE, Defendant alleges Plaintiff's claims are barred by the doctrine of claim splitting.

### RESERVATION OF RIGHTS

Defendant reserves the right to amend this Answer to include additional affirmative defenses that may come to light during the course of investigation or discovery.

DEFENDANT AYOTTE'S ANSWER TO
PLAINTIFF'S THIRD AMENDED
COMPLAINT FOR DAMAGES
NO.  3:24-cv-06058

13

OFFICE OF THE ATTORNEY GENERAL
1250 Pacific Avenue, Suite 105
P.O. Box 2317
Tacoma, WA  98401
(253) 593-5243

**DEFENDANT'S PRAYER FOR RELIEF**

WHEREFORE, having answered Plaintiff's Complaint, Defendant prays that Plaintiff's complaint be dismissed with prejudice, that Plaintiff take nothing by her complaint, that Defendant be allowed costs and reasonable attorney fees herein, that any judgment against Defendant be reduced by the fault of Plaintiff, and other and further relief as the Court deems just and equitable.

DATED this 18th day of May, 2026.

NICHOLAS W. BROWN
Attorney General


 /s/ Chad Arceneaux
CHAD EVERETT ARCENEAUX
WSBA No. 40442; OID No. 91105
Assistant Attorney General
Attorney for Theresa Ayotte and
Michael Brooks

DEFENDANT AYOTTE'S ANSWER TO
PLAINTIFF'S THIRD AMENDED
COMPLAINT FOR DAMAGES
NO.  3:24-cv-06058

14

OFFICE OF THE ATTORNEY GENERAL
1250 Pacific Avenue, Suite 105
P.O. Box 2317
Tacoma, WA  98401
(253) 593-5243

**DECLARATION OF SERVICE**

I declare that on this 18th day of May 2026, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Robert A. Bouvatte, Jr., WSBA No. 50220
Robert A. Bouvatte, PLLC
P.O. Box 14185
Tumwater, WA 98511
bob@rbouvattepllc.com
cassidy@rbouvattepllc.com

David Pivtorak, Cal. Bar No. 255943
david@piv4law.com

John R. Nicholson, WSBA No. 30499
Simons Sweeney Freimund Smith Tardiff PLLC
711 Capitol Way S., Suite 602
Olympia, WA 98501
john@ssslawgroup.com
jenny@ssslawgroup.com
tasha@ssslawgroup.com

DATED this 18th day of May 2026.

NICHOLAS W. BROWN
Attorney General

_s/ Chad Arceneaux_
CHAD EVERETT ARCENEAUX
WSBA No. 40442; OID No. 91105
Assistant Attorney General
1250 Pacific Avenue, Suite 105
P.O. Box 2317
Tacoma, WA  98401-2317
Telephone: (253) 593-5243
FAX: (253) 593-2449
E -mail: Chad.Arceneaux@atg.wa.gov

DEFENDANT AYOTTE'S ANSWER TO
PLAINTIFF'S THIRD AMENDED
COMPLAINT FOR DAMAGES
NO.  3:24-cv-06058

15

OFFICE OF THE ATTORNEY GENERAL
1250 Pacific Avenue, Suite 105
P.O. Box 2317
Tacoma, WA  98401
(253) 593-5243