The Honorable Tiffany M. Cartwright

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

| | |
|---|---|
| MOZZY CLARK,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF WASHINGTON, DEPARTMENT OF CORRECTIONS; LT. DENNIS SIMONS; SGT. CARRIE ANN WILLIAMS A/KA CARRIE ANN GUAJARDO; EDWIN SCHULZE; OFFICER THERESA AYOTTE; OFFICER GREGORY BROOKS; and DOES 1-10.<br><br>Defendants. | NO. 3:24-CV-06058-TMC<br><br>DEFENDANTS CARIE ANN WILLIAMS AND GREGORY BROOKS' TRIAL BRIEF |

## I. INTRODUCTION

The remaining Defendants in this matter, Carie Ann Williams and Gregory Brooks, submit this memorandum for the Court's consideration in advance of trial in this matter, which is scheduled to commence on October 26, 2026.

## II. STATEMENT OF FACTS

Plaintiff Mozzy Clark (formerly known as Alisha Betz) alleges she was sexually harassed and assaulted while at the Washington Correction Center for Women ("WCCW") in 2022, by Christy (aka Christopher) Williams, a transgender inmate with whom Plaintiff shared a cell for



SIMMONS SWEENEY FREIMUND SMITH TARDIF PLLC
EVERGREEN PLAZA BLDG
711 CAPITOL WAY S., STE 602
OLYMPIA, WA 98501
PH.: (360) 534-9960
FAX: (360) 534-9959
BELLINGHAM OFFICE
1223 COMMERCIAL STREET
BELLINGHAM, WA 98225
PH.: (360) 752-2000
FAX: (360) 752-2771

ten days. Her remaining claims are brought under 42 U.S.C. §1983 against two individuals: Carie Ann Williams (Guajardo), who previously worked for the Washington State Department of Corrections ("DOC") as a Sergeant at WCCW, and Gregory Brooks, a DOC Corrections Officer at WCCW.[1]

Inmate Williams was placed into the same cell with Plaintiff (MB 140) on February 10, 2022. Plaintiff's deposition testimony was that she agreed to Williams transferring into the cell by signing a courtesy request form when asked by Williams, who had complained her prior cellmate was bullying her. Neither Defendant Brooks nor Defendant Williams had any involvement in DOC's decision to allow Inmate Williams to be housed at WCCW, nor did they play any part in the decision to approve Inmate Williams' transfer into Plaintiff's cell.

As documented in a report by Defendant Brooks, on February 18, 2022, Plaintiff "was asking vague questions on if her roommate were to get an infraction would she get moved out of her room or not," then proceeded to state that Inmate Williams "had asked her if she could store a typewriter in her locker and she found 2 strap no's [sic] hidden in the typewriter under some black fabric inside the typewriter itself . . ." Plaintiff has testified she made clear she wanted her complaint to remain anonymous. On February 19, 2022, officers conducted a room search of MB140 and found two homemade dildo sex toys, as well as pills in Williams' possession that she had not been prescribed. Williams was called to the pod desk and spoke to Defendant Sgt. Carie Williams about the items, and she admitted they were hers. Inmate Williams was infracted for the misconduct.

Plaintiff's disclosure that Inmate Williams was in possession of the sex toys did not implicate DOC's PREA policy, because she did not state that Williams was using the toys to

[1] On June 12, 2026, the Court granted Defendant DOC's motion for judgment on the pleadings. *Dkt. 81, Order Granting Motion for Judgment on the Pleadings*. On September 16, 2026, it then dismissed all claims on summary judgment against individual Defendants Theresa Ayotte, Edwin Schultze, and Dennis Simons. *Dkt. 120, Order on Summary Judgment Motions,* at 14-16. The Court has also dismissed on summary judgment Plaintiff's bodily privacy and conspiracy theories under §1983 as to all defendants. *Id.* at 16-18.



SIMMONS SWEENEY FREIMUND SMITH TARDIF PLLC
EVERGREEN PLAZA BLDG
711 CAPITOL WAY S., STE 602
OLYMPIA, WA 98501
PH.: (360) 534-9960
FAX: (360) 534-9959
BELLINGHAM OFFICE
1223 COMMERCIAL STREET
BELLINGHAM, WA 98225
PH.: (360) 752-2000
FAX: (360) 752-2771

sexually harass her and did not disclose any type of sexual assault. Therefore, on February 19, 2022, the only process initiated was for ordinary discipline. A PREA investigation was not initiated, because Plaintiff had disclosed no PREA allegations. The fact that an inmate has engaged in ordinary misconduct, such as being in possession of contraband (including sex toys), does not require the initiation of a PREA investigation, nor does it require that cellmates be separated.

