The Honorable Tiffany M. Cartwright

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

| | |
|---|---|
| MOZZY CLARK,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF WASHINGTON, DEPARTMENT OF CORRECTIONS; LT. DENNIS SIMONS; SGT. CARRIE ANN WILLIAMS A/KA CARRIE ANN GUAJARDO; EDWIN SCHULZE; OFFICER THERESA AYOTTE; OFFICER GREGORY BROOKS; and DOES 1-10.<br><br>Defendants. | NO. 3:24-CV-06058-TMC<br><br>DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR ISSUANCE OF WRIT OF *HABEAS CORPUS AD TESTIFICANDUM* |

## I. INTRODUCTION

Defendants submit this response in opposition to Plaintiff's motion for a writ of *habeas corpus* seeking in-person trial testimony by Christopher (Christy) Williams, an incarcerated individual in the custody of the Washington State Department of Corrections ("DOC").[1] Defendants request that the Court deny Plaintiff's motion for the writ, because Inmate Williams' testimony is unnecessary given the limited remaining issues in this case. In the event that the

[1] Although DOC has been dismissed from this case on summary judgment, one of the undersigned attorneys remains counsel of record for DOC and submits this response on its behalf, as well as on behalf of the other individual Defendants.



SIMMONS SWEENEY FREIMUND SMITH TARDIF PLLC
EVERGREEN PLAZA BLDG
711 CAPITOL WAY S., STE 602
OLYMPIA, WA 98501
PH.: (360) 534-9960
FAX: (360) 534-9959
BELLINGHAM OFFICE
1223 COMMERCIAL STREET
BELLINGHAM, WA 98225
PH.: (360) 752-2000
FAX: (360) 752-2771

Court orders that Williams must testify at trial, it should require that the testimony take place remotely over zoom due to security concerns and the associated expense of requiring Williams' transport for in-person testimony.

## II. STATEMENT OF FACTS

After granting summary judgment in favor of DOC and several other individual defendants, Plaintiff's remaining claims in this case are against Defendants Gregory Brooks and Carie Ann Williams (Guajardo) for alleged deliberate indifference to a substantial risk of the harm of sexual assault by her former cellmate at the Washington Correctional Center for Women ("WCCW"), Christopher (Christy) Williams, in violation of the Eighth Amendment. Inmate Williams is a transgender woman who is currently housed at Stafford Creek Correctional Center ("SCCC") in Aberdeen, Washington. Dkt. 120, *Order on Summary Judgment Motions*. During a criminal investigation by the Washington State Patrol ("WSP") into Plaintiff's allegations of sexual assault by Inmate Williams, Williams denied the allegations. *Declaration of John R. Nicholson in Opposition to Motion for Writ of Habeas Corpus,* Exh. 1. The Pierce County Prosecuting Attorney's Office has declined to file any charges. *Id*., Exh. 2.

Despite claiming that Inmate Williams is an essential witness at trial, Plaintiff has never made any effort to take Inmate Williams' deposition. *Id*., ¶ 2. Nevertheless, Plaintiff knows Inmate Williams will deny her allegations of sexual harassment and sexual assault based upon receipt of Inmate Williams' video-recorded statement given to WSP Detective Brook Bova as part of WSP's criminal investigation into Plaintiff's allegations and the WSP investigative report documenting the same. *Id*., Exh. 1. The Pierce County Prosecuting Attorney's Office has declined to file charges against Inmate Williams relating to Plaintiff's sexual assault allegations. *Id*., Exh. 2.

Williams is incarcerated for violent crimes. *Declaration of Shari Hall*, ¶ 4. Williams' current convictions are from 2012 and are for first degree assault and harassment (both with a



SIMMONS SWEENEY FREIMUND SMITH TARDIF PLLC
EVERGREEN PLAZA BLDG
711 CAPITOL WAY S., STE 602
OLYMPIA, WA 98501
PH.: (360) 534-9960
FAX: (360) 534-9959
BELLINGHAM OFFICE
1223 COMMERCIAL STREET
BELLINGHAM, WA 98225
PH.: (360) 752-2000
FAX: (360) 752-2771

weapons enhancement), as well as second degree assault. *Hall Decl.*, ¶ 4. In the last year, Williams has had more than three serious infractions and is now on maximum custody status in the intensive management unit ("IMU"). *Id.*, ¶ 4. Due to security risks, DOC would need to use a special transport to facilitate taking Williams' to and from the Tacoma federal courthouse. *Id.*, ¶ 4. This special transport would consist of at least three officers, and DOC would likely need to utilize its Special Emergency Response Team ("SERT"). *Id.*, ¶ 4. DOC has calculated an estimate of the cost in terms of staff hours for such a transport to be $1,707.37 per trip, meaning for each day that Inmate Williams must be present in person for court testimony. *Id.*, ¶ 4