However, the next day, February 20, 2022, Plaintiff made a PREA complaint about Williams. In all likelihood, Plaintiff decided to add to her earlier complaint at this point, because the mere disclosure that Williams had sex toys did not result in Williams' removal from the cell. Defendant Brooks assisted Plaintiff in making the PREA complaint by bringing her to Sgt. Benson, who in turn brought Plaintiff to Lt. Francisco Garcia. As documented by Lt. Garcia that day, Plaintiff proceeded to allege that Williams had not merely been in possession of the sex toys, but also that she had asked Plaintiff to use the sex toys on her (Williams), and threatened retaliation if Plaintiff made a PREA complaint. Plaintiff further complained that Williams would constantly sit next to her bed instead of in her own bunk, which made her uncomfortable. Additionally, she claimed Inmate Williams would follow her into the bathroom and peek over the stall when she was showering. Plaintiff and Williams were immediately separated with Williams being placed into segregation pending an investigation into these new PREA allegations.

Importantly, even after deciding to make a PREA complaint, Plaintiff made no allegations to Lt. Garcia of any type of sexual assault by Inmate Williams. Had she alleged sexual assault, Lt. Garcia would have documented those allegations in his summary of Plaintiff's PREA complaint on February 20, 2022.

Lt. Dennis Simons was assigned to investigate Plaintiff's PREA complaint. He interviewed Plaintiff on March 26, 2022, just over a month after Inmate Williams had been



SIMMONS SWEENEY FREIMUND SMITH TARDIF PLLC
EVERGREEN PLAZA BLDG
711 CAPITOL WAY S., STE 602
OLYMPIA, WA 98501
PH.: (360) 534-9960
FAX: (360) 534-9959
BELLINGHAM OFFICE
1223 COMMERCIAL STREET
BELLINGHAM, WA 98225
PH.: (360) 752-2000
FAX: (360) 752-2771

removed from her cell. Lt. Simons prepared a written interview summary, which he asked Plaintiff to review and initial if it was complete and accurate. As is his practice during PREA investigations, he informed Plaintiff that if she believed any information should be corrected or that additional information should be included, she could make changes to the interview summary. Plaintiff initialed the interview summary, which did not indicate Inmate Williams had sexually assaulted Plaintiff, sexually touched her, or masturbated in front of her. Although Plaintiff agrees she initialed the interview summary, she claims she did not read it first. Contrary to what she initialed as the complete and accurate summary of her interview, Plaintiff claims she also disclosed that she had woken up with Inmate Williams' hand inside her pants. She also claims that she told Simons about Williams rubbing her genitalia through her shorts, which she describes as masturbation, and making statements that she "hates it when it fills up with blood." Again, this is simply false. Had such statements been made by Plaintiff, Lt. Simons would have documented them, especially given that the two had already been separated.

Indeed, every witness who testifies in this trial other than Plaintiff will state that Plaintiff never disclosed any type of sexual assault – nor any threat of sexual assault – at any time in 2022. Even after learning the results of DOC's PREA investigation – which substantiated her allegation that Williams had made veiled threats of retaliation if she had complained about the sex toys – Plaintiff did not notify anyone that sexual assault had occurred.

The first time Plaintiff made a claim that Inmate Williams sexually assaulted her was two years later when her former attorney, John Kannin, filed a tort claim on her behalf as a prerequisite to bringing suit against the State of Washington. Having received new PREA allegations based on events that occurred years earlier, DOC initiated a new PREA investigation. But once the investigatory process began again, Plaintiff herself admitted that statements made in the tort claim were not true. She then sat down with another DOC investigator, Gwendolyn Chambers, and signed a revised statement that she offered as yet another rendition about what



SIMMONS SWEENEY FREIMUND SMITH TARDIF PLLC
EVERGREEN PLAZA BLDG
711 CAPITOL WAY S., STE 602
OLYMPIA, WA 98501
PH.: (360) 534-9960
FAX: (360) 534-9959
BELLINGHAM OFFICE
1223 COMMERCIAL STREET
BELLINGHAM, WA 98225
PH.: (360) 752-2000
FAX: (360) 752-2771

happened. Because there were potential crimes being alleged by Plaintiff against Inmate Williams, DOC referred the matter to the Washington State Patrol ("WSP") for a criminal investigation.

If it were not already obvious, Plaintiff's credibility will be a central issue for the jury in this case. As discussed above, Plaintiff substantially added to her PREA allegations against Inmate Williams more than two years after the fact, without any reasonable explanation. Reviewing her deposition testimony in this case and a video-recorded interview by WSP Detective Brooke Bova, Plaintiff has made further significant inconsistent statements about her ten days living with Inmate Williams. For example, when interviewed by Detective Bova Plaintiff not only completely omitted her admission to agreeing to Inmate Williams' transfer into her cell, but went further and claimed she had no idea she would be housed with a transgender inmate and simply found Williams in the cell after work one day. In response to Defendants' counsel's questions in her deposition, Plaintiff stated that she was uncertain whether Inmate Williams' hands were inside or outside her underwear when she allegedly woke up to being sexually assaulted. Yet, when interviewed by Detective Bova, Plaintiff insisted that she had been penetrated by Inmate Williams during the sexual assault incident, most likely because Plaintiff believed this fact to be important to establish the type of crime that Inmate Williams might be charged with.