In civil cases, incarcerated individuals such as Inmate Williams routinely testify remotely by zoom, which is DOC's strong preference if the testimony is necessary. *Id.*, ¶ 5. SCCC can make Williams available by zoom for testimony at almost any time during regular business hours. *Id.*, ¶ 5. This eliminates security risks for the greater community, because Williams will then not need to leave SCCC. *Id.*, ¶ 5. Additionally, when testifying remotely incarcerated individuals can appear unrestrained. *Id.*, ¶ 5. They are also permitted to wear a clean white t-shirt or khaki button-up shirt supplied by DOC, rather than a jumpsuit or attire that obviously reflects their incarcerated status. *Id.*, ¶ 5. This would not be an option if Williams were transported to testify in person. *Id.*, ¶ 5.

## III. STATEMENT OF ISSUES

1. Should Plaintiff's motion for a writ of habeas corpus seeking the in person appearance of Inmate Williams be denied, where (1) Williams' attendance at trial will not substantially further the resolution of the case; (2) there are substantial security concerns due to Inmate Williams' criminal history and custody status; and (3) there is a significant burden and expense on DOC if in-person testimony by Williams is ordered?

2. If the Court orders testimony by Williams at trial, must any such testimony be done remotely due to the factors identified above and to mitigate any prejudice to DOC that



SIMMONS SWEENEY FREIMUND SMITH TARDIF PLLC
EVERGREEN PLAZA BLDG
711 CAPITOL WAY S., STE 602
OLYMPIA, WA 98501
PH.: (360) 534-9960
FAX: (360) 534-9959
BELLINGHAM OFFICE
1223 COMMERCIAL STREET
BELLINGHAM, WA 98225
PH.: (360) 752-2000
FAX: (360) 752-2771

might result from Williams being brought into court as a restrained and incarcerated witness?

## IV. EVIDENCE RELIED UPON

Defendants rely on the pleadings, the Court's file herein, and the following documents submitted contemporaneously with this response: (1) Declaration of Shari Hall and (2) Declaration of John R. Nicholson in Opposition to Plaintiff's Motion for Writ of Habeas Corpus Ad Testificandum with Exhibits 1 – 2 thereto.

## V. AUTHORITY

Factors that should guide the court's consideration of whether to order a correctional agency to produce an incarcerated individual for testimony in a civil proceeding pursuant to a writ of *habeas corpus ad testificandum* include:

> Whether the prisoner's presence will substantially further the resolution of the case, the security risks presented by the prisoner's presence, the expense of the prisoner's transportation and safekeeping, and whether the suit can be stayed until the prisoner is released without prejudice to the cause asserted.

*Wiggins v. Alameda County*, 717 F.2d 466, 468 fn.1 (9th Cir. 1983) (quoting *Ballard v. Spradley*, 557 F.2d 476, 480 (5th Cir. 1977)). The burden of establishing the necessity of the writ is on the party requesting it. *United States v. Smith*, 924 F.2d 889, 896 (9th Cir. 1991). The Court's denial of a writ is reviewed for an abuse of discretion. *Id.*

Plaintiff's request fails under this test. As described below, it is clear from law enforcement interviews produced in discovery that Inmate Williams, whom Plaintiff never made any effort to depose in discovery, will deny Plaintiff's allegations of sexual assault and harassment. Her testimony does nothing to advance Plaintiff's liability case. Further, unlike in *Smith v. State*, No. 3:21-cv-056350-TMC-BAT, 2024 WL 992610 (W.D. Wash. Feb. 23, 2024), the primary case Plaintiff relies upon, Inmate Williams' appearance is also unnecessary to establish Plaintiff's claimed damages. Defendants anticipate Plaintiff actually intends to call Inmate Williams for the sole purpose of introducing her criminal history, which is otherwise inadmissible, supposedly as extrinsic evidence to impeach her, a deceptive tactic not permitted