Plaintiff also has long list of serial convictions involving crimes of dishonesty or false statement, including:

- 09/21/2022 Judgment and Sentence, *State of Washington v. Alisha Christine Betz*, Thurston County Superior Court No. 21-1-00356-34 (contains convictions for 1st degree identity theft, possession of stolen motor vehicle, and theft of motor vehicle).
- 09/21/2022 Judgment and Sentence, *State of Washington v. Alisha Christine Betz*, Thurston County Superior Court No. 21-1-00999-34 (contains conviction for 2nd degree identity theft).



SIMMONS SWEENEY FREIMUND SMITH TARDIF PLLC
EVERGREEN PLAZA BLDG
711 CAPITOL WAY S., STE 602
OLYMPIA, WA 98501
PH.: (360) 534-9960
FAX: (360) 534-9959
BELLINGHAM OFFICE
1223 COMMERCIAL STREET
BELLINGHAM, WA 98225
PH.: (360) 752-2000
FAX: (360) 752-2771

- 09/22/2017, Judgment and Sentence, *State v. Alisha Christine Betz*, Grays Harbor County Superior Court No. 17-1-00276-14 (contains convictions for 1st degree identity theft; 2nd degree identity theft -2 counts, unlawful possession of payment instruments).
- 03/31/2017 Judgment and Sentence, *State of Washington v. Natti M. Valdez-Cabellero*, King County Superior Court No. 15-1-02794-4 SEA (contains conviction for 1st degree theft).

All of these convictions are admissible under FRE 609 to impeach Plaintiff's testimony. Given the significant discrepancies in Plaintiff's complaints over time, inconsistencies in what she claims happened in the cell with Inmate Williams, and her own long history of convictions reflecting a lack of credibility, it is not surprising that the Pierce County Prosecuting Attorney's Office has now declined to file any charges against Inmate Williams arising out of Plaintiff's allegations.

## III. ISSUES OF LAW

To prevail on her remaining claims against Defendants Williams and Brooks, Plaintiff must show that the deprivation alleged is objectively "sufficiently serious." *Id*. Second, she must establish each of the Defendants had a "sufficiently culpable state of mind," which must amount to "deliberate indifference" to her health and safety. *Id.* Plaintiff must prove each of the Defendants were "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [they] must also draw the inference." *Id.* at 837. "[D]eliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Board of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 410, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997). Defendants' qualified immunity defense further requires the Court to make the following inquiry: construing the facts and inferences from the evidence submitted at trial in the light most favorable to Plaintiff, would it be clear to any reasonable officer in Defendants' position that their conduct was unlawful under the Eighth Amendment? *Estate of Ford v. Ramirez-Palmer*, 301 F.3d 1043, 1045 (9th Cir. 2002).



SIMMONS SWEENEY FREIMUND SMITH TARDIF PLLC
EVERGREEN PLAZA BLDG
711 CAPITOL WAY S., STE 602
OLYMPIA, WA 98501
PH.: (360) 534-9960
FAX: (360) 534-9959
BELLINGHAM OFFICE
1223 COMMERCIAL STREET
BELLINGHAM, WA 98225
PH.: (360) 752-2000
FAX: (360) 752-2771

The legal questions of whether there is sufficient evidence to allow a rational jury to find that Defendants committed a Constitutional violation and whether Defendants are entitled to qualified immunity may be revisited in a motion for judgment as a matter of law, first at the close of the evidence in a motion brought under Fed. R. Civ. P. 50(a), and again after the verdict in a motion brought under Fed. R. Civ. P. 50(b). *See, e.g., Estate of Aguirre v. County of Riverside,* 131 F.4th 702, 706 (9th Cir. 2025); *Morales v. Fry*, 873 F.3d 817 (9th Cir. 2017). "The standard for judgment as a matter of law . . . 'mirrors' the summary judgment standard." *Reed v. Lieurance*, 863 F.3d 1196, 1204 (9th Cir. 2017) (citing *Reeves v. Sanderson Plumbing Goods*, 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed. 105 (2000)). "Judgment as a matter of law is proper if the evidence, construed in the light most favorable to the non-moving party, allows only one reasonable conclusion . . ." *Headwaters Forest Def. v. County of Humboldt*, 240 F.3d 1185, 1197 (9th Cir. 2000).