SIMMONS SWEENEY FREIMUND SMITH TARDIF PLLC
EVERGREEN PLAZA BLDG
711 CAPITOL WAY S., STE 602
OLYMPIA, WA 98501
PH.: (360) 534-9960
FAX: (360) 534-9959
BELLINGHAM OFFICE
1223 COMMERCIAL STREET
BELLINGHAM, WA 98225
PH.: (360) 752-2000
FAX: (360) 752-2771

in the Ninth Circuit. Worse, Plaintiff seeks to use Inmate Williams' appearance to exploit anti-transgender bias in lieu of actually proving her case. In the event the Court allows Plaintiff to call Inmate Williams at trial despite all these reasons not to, the Court should hold that the testimony must be conducted remotely by zoom rather than in person based upon the clear security risks and associated costs to DOC.

### A. The Writ Should Be Denied, Because Inmate Williams' Testimony Will Not Substantially Further the Resolution of the Case and Plaintiff's Purported Reasons for Seeking the Testimony Are a Sham

Plaintiff's remaining claims are against two individual current or former DOC employees: Sergeant Carie Williams (Guajardo) and Officer Gregory Brooks. Questions of fact that remain for the jury are (1) whether the sexual assault claimed by Plaintiff actually occurred as she has claimed; (2) whether each of the remaining defendants was deliberately indifferent to a substantial risk of serious harm that caused the allege sexual assault; and (3) if the jury answers the first two questions in Plaintiff's favor, the amount of Plaintiff's damages.

While the question of whether the sexual assault actually occurred as Plaintiff has claimed remains an issue for the jury to resolve, Plaintiff's suggestion that she must call Inmate Williams as a witness to establish this is a stunt. Plaintiff knows that Inmate Williams will deny that she sexually harassed or assaulted Plaintiff, because Williams has already denied these facts in a video-recorded interview by WSP Detective Bova during a law enforcement criminal investigation, which has now concluded. This interview and the corresponding report was produced by Defendants to Plaintiff months ago in discovery. *Nicholson Decl.*, ¶ 2 and Exh. 1. Plaintiff claims Inmate Williams' testimony is essential to prove her case, yet fails to explain how this could be so, given she never even sought to take her deposition in discovery.

If the importance of a witness' presence cannot be ascertained and it is evident that there is substantial inconvenience and expense involved in transporting the witness, the district court may properly conclude that the inconvenience and expense of transporting the witness outweigh



SIMMONS SWEENEY FREIMUND SMITH TARDIF PLLC
EVERGREEN PLAZA BLDG
711 CAPITOL WAY S., STE 602
OLYMPIA, WA 98501
PH.: (360) 534-9960
FAX: (360) 534-9959
BELLINGHAM OFFICE
1223 COMMERCIAL STREET
BELLINGHAM, WA 98225
PH.: (360) 752-2000
FAX: (360) 752-2771

any benefit to be provided. *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472, 483-84, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). The notion that a writ of *habeas corpus* should issue in order for Plaintiff to call a witness who will *deny* the very facts Plaintiff ostensibly seeks to prove is nothing more than a ruse. Plaintiff seeks to parade an incarcerated transgender woman in front of the jury for purposes of harassing her and to suggest, by virtue of her physical appearance and stereotypes, that Plaintiff and not Williams should be believed.

Perhaps of greater concern, Plaintiff seeks to introduce Williams' testimony to the jury for the sole purpose of introducing her prior convictions, which would otherwise be inadmissible without a showing that Defendants were specifically aware of them. *See Ebert v. County of San Bernardino*, 832 F.Supp.3d 1040 (C.D. Cal. 2026) (granting summary judgment in favor of officers where plaintiff "offers no evidence that [they] were aware of the specifics of [assailant's] conviction."). Unable to establish Defendants' awareness of Inmate Williams specific conviction history, as would be necessary to demonstrate that the convictions are relevant as probative of Defendants Brooks and Williams' alleged deliberate indifference, Plaintiff instead seeks to introduce the information under the guise of a need to impeach Inmate Williams' testimony. This is prohibited in the Ninth Circuit, where courts hold that Rule 607's broad permission to impeach does not authorize a party to call a witness for the *sole* purpose of impeaching that witness with otherwise inadmissible evidence. *United States v. Gomez-Gallardo*, 915 F.2d 553, 555 (9th Cir. 1990).