The notice to Defendants of a substantial risk of serious harm must be actual, not merely constructive. *Harrington v. Scribner,* 785 F.3d 1299, 1304 (9th Cir. 2015). "Even if a prison official should have been aware of the risk, if he 'was not, then he has not violated the Eighth Amendment, no matter how severe the risk.'" *Peralta v. Dillard*, 744 F.3d 1076, 1086 (9th Cir. 2014) (quoting *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002)). A case from the District of Idaho involving an inmate who was beaten and stabbed by his former cellmate, *Willard v. Ransom*, No. 1:21-cv-00159-DKG, 2023 WL 2354828 (D. Idaho Mar. 2, 2023), is instructive on the requisite level of notice to proceed with an Eighth Amendment claim. There, defendant officers were aware that the plaintiff and his assailant had shared a cell for an extended period of time prior to the attack without incident, but that the assailant had been moved out of the plaintiff's cell in the days leading up to the incident after they reported not getting along. *Id*. at *2. When one of the defendants opened the door to the plaintiff's cell while the assailant was in the vicinity, the assailant pushed his way inside and violently assaulted the plaintiff. *Id*. at *3.



SIMMONS SWEENEY FREIMUND SMITH TARDIF PLLC
EVERGREEN PLAZA BLDG
711 CAPITOL WAY S., STE 602
OLYMPIA, WA 98501
PH.: (360) 534-9960
FAX: (360) 534-9959
BELLINGHAM OFFICE
1223 COMMERCIAL STREET
BELLINGHAM, WA 98225
PH.: (360) 752-2000
FAX: (360) 752-2771

Holding the facts did not support deliberate indifference, the court surveyed inmate-on-inmate assault cases to discern what types of statements establish the required notice. *Id*. at **4-5. The *Willard* court distinguished cases such as *Wilk* and *Clem*, *supra*, because the defendants had received clear notice that the assailants had expressly threatened harm. *Id*. at *4.

The *Willard* court also reviewed cases where vague, non-specific complaints did not establish notice of a substantial risk of harm. *Id*. at *5. For example, in *Winstead v. Williams*, 750 Fed. Appx. 849 (11th Cir. 2018) (unpublished), the court held that a grievance in which the plaintiff asserted he wished to be moved to another cell due to having unspecified "problems" and "trouble" with his cellmate was insufficient. *Id*. at 851. In *Wise v. Ranck*, 340 Fed. Appx. 765 (3d Cir. 2009) (unpublished), deliberate indifference was not established, even though the plaintiff told the defendant officer "he and his cellmate did not get along," that "their arguments would likely become physical," and the defendant knew the cellmate had a year-long history of the cellmate having "anti-social territorial issue[s]" and had relocated other prisoners who had shared a cell with him. *Id*. at 766-67. And in *Alsobrook v. Alvarado*, 656 Fed. Appx. 489 (11th Cir. 2016) (unpublished), the court held there was no showing of the requisite notice where an inmate told the defendant he needed to be separated from his cellmate, that "we're going to have some problems if you don't get him out of here right now," and "[i]f you . . . don't get him out, I'm gonna send him out." *Id*. at 492. Plaintiff's very statements to Defendants Brooks and Williams about Inmate Williams that will be established by the evidence at trial were far less specific than those in *Willard*, *Winstead*, *Wise*, or *Alsobrook*.

The testimony at trial will establish neither Defendant Williams nor Defendant Brooks had any knowledge of a risk of substantial harm, specifically that Williams would sexually assault Plaintiff. Prior to February 20, 2022 when Plaintiff made a PREA complaint, she told Brooks that Williams would follow her into the bathroom (but not that Williams was looking at her over the shower stall). But Williams was allowed to be in the shared restroom for her assigned



SIMMONS SWEENEY FREIMUND SMITH TARDIF PLLC
EVERGREEN PLAZA BLDG
711 CAPITOL WAY S., STE 602
OLYMPIA, WA 98501
PH.: (360) 534-9960
FAX: (360) 534-9959
BELLINGHAM OFFICE
1223 COMMERCIAL STREET
BELLINGHAM, WA 98225
PH.: (360) 752-2000
FAX: (360) 752-2771

unit, and merely being present in the restroom is not a violation of DOC policy, much less a PREA violation. Besides this, Plaintiff's statements about Williams were only vague expressions that she was uncomfortable and/or did not want to be in the cell with Williams any longer. These complaints were unsupported by any claim of a threat or specific identified risk of harm.