The Court here should find Plaintiff's primary purpose is the one prohibited by *Gomez-Gallardo*: to impeach Inmate Williams with the use of otherwise inadmissible evidence. There is no legitimate reason for Plaintiff to call Inmate Williams, given Plaintiff knows full well Inmate Williams will deny Plaintiff's allegations. Inmate Williams' known statements on these issues will therefore do nothing to develop Plaintiff's case.



SIMMONS SWEENEY FREIMUND SMITH TARDIF PLLC
EVERGREEN PLAZA BLDG
711 CAPITOL WAY S., STE 602
OLYMPIA, WA 98501
PH.: (360) 534-9960
FAX: (360) 534-9959
BELLINGHAM OFFICE
1223 COMMERCIAL STREET
BELLINGHAM, WA 98225
PH.: (360) 752-2000
FAX: (360) 752-2771

Plaintiff principally relies upon this Court's unpublished decision in *Smith v. State*, No. 3:21-cv-056350-TMC-BAT, 2024 WL 992610 (W.D. Wash. Feb. 23, 2024). However, the opinion is inapposite and distinguishable. There, an incarcerated plaintiff moved for a writ of *habeas corpus ad testificandum* to secure his own attendance at trial, arguing that his physical presence was necessary for the jury to assess his credibility and observe his injuries. *Smith* involved claims of inadequate medical care for which the defendant's liability had been established on summary judgment. The plaintiff in *Smith* wished to present evidence at trial of his noticeable loss of muscle mass and atrophy of tissues. *Id*. at *2.

In contrast, here Inmate Williams' testimony is unnecessary to establish Plaintiff's claimed damages — her fear, anxiety, and emotional distress from being confined with and allegedly sexually assaulted by Inmate Williams. Plaintiff's claimed damages are established through her own testimony and any expert testimony regarding her psychological harm, not through Williams's physical presence at trial. Williams' in-person appearance at trial would not itself demonstrate what Plaintiff experienced in the shared cell between February 10 – 20, 2022. Plaintiff's own account of her subjective emotional state during that period is the most direct and probative evidence of her damages, and that account does not depend on Williams testifying. The Court should not permit Plaintiff to use this obvious excuse to parade a transgender inmate into court in an effort to exploit anti-transgender bias and stereotypes as a scare tactic.

**B. If the Writ is Granted, the Court Should Order Inmate Williams' Trial Testimony to Be Conducted Remotely**

If the Court does not deny Plaintiff's writ entirely, the Court should hold that only remote testimony of Inmate Williams by zoom will be permitted. "For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." Fed. R. Civ. P. 43(a). "Where security concerns and expense become substantial considerations, courts may turn to videoconferencing as a useful alternative." *Thompson v. Hicks*, No. C08-10650JCC, 2012 WL 12874936, at *3



SIMMONS SWEENEY FREIMUND SMITH TARDIF PLLC
EVERGREEN PLAZA BLDG
711 CAPITOL WAY S., STE 602
OLYMPIA, WA 98501
PH.: (360) 534-9960
FAX: (360) 534-9959
BELLINGHAM OFFICE
1223 COMMERCIAL STREET
BELLINGHAM, WA 98225
PH.: (360) 752-2000
FAX: (360) 752-2771

(W.D. Wash. Sept. 4, 2012) (denying incarcerated plaintiff's motion for new trial in his civil rights case where court ordered he would participate by videoconference). Because of such concerns here (in addition to the relative lack of need for Inmate Williams' testimony), the Court should hold that any testimony by Inmate Williams must be done remotely by zoom. *See, e.g., Draper v. Rosario*, 836 F.3d 1072, 1082 (9th Cir. 2016) (upholding denial of request by incarcerated plaintiff for in-person testimony by incarcerated witness based upon safety concerns).