Significantly, even if Plaintiff's claims that Williams made lewd comments to her (*e.g.,* "I hate it when it fills up with blood," "I don't know why you don't want it") or engaged in sexualized behaviors in front of her (*e.g.,* rubbing her genitals through her clothing) are believed and that she informed Defendants of those comments and behaviors, these claims do not establish any violation of the Eighth Amendment. There is broad consensus across the federal circuits that pure verbal sexual harassment, without any physical contact, does not satisfy the objective prong of the Eighth Amendment test. For example, in *Austin v. Terhune*, 367 F.3d 1167 (9th Cir. 2004), the Ninth Circuit held that while prisoners have a right to be free from sexual abuse, the Eighth Amendment's protections did not extend to a situation where a guard verbally sexually harassed an inmate and exposed his genitals to her. *Id*. at 1171-72; *see also Blueford v. Prunty*, 108 F.3d 251, 253-54 (9th Cir. 1997). Other federal courts are in agreement. *See, e.g., Adkins v. Rodriguez*, 59 F.3d 1034, 1037-38 (10th Cir. 1995) (dismissing claim where prison official verbally sexually harassed inmate and made single unauthorized entry into her cell); *Robinson v. Danberg,* 729 F.Supp.2d 666, 686 (D. Delaware 2010) (sergeant's sexual advances toward inmate, including blowing kisses and making sexual propositions, did not violate Eighth Amendment); *Burroughs v. Petrone*, 138 F.Supp.3d 182, 205 (N.D.N.Y. 2015) (officer's verbal propositioning and masturbation in inmate's presence, without any physical contact, failed to state an Eighth Amendment claim). Thus, Plaintiff's claims of offensive or sexualized comments and behavior by Inmate Williams that did not involve any physical touching do not give rise to any liability under the Eighth Amendment.



SIMMONS SWEENEY FREIMUND SMITH TARDIF PLLC
EVERGREEN PLAZA BLDG
711 CAPITOL WAY S., STE 602
OLYMPIA, WA 98501
PH.: (360) 534-9960
FAX: (360) 534-9959
BELLINGHAM OFFICE
1223 COMMERCIAL STREET
BELLINGHAM, WA 98225
PH.: (360) 752-2000
FAX: (360) 752-2771

## IV. EVIDENTIARY AND TESTIMONIAL ISSUES

There are several significant evidentiary and testimonial issues that the Court will likely be required to resolve during the trial. Three such issues anticipated by Defendants are briefed below.

### A. If Plaintiff's Request for Testimony by Inmate Williams is Permitted, Williams' Criminal History Should Not Be Admitted Under the Guise of Impeachment

Currently pending before the Court is Plaintiff's motion seeking a writ of *habeas corpus* for testimony by Inmate Williams, who is housed at Stafford Creek Correctional Center in Aberdeen, Washington. Defendants will be filing a response opposing the motion for issuance of the writ separately. However, should the Court allow Inmate Williams' testimony, the Court should take care to appropriately limit questioning and not permit Plaintiff to delve into irrelevant issues or those that are simply intended to cause prejudice to Defendants. This includes questions designed to elicit Williams' prior convictions under the guise of impeachment, much less the nature of the crimes for which Inmate Williams has been convicted.

Inmate Williams has a criminal history of assault and harassment as an adult, as well as much older juvenile convictions. As a preliminary matter, a witnesses' juvenile adjudication is not admissible in a civil case. FRE 609(d). And as discussed in Defendants' motions *in limine*, Plaintiff's adult criminal history is only relevant to her Eighth Amendment claims against Defendants Brooks and Williams if Plaintiff establishes that these defendants were aware of that criminal history. *See Ebert v. County of San Bernardino*, 832 F.Supp.3d 1040 (C.D. Cal. 2026) (granting summary judgment in favor of officers where plaintiff "offers no evidence that [they] were aware of the specifics of [assailant's] conviction."). Without a showing of knowledge by the remaining Defendants, information about Plaintiff's specific criminal history is clearly substantially outweighed by the danger of unfair prejudice. *See Scott v. Lawrence*, 36 F.3d 871, 874-75 (9th Cir. 1994) (holding that informing jury that plaintiff inmate had prior convictions for rape and sexual assault required reversal and new trial). If Plaintiff does not establish they



SIMMONS SWEENEY FREIMUND SMITH TARDIF PLLC
EVERGREEN PLAZA BLDG
711 CAPITOL WAY S., STE 602
OLYMPIA, WA 98501
PH.: (360) 534-9960
FAX: (360) 534-9959
BELLINGHAM OFFICE
1223 COMMERCIAL STREET
BELLINGHAM, WA 98225
PH.: (360) 752-2000
FAX: (360) 752-2771

had awareness of Inmate Williams' specific convictions, then there is no probative value in admitting evidence about them, because without notice of the convictions the only purpose of this evidence would be to cause unfair prejudice to Defendants Brooks and Williams.

Defendants anticipate Plaintiff is calling Inmate Williams in an effort to seek admission of Williams' criminal history based on a credibility strawman argument. Plaintiff knows that Inmate Williams will deny engaging in the sexual assault Plaintiff claims occurred, because she has denied it when interviewed by Detective Bova as part of WSP's criminal investigation. Upon securing a denial from Inmate Williams, Plaintiff will then seek to use this denial as an excuse to admit Williams' convictions to include her specific crimes under FRE 609, supposedly for the purpose of impeaching her credibility. *See United States v. Buffalo*, 358 F.3d 519, 523-24 (8th Cir. 2004) (discussing scrutiny to be applied in situations where a party seeks to impeach its own witness as subterfuge to admit otherwise inadmissible evidence). This should not be permitted.