The Court's rationale in *Smith* for requiring in-person attendance was specifically tied to the jury's ability to observe a physical condition relevant to a harm claimed by the prisoner, who was the plaintiff, a factual circumstance not present here. *Smith*, 2024 WL 992610 at *2. Plaintiff's motion itself concedes that "the relevant evidentiary need differs here," acknowledging that Inmate Williams's present physical appearance is not independent proof of what occurred in February 2022. Dkt. 127, *Plaintiff's Motion for Issuance of Writ of Habeas Corpus* at 6. Unlike *Smith*, there is no physical condition of Williams that the jury needs to observe in person to resolve Plaintiff's claims. Modern video technology, including zoom, allows the jury to observe Inmate Williams' demeanor, facial expressions, and responses to direct and cross-examination in real time. The advisory committee notes to Rule 43(a) recognize that transmission technology has advanced significantly, and courts have broad discretion in determining whether remote testimony adequately serves the fact-finding function. The credibility concern Plaintiff raises applies equally to any remote witness and does not, standing alone, constitute the "compelling circumstances" required under Rule 43(a) to override a logistically complex in-person production from a correctional facility approximately four years after the alleged events.

Since the COVID-19 pandemic and widespread adoption of zoom and other similar platforms, remote court proceedings, including witness testimony and even entire trials, have



SIMMONS SWEENEY FREIMUND SMITH TARDIF PLLC
EVERGREEN PLAZA BLDG
711 CAPITOL WAY S., STE 602
OLYMPIA, WA 98501
PH.: (360) 534-9960
FAX: (360) 534-9959
BELLINGHAM OFFICE
1223 COMMERCIAL STREET
BELLINGHAM, WA 98225
PH.: (360) 752-2000
FAX: (360) 752-2771

become commonplace, especially in cases involving incarcerated parties and witnesses. *See, e.g., Pearson v. Los Angeles County Sheriff's Dep't.,* No. 2:18-cv-09065-SB-ADS*,* 2022 WL 1837075, *1 (C.D. Cal. Mar. 14, 2022) (evidentiary hearing at which incarcerated plaintiff appeared remotely by videoconference from prison); *Steward v. County of Santa Clara*, No. 18-cv-04119-SI, 2022 WL 94911, *3 (N.D. Cal. Jan 10, 2022) (discussing federal civil rights trial that included "remote testimony from multiple incarcerated witnesses"); *Animashaun v. Toohill*, No. 9:21-cv-0372 (MAD/TWD), 2024 WL 3846062, at **4-5 (N.D. New York Aug. 16, 2024) (allowing incarcerated plaintiff to participate in his civil rights trial remotely); *Granados-Coreas v. Nassau County*, No. CV 18-6092 (AYS), 2022 WL 16575725, at *7 (E.D. New York Nov. 1, 2022) (authorizing incarcerated plaintiff to testify from remote location). "[T]estimony via video-conferencing would allow the jury . . . . to see the witness's demeanor during his testimony. In this regard, live video-testimony does not pose the same problem as former recorded testimony such as transcripts from depositions or prior hearings that are read to the jury." *United States v. Fox*, No. CR 16-0100-JCC, 2018 WL 1517674, at *2 (W.D. Wash. Mar. 28, 2018) (citing cases).

There are clear security risks that will be undertaken if Williams is ordered to be transported between Stafford Creek Corrections Center in Aberdeen and the federal courthouse in Tacoma. Williams is incarcerated for violent crimes[2] and has a significant criminal history. "Allowing an incarcerated [witness] to appear in person for trial in 'a distant court entails cost and even danger . . . Thus, with respect to incarcerated [witnesses], courts are increasingly looking to videoconferencing as a viable alternative to live testimony" *Vaughan*, 2013 WL 5774880 at *3 (citations omitted). As the Ninth Circuit has stated, "Keeping detainees in jail, rather than transporting them to court dates unrelated to their criminal charges or conditions of

[2] This is in contrast to the situation in *Starkgraf*, where Plaintiff had "been charged with serious violent offenses including assault and hit and run, [but] he remain[ed] in pre-trial custody and [had] not been convicted of these offenses." *Starkgraf,* 2025 WL1115438 at *4.