Felonies not involving acts of dishonesty or false statement that are less than ten years old, as calculated under FRE 609, are generally admissible in a civil case, but the admission is "subject to Rule 403." ER 609(1)(A). In turn, FRE 403 allows the court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FRE 403. Thus, in civil cases, felonies that are less than ten years old should be excluded if the danger of unfair prejudice is greater than any potential probative value. See*, e.g., Clark v. City of Tucson*, No. CV 08-300-TUC-HCE, 2010 WL 11515475, at *2 (D. Arizona Nov. 1, 2010) (federal civil rights case excluding convictions for aggravated assault, aggravated DUI, child abuse, possession of marijuana, and possession of drug paraphernalia, even though they were less than ten years old, based on FRE 403 balancing). Such is the case with Inmate Williams' criminal history here. Even if the Court concludes Inmate



SIMMONS SWEENEY FREIMUND SMITH TARDIF PLLC
EVERGREEN PLAZA BLDG
711 CAPITOL WAY S., STE 602
OLYMPIA, WA 98501
PH.: (360) 534-9960
FAX: (360) 534-9959
BELLINGHAM OFFICE
1223 COMMERCIAL STREET
BELLINGHAM, WA 98225
PH.: (360) 752-2000
FAX: (360) 752-2771

Williams' prior convictions have some probative value, the limited impeachment value of the evidence is substantially outweighed by the danger of unfair prejudice.

If the Court disagrees and holds that Inmate Williams' criminal history is admissible for purposes of impeaching her testimony, it should specifically exclude any mention of or reference to the specific crimes she was convicted of. "[A]bsent exceptional circumstances, evidence of a prior conviction admitted for impeachment purposes may not include collateral details and circumstances attendant upon the conviction." *United States v. Osazuwa*, 564 F.3d 1169, 1175 (9th Cir. 2009) (quoting *United States v. Albers*, 93 F.3d 1469, 1480 (10th Cir. 1996)). Unlike crimes of dishonesty and false statement, where the impeachment value exists in the nature of the crime, the impeachment value of the crimes Inmate Williams was convicted of derives only from the fact of conviction. *Gray v. Clark*, 654 F.Supp.3d 1062, 1069 (E.D. Cal. 2023) (citing *United States v. Cabrera*, 201 F.3d 1243, 1246 n.2 (9th Cir. 2000)). "The Rules allow evidence of the fact that a witness suffered a relevant felony conviction but not information about the nature or surrounding circumstances of the felony conviction unless the conviction directly bears on issues of credibility." *Anglin v. Pratti*, 643 F.Supp.3d 1077, 1081 (E.D. Cal. 2022) (citing *Crowley v. EpiCept Corp.*, 2015 WL 13827913, at *4 (E.D. Cal. Mar. 9, 2019)). As a result, federal courts routinely prohibit any reference to the specific offenses a witness has committed, even if it does admit the fact of conviction for impeachment purposes.

A conviction is especially susceptible to Rule 403 exclusion when it is similar to the alleged conduct underlying the Plaintiff's civil claims, such as the alleged sexual assault in this case. When a prior conviction mirrors the facts at issue in the civil case, there is a heightened risk that the jury will use the conviction not to assess credibility but to infer that the witness acted in conformity with the prior conduct — a propensity inference that Rule 404(b)(1) prohibits. *Gray*, 654 F.Supp.3d at 1069 ("[B]ecause Mr. Gray's convictions implicate prior acts of violence and his current claims involve disputed facts of a violent incident, the names of his convictions



SIMMONS SWEENEY FREIMUND SMITH TARDIF PLLC
EVERGREEN PLAZA BLDG
711 CAPITOL WAY S., STE 602
OLYMPIA, WA 98501
PH.: (360) 534-9960
FAX: (360) 534-9959
BELLINGHAM OFFICE
1223 COMMERCIAL STREET
BELLINGHAM, WA 98225
PH.: (360) 752-2000
FAX: (360) 752-2771

pose a significant risk of unfair prejudice by suggesting he has a propensity for violence."); *See* FRE 404(b)(1) ("Evidence of any crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."). It follows that if the Court allows Plaintiff to impeach Williams' credibility with her prior convictions, it should not permit Plaintiff to state or elicit any information about the name or nature of the specific offenses Williams was convicted of.

Plaintiff should likewise be prohibited from mentioning anything about Inmate Williams' sentence length. The prejudicial effect of a specific sentence length outweighs any probative value, unless the sentence length bears on a relevant issue. *See Scott v. Palmer*, 2015 WL 13323123, at *1 (E.D. Cal. Sep. 30, 2015) ("Given that the probative value of the precise length of his sentence is low, the Court finds that the probative value is substantially outweighed by unfair prejudice and Defendants' inquiry shall be limited to establishing that Plaintiff is serving a lengthy prison sentence."); *see also Venable v. Patel*, 2022 WL 902835, at *1 (E.D. Cal. Mar. 28, 2022) (prohibiting defendants from introducing evidence about the "nature of the crime or the length of sentence being served").