SIMMONS SWEENEY FREIMUND SMITH TARDIF PLLC
EVERGREEN PLAZA BLDG
711 CAPITOL WAY S., STE 602
OLYMPIA, WA 98501
PH.: (360) 534-9960
FAX: (360) 534-9959
BELLINGHAM OFFICE
1223 COMMERCIAL STREET
BELLINGHAM, WA 98225
PH.: (360) 752-2000
FAX: (360) 752-2771

confinement, serves a legitimate penological interest. In fact, it goes to the very heart of that interest – to keep detainees detained unless absolutely necessary." *Simmons v. Sacramento County*, 318 F.3d 1156, 1161 (9th Cir. 2003). This is another way this case is fundamentally distinguishable from *Smith*, the primary case Plaintiff relies upon. *Smith*, 2024 WL 992610 at *3 ("[T]he Court finds that there is no heightened security risk for transporting Smith beyond what is typical for a state prisoner.").

Further, this is unlike cases where the distance and expense to transport an incarcerated individual was minimal. *See, e.g., Starkgraf*, 2025 WL 1115438 at *4 (allowing incarcerated plaintiff to give live testimony where he was "less than a mile from the federal courthouse and would not need special housing . . . unlike cases where the district courts have found that the expenses of transporting and housing an incarcerated plaintiff for a civil trial over long distances would outweigh any benefits of his testimony."). Where incarcerated plaintiffs must be transported significant distances, courts have ordered that their testimony occur remotely through videoconferencing. *See, e.g., Ewalan v. Dept. of Corrections*, No. C20-5678JLR, 2023 WL 6460985, at *2 (Oct. 4, 2023) (ordering that plaintiff would testify through videoconferencing where he was incarcerated over 250 miles away and DOC would incur substantial expenses in transporting him and securing housing near the courthouse); *Payment v. Pugh*, No. 3:22-cv-05569-TL-GJL, 2024 WL 729278, at *2 (W.D. Wash. Feb. 20, 2024) (ordering incarcerated plaintiff to testify by videoconferencing due to significant expense to DOC where he was located at Washington State Penitentiary and might be transferred to a facility in Oregon and trial would take place in Seattle).

No prejudice will result to Plaintiff if Inmate Williams were to give the very limited testimony she would be expected to provide remotely. DOC and the court have the appropriate technology to facilitate remote testimony, which occurs regularly. Additionally, from her remote locations Inmate Williams would be permitted to appear in ordinary clothes and without



SIMMONS SWEENEY FREIMUND SMITH TARDIF PLLC
EVERGREEN PLAZA BLDG
711 CAPITOL WAY S., STE 602
OLYMPIA, WA 98501
PH.: (360) 534-9960
FAX: (360) 534-9959
BELLINGHAM OFFICE
1223 COMMERCIAL STREET
BELLINGHAM, WA 98225
PH.: (360) 752-2000
FAX: (360) 752-2771

restraints, eliminating many of the bias and fairness concerns that the court will have to contend with if in-person testimony is allowed. Many courts have noted that an incarcerated witness's participation remotely will "'lessen the risk that the jury would be prejudiced or misled' by the presence in court of the security measures necessary to secure public safety and the [witness'] continued confinement.") *Vaughan*, 2013 WL 5774880, at *3 (quoting *Ortiz v. Burnias*, No.2:09-cv-0396, 2012 WL 3237161, at *1 (D. Ariz. 2021)). Non-incarcerated witnesses frequently testify remotely, and there is no reason to assume any greater prejudice would result to Plaintiff here if Inmate Williams does the same.

## VI. CONCLUSION

Plaintiff's motion for a writ of *habeas corpus* should be denied outright, because it is clear Inmate Williams' testimony does not advance Plaintiff's case. Plaintiff's request for Inmate Williams' in-person appearance at trial – after Plaintiff never took steps to secure her deposition testimony in discovery and Plaintiff knows what her testimony will be based on law enforcement reports produced in discovery – is not made for legitimate reasons. At best, Plaintiff is seeking an excuse to admit inadmissible evidence of Williams' criminal history, where it is inadmissible. And at worst, Plaintiff seeks to make Inmate Williams' appearance a spectacle for the jury and appeal to anti-transgender bias.

In the alternative, the Court should order that any trial testimony by Inmate Williams must be conducted remotely. Plaintiff's argument inverts the applicable burden under Rule 43(a). While in-person testimony is the default, the question before the Court is not whether Defendants have justified remote testimony, but whether Plaintiff has demonstrated that the substantial burden of transporting an incarcerated individual from Stafford Creek Corrections Center to the United States Courthouse in Tacoma is warranted by a sufficiently compelling need. The writ of *habeas corpus ad testificandum* is a discretionary remedy, and courts weigh the benefit of live testimony against the costs and security considerations of production.