**B. Plaintiff's Witnesses Who Were Not Identified in Initial Disclosures or Discovery Should Be Excluded**

Since the parties filed their motions *in limine* on September 22, 2026, Plaintiff has identified several witnesses in her pretrial statement who were not identified in any party's initial disclosures or in response to the Defendants' discovery requests. These witnesses include:

1. Yovany Pineda-Betz
2 Ne-Yoni Sanchez-Betz
3. Lola Hultberg
4. DOC Deputy Assistant Secretary Deborah Wofford

Each of these previously undisclosed witnesses should be excluded pursuant to Defendants' motion *in limine* No. 7. Dkt. 123, *Defendants' Motions in Limine*, at 9-10.



SIMMONS SWEENEY FREIMUND SMITH TARDIF PLLC
EVERGREEN PLAZA BLDG
711 CAPITOL WAY S., STE 602
OLYMPIA, WA 98501
PH.: (360) 534-9960
FAX: (360) 534-9959
BELLINGHAM OFFICE
1223 COMMERCIAL STREET
BELLINGHAM, WA 98225
PH.: (360) 752-2000
FAX: (360) 752-2771

Each party must state in its initial disclosures "the name and, if known the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a). In turn, Fed. R. Civ. P. 37(c)(1) "gives teeth" to the disclosure requirements "by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp*., 259 F.3d 1101, 1106 (9th Cir. 2001); Fed. R. Civ. P. 37(c)(1). Rule 37 "provides a self-executing sanction for failure to make a disclosure required by Rule 26(a), without the need for a motion under subdivision (a)(2)(A)." Fed. R. Civ. P. 37(c)(1), Advisory Committee Notes, 1993 Amendments; *see also Yeti by Molly Ltd*., 259 F.3d at 1106 (noting that sanctions under Rule 37(c)(1) are "self-executing" and "automatic," and are appropriate even where the offending party "never violated an explicit order" and "absent a showing in the record of bad faith or willfulness.").

Rule 37(c)(1) prohibits testimony from a late disclosed witness "at a hearing, or at trial, unless the failure was substantially justified or harmless." The burden falls on Plaintiff, as the party responsible for the late disclosure, to establish that his failure to disclose the late disclosed witness earlier was either substantially justified or harmless. *Yeti by Molly*, 259 F.3d at 1107 ("Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness."); *Torres v. City of Los Angeles*, 548 F.3d 1197, 1213 (9th Cir. 2008) ("Plaintiffs were not required to articulate how they would be prejudiced by Defendants failure to [disclose]."). To determine whether a late disclosure was substantially justified or harmless, courts consider (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence. *Lanard Toys Ltd v. Novelty, Inc*., 375 Fed. Appx. 705, 713 (9th Cir. 2010) (citing *David v. Caterpillar, Inc*., 324 F.3d 851, 857 (7th Cir. 2003)).



SIMMONS SWEENEY FREIMUND SMITH TARDIF PLLC
EVERGREEN PLAZA BLDG
711 CAPITOL WAY S., STE 602
OLYMPIA, WA 98501
PH.: (360) 534-9960
FAX: (360) 534-9959
BELLINGHAM OFFICE
1223 COMMERCIAL STREET
BELLINGHAM, WA 98225
PH.: (360) 752-2000
FAX: (360) 752-2771

Here, Defendants had no opportunity to prepare for testimony by the above late-disclosed witnesses, resulting in severe prejudice. Defendants have had no opportunity to depose the witnesses or prepare for their testimony. The late disclosure just weeks before trial was clearly willful and an act of bad faith by Plaintiff.

**C. Even if the Court Overlooks Plaintiff's Failure to Identify DOC Deputy Assistant Secretary Deborah Wofford in Her Initial Disclosures or Discovery Responses, Wofford's Testimony Should Be Excluded**

While Deputy Assistant Secretary Wofford is a DOC employee, she has never been identified by any of the parties in this case – either in their initial disclosures or in their responses to discovery requests seeking the identity of individuals with knowledge or relevant information. Rather, Wofford was designated as DOC's representative pursuant to a deposition notice in Plaintiff's related case in Pierce County Superior Court under Washington Civil Rule 30 (b)(6). This deposition occurred in this different lawsuit in another forum, and well ***after*** the discovery cut-off in this case. Wofford was designated by DOC in that case, where it is still a party defendant, as a deponent to speak on issues for purposes of that case only. DOC is no longer a party to this case, given its motion for judgment on the pleadings was granted months ago. Further, the topics – which called for DOC's knowledge rather than the knowledge of individual Defendants Williams and Brooks – are not relevant to this case. Wofford has no personal knowledge of Plaintiff's allegations, and DOC's institutional knowledge of Inmate Williams' history is irrelevant to the issue of whether Defendants Brooks or Williams had individual knowledge of that history. Further, given Plaintiff's remaining claims are against Defendants Williams and Brooks in their individual capacities only, Wofford has no relevant or admissible testimony to offer in this case, where DOC is no longer a party.