SIMMONS SWEENEY FREIMUND SMITH TARDIF PLLC
EVERGREEN PLAZA BLDG
711 CAPITOL WAY S., STE 602
OLYMPIA, WA 98501
PH.: (360) 534-9960
FAX: (360) 534-9959
BELLINGHAM OFFICE
1223 COMMERCIAL STREET
BELLINGHAM, WA 98225
PH.: (360) 752-2000
FAX: (360) 752-2771

Defendants' preference for remote testimony by zoom is not a bare objection to inconvenience — it reflects legitimate institutional concerns about the security and logistical burden of transporting an incarcerated person.

DATED this 8th day of October, 2026.

SIMMONS SWEENEY FREIMUND
SMITH TARDIF, PLLC

*/s/ John R. Nicholson*
JOHN R. NICHOLSON, WSBA #30499
711 Capitol Way S., Suite 602
Olympia, WA 98501
(360) 534-9960
John@ssslawgroup.com
Special Assistant Attorney General
Attorney for Defendants State of Washington, Department of Corrections, Lt. Dennis Simons, Carrie Ann Williams (Guajardo)

NICHOLAS W. BROWN
Attorney General

*/s/ Chad Arceneaux*
CHAD EVERETT ARCENEAUX,
WSBA #40442
Assistant Attorney General
Office of the Attorney General
1250 Pacific Avenue, Suite 105
P.O Box 2317
Tacoma, WA 98401
Chad.arceneaux@atg.wa.gov
Attorneys for Theresa Ayotte and Gregory Brooks

We certify this memorandum contains 3,501 words in compliance with this Court's Local Rules.



SIMMONS SWEENEY FREIMUND SMITH TARDIF PLLC
EVERGREEN PLAZA BLDG
711 CAPITOL WAY S., STE 602
OLYMPIA, WA 98501
PH.: (360) 534-9960
FAX: (360) 534-9959
BELLINGHAM OFFICE
1223 COMMERCIAL STREET
BELLINGHAM, WA 98225
PH.: (360) 752-2000
FAX: (360) 752-2771

**CERTIFICATE OF SERVICE**

I certify that on October 8, 2026 I electronically filed the foregoing with the Court through CM/ECF and served on all parties or their counsel of record a copy of this document addressed as follows:

| | |
|---|---|
| Robert Bouvatte<br>P.O. Box 14185<br>Tumwater, WA 98511<br>bob@rbouvattepllc.com<br>rbouvattelaw@gmail.com<br>Attorney for Plaintiff | ☒ CM/ECF-Filing<br>☐ ABC/Legal Messenger<br>☐ Email |
| David Pivtorak<br>The Pivtorak Law Firm<br>611 Wilshire Boulevard, Suite 911<br>Los Angeles, CA 90017<br>david@piv4law.com<br>Attorney for Plaintiff | ☒ CM/ECF-Filing<br>☐ ABC/Legal Messenger<br>☐ Email |
| Chad Everett Arceneaux<br>Assistant Attorney General<br>Office of the Attorney General<br>1250 Pacific Ave., Suite 105<br>Tacoma, WA 98401<br>chad.arceneaux@atg.wa.gov<br>karen.palmer@atg.wa.gov<br>john.unfred@atg.wa.gov<br>TORTacEF@atg.wa.gov<br>Attorney for Defendants Theresa Ayotte and Gregory Brooks | ☒ CM/ECF-Filing<br>☐ ABC/Legal Messenger<br>☐ Email |

I certify under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

DATED this 8th day of October, 2026 at Olympia, Washington.

*/s/ Jenny Singleton*
Jenny Singleton, Paralegal
711 Capitol Way S, Ste 602
Olympia, WA 98501
Tel: (360) 534-9960
jenny@ssslawgroup.com



SIMMONS SWEENEY FREIMUND SMITH TARDIF PLLC
EVERGREEN PLAZA BLDG
711 CAPITOL WAY S., STE 602
OLYMPIA, WA 98501
PH.: (360) 534-9960
FAX: (360) 534-9959
BELLINGHAM OFFICE
1223 COMMERCIAL STREET
BELLINGHAM, WA 98225
PH.: (360) 752-2000
FAX: (360) 752-2771