To the extent Plaintiffs offer Ms. Wofford's testimony under CR 30(b)(6) from the Pierce County case at trial in this case, this request must likewise be rejected. As a preliminary matter, Plaintiff has made no showing of Wofford's unavailability such that there would be any basis for using the deposition under Fed. R. Civ. P. 32. Moreover, given DOC is not a party in this



SIMMONS SWEENEY FREIMUND SMITH TARDIF PLLC
EVERGREEN PLAZA BLDG
711 CAPITOL WAY S., STE 602
OLYMPIA, WA 98501
PH.: (360) 534-9960
FAX: (360) 534-9959
BELLINGHAM OFFICE
1223 COMMERCIAL STREET
BELLINGHAM, WA 98225
PH.: (360) 752-2000
FAX: (360) 752-2771

matter any longer, Wofford's deposition from another case is hearsay in that it does not qualify as a statement by a party opponent in the current litigation. FRE 801 – 802. And unlike an ordinary witness, a Rule 30(b)(6) deponent testifies not from personal knowledge, but from corporate knowledge obtained from hearsay sources, such as internal documents and discussions with other current or former employees. Given that DOC is not a party to this case and Ms. Wofford did not have personal knowledge of all issues she testified to as a Rule 30(b)(6) deponent in the state court action, that testimony is inadmissible in this case for failure to satisfy the personal knowledge requirement of Fed. R. Evid. 602. *Kraft Foods Global, Inc., v. United Egg Producers, Inc.,* No. 11-cv-8808, 2023 WL 5647204 (N.D. Ill. Aug. 31, 2023) ("A Rule 30(b)(6) deposition of a non-party is inadmissible at trial unless the witness had personal knowledge of the subject matter.").

DATED this 5th day of October, 2026.

SIMMONS SWEENEY FREIMUND
SMITH TARDIF, PLLC

*/s/ John R. Nicholson*
JOHN R. NICHOLSON, WSBA #30499
711 Capitol Way S., Suite 602
Olympia, WA 98501
(360) 534-9960
John@ssslawgroup.com
Special Assistant Attorney General
Attorney for Defendants State of Washington, Department of Corrections, Edwin Schulze, Lt. Dennis Simons, and Carie Ann Williams (Guajardo)

NICHOLAS W. BROWN
Attorney General

*/s/ Chad Arceneaux*
CHAD EVERETT ARCENEAUX, WSBA #40442
Assistant Attorney General
Office of the Attorney General
1250 Pacific Avenue, Suite 105
P.O Box 2317
Tacoma, WA 98401
Chad.arceneaux@atg.wa.gov
Attorneys for Theresa Ayotte and Gregory Brooks

**CERTIFICATE OF SERVICE**

I certify that on October 5, 2026 I electronically filed the foregoing with the Court through CM/ECF and served on all parties or their counsel of record a copy of this document addressed as follows:

| | |
|---|---|
| Robert Bouvatte<br>P.O. Box 14185<br>Tumwater, WA 98511<br>bob@rbouvattepllc.com<br>rbouvattelaw@gmail.com<br>Attorney for Plaintiff | ☒ CM/ECF-Filing<br>☐ ABC/Legal Messenger<br>☐ Email |
| David Pivtorak<br>The Pivtorak Law Firm<br>611 Wilshire Boulevard, Suite 911<br>Los Angeles, CA 90017<br>david@piv4law.com<br>Attorney for Plaintiff | ☒ CM/ECF-Filing<br>☐ ABC/Legal Messenger<br>☐ Email |
| Chad Everett Arceneaux<br>Assistant Attorney General<br>Office of the Attorney General<br>1250 Pacific Ave., Suite 105<br>Tacoma, WA 98401<br>chad.arceneaux@atg.wa.gov<br>karen.palmer@atg.wa.gov<br>john.unfred@atg.wa.gov<br>TORTacEF@atg.wa.gov<br>Attorney for Defendants Theresa Ayotte and Gregory Brooks | ☒ CM/ECF-Filing<br>☐ ABC/Legal Messenger<br>☐ Email |

I certify under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

DATED this 5th day of October, 2026 at Seattle, Washington.

*/s/ Jenny Singleton*
Jenny Singleton, Paralegal
711 Capitol Way S, Ste 602
Olympia, WA 98501
Tel: (360) 534-9960
Jenny@ssslawgroup.com