The Honorable Tiffany M. Cartwright

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

MOZZY CLARK,

Plaintiff,

v.

STATE OF WASHINGTON, DEPARTMENT OF CORRECTIONS; LT. DENNIS SIMONS; SGT. CARRIE ANN WILLIAMS A/KA/ CARRIE ANN GUAJARDO; HEIDI WHITTEMORE; OFFICER THERESA AYOTTE; OFFICER GREGORY BROOKS; and DOES 1-10,

Defendants.

Case No: 3:24-cv-06058-TMC

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR ISSUANCE OF WRIT OF HABEAS CORPUS AD TESTIFICANDUM TO SECURE TRIAL TESTIMONY OF CHRISTOPHER SCOTT WILLIAMS**

NOTE ON MOTION CALENDAR: [October 13, 2026 noted for consideration]



**THE PIVTORAK LAW FIRM**
611 Wilshire Boulevard, Suite 911
Los Angeles, CA 90017
Telephone: (213) 291-9130

## I. INTRODUCTION

Defendants' Opposition lays bare the hypocrisy at the heart of their defense: They seek to discredit Ms. Clark's account of the danger she faced while locked in a cell with Inmate Williams. Yet when asked to bring Williams to a federal courthouse, they invoke his violent history and how he would be too much of a risk for multiple trained law enforcement officers with guns—as opposed to a diminutive, unarmed woman who was forcibly locked in a cage with him for 10 days. The danger they minimize when confronting Ms. Clark's allegations becomes paramount when confronting the prospect of producing her assailant. This (surely unintended) concession by Defendants underscores the need to produce Inmate Williams rather than shield him from the jury.

The same double standard pervades Defendants' credibility argument. They seek to portray Ms. Clark as a liar and use her criminal history to undermine her. But they would deny Ms. Clark the opportunity to examine the only other participant in the assault and use the same impeachment rules to test that witness's credibility. Their explanation is that Inmate Williams will deny everything, but that is precisely why the jury must hear Inmate Williams answer questions under oath. An anticipated denial does not confer immunity from examination. Defendants cannot demand a searching inquiry into Ms. Clark's credibility while insulating Inmate Williams' contrary account from equivalent scrutiny.

Defendants acknowledge that whether the assault occurred is a question for trial, then dismiss the assailant's testimony as a "stunt." D.E. at 5. They label Ms. Clark's request a "ruse" and "scare tactic" rather than attempt to address its straightforward evidentiary purpose. *Id.* at 6–7. Those baseless accusations cannot erase the central witness or substitute for the required balancing. Nor can their tired invocation of "transgender bias" make firsthand examination improper. Inmate Williams' conduct, account, and physical presence are relevant to evaluating Ms. Clark's testimony about their confinement together. The Court can enforce the Rules of Evidence and prevent improper argument in the courtroom, and it should not permit Defendants to dictate a presentation that strips Ms. Clark's case of that context. The writ should issue for in-person testimony. Zoom would defeat the purpose of the requested appearance.



**THE PIVTORAK LAW FIRM**
611 Wilshire Boulevard, Suite 911
Los Angeles, CA 90017
Telephone: (213) 291-9130

## III. ARGUMENT

### A. Defendants Cannot Make Ms. Clark's Assailant Irrelevant by Predicting a Denial.

The writ inquiry considers whether the prisoner's presence will substantially further resolution of the case, together with security, expense, and the feasibility of awaiting release. *Wiggins v. County of Alameda*, 717 F.2d 466, 468, n.1 (9th Cir. 1983). Ms. Clark meets her burden. Defendants expressly identify whether Inmate Williams sexually assaulted her as an issue the jury must decide. D.E. 148, at 5. Williams can testify firsthand about the interactions in the cell, the assault, and conversations with Defendants regarding Ms. Clark which are key issues in this case. No other witness can supply Inmate Williams's account of those events. Calling that testimony unnecessary requires ignoring the very factual dispute Defendants say remains for trial.

The Ninth Circuit has rejected the premise that a percipient witness becomes useless because the calling party expects a denial. *See United States v. Gilbert*, 57 F.3d 709, 711–12 (9th Cir. 1995). In *Gilbert,* the government properly called witnesses expected to deny incriminating events because their firsthand testimony served independent evidentiary purposes, including testing other witnesses' accounts. *Id.* The alleged victim's participation made his testimony essential to the disputed encounter. The parallel here is direct: Inmate Williams participated in the encounter at the center of this case. The jury is entitled to hear that account and assess its credibility. *See id.*, at 712 (observing that if witnesses were not called jury would wonder why the government was reluctant to call them).

Defendants' reliance on *United States v. Gomez-Gallardo*, 915 F.2d 553 (9th Cir. 1990), distorts its rule. That decision prohibits using a witness primarily as a conduit for otherwise inadmissible evidence under the guise of impeachment. It does not authorize exclusion of a central participant merely because the participant denies wrongdoing. *Gilbert* draws that important distinction. *See* 57 F.3d at 711–12. Inmate Williams will be examined about the underlying events. That is substantive fact testimony, not a device to introduce collateral hearsay. Rule 607 expressly permits the calling party to challenge the witness's credibility.



**THE PIVTORAK LAW FIRM**
611 Wilshire Boulevard, Suite 911
Los Angeles, CA 90017
Telephone: (213) 291-9130

Finally, the State Patrol interview cannot replace examination before the jury. Defendants would elevate an out-of-court denial into a reason the witness need never answer trial questions. The prosecutor's decision not to bring criminal charges likewise does not determine these civil claims. *See* D.E. 148, at 2. It is also an underhanded attempt to mislead the Court about the veracity of Ms. Clark's claims, since WSP Detective Bova's report explicitly recommends charging Inmate Williams for his assault on Ms. Clark. D.E. 150-1, at 13. And Defendants identify no rule requiring Ms. Clark to take a discovery deposition before calling a percipient witness. They merely offer different ways to avoid having the jury evaluate Inmate Williams' undisputed firsthand knowledge.

**B. Defendants' Attack on Ms. Clark Does Not Entitle Inmate Williams to Protection from Impeachment.**

Defendants cannot reserve credibility scrutiny solely for Ms. Clark. Their claim that Inmate Williams' criminal history is categorically inadmissible overlooks Rule 609(a)(1)(A), which requires admission of qualifying felony convictions in civil cases subject to Rule 403. The ten-year limitation period of Rule 609(b) only applies if Inmate Williams was released from confinement for it, which Defendants themselves acknowledge is not the case. D.E. 148 at 2–3.

More importantly, Defendant Brooks' own statements concerning Inmate Williams' history present a distinct basis for admission. Ms. Clark's testimony about what Brooks said bears directly on his knowledge and is admissible against Brooks as an opposing party's statement under Rule 801(d)(2)(A). Evidence offered to establish notice also does not depend on proving the truth of every underlying allegation. Defendants' blanket invocation of "inadmissible" criminal history conflates impeachment, notice, and propensity. Those are different evidentiary uses governed by different rules. That conflation supplies no ground to deny the writ. And, as Plaintiff has established in her Opposition to Defendants' Motion in Limine No. 2, neither does it justify keeping this crucial evidence from the jury. D.E. 143, at 3-7.

Defendants are not entitled to a trial in which only Ms. Clark's credibility is attacked while Inmate Williams' testimony is treated as self-validating. The ordinary, available protections are evidentiary rulings and instructions, not removal of the central witness from the courtroom.



THE PIVTORAK LAW FIRM
611 Wilshire Boulevard, Suite 911
Los Angeles, CA 90017
Telephone: (213) 291-9130

### C. Defendants' Nominal Cost and Security Concerns Do Not Justify Exclusion.

Defendants' account of Inmate Williams' dangerousness sharply undercuts their effort to dismiss Ms. Clark's fears as prejudice or "transgender bias." They rely on convictions for first-degree assault and harassment with weapons enhancements, and second-degree assault, together with current maximum custody and serious infractions. *See* D.E. 148, at 2–3. They demand a special escort for a supervised courthouse appearance while attacking Ms. Clark's account of danger she faced in a locked cell. The Court should reject the attempt to turn the danger Defendants only now emphasize into a reason the jury cannot examine the person that assaulted Ms. Clark.

The writ requires balancing actual burdens against evidentiary importance; it does not require risk-free transportation. DOC identifies the necessary staffing and estimates a cost of $1,707.37 for each day Williams must appear. *Id.*, at 3. That modest, defined expenditure does not outweigh the jury's opportunity to examine the only other participant in the assault. Courts have treated transportation expenses as minimal when attendance is confined to the testimony day. *See Brooks v. Centurion of Arizona LLC*, 2022 WL 625728, at *1 (D. Ariz. 2/2/22) (unpublished) (cost of transporting prisoner from Tucson to Phoenix courthouse, approximately 110 miles, was "nominal."); *see also Greene v. Prunty*, 938 F.Supp. 637, 640 (S.D. Cal. 1996) ("Once the district court has determined that the prisoner's presence is essential and not outweighed by security concerns, the possibility that a lack of transportation funds or personnel will develop is not a justification for refusing to issue the writ.").

Defendants do not identify an obstacle that makes production impossible or explain why the described precautions cannot secure one (1) scheduled appearance. Ms. Clark seeks a single day of testimony, followed by Inmate Williams' return to custody. The Court can coordinate arrival, departure, and courtroom security with DOC and the U.S. Marshals. *Wiggins* upheld imposing transport and guard costs on a state custodian even when the state was not a party. *See* 717 F.2d at 468–69. This Court likewise ordered production from Stafford Creek—the same institution housing Williams—in *Smith v. State of Washington*, 2024 WL 992610, at *2–3 (W.D.



**THE PIVTORAK LAW FIRM**
611 Wilshire Boulevard, Suite 911
Los Angeles, CA 90017
Telephone: (213) 291-9130

Wash. 2/23/24) (unpublished). *Smith's* reasoning forecloses treating DOC's expense or preference for remote testimony as dispositive. Here the witness's unique participation supplies compelling evidentiary value to weigh against the identified precautions and cost.

Defendants' reliance on *Draper v. Rosario*, 836 F.3d 1072 (9th Cir. 2016), is equally misplaced. In that case, the excluded witness faced threats from other inmates if he testified, and available witnesses could provide substantially the same account. The court rejected even remote testimony, because it would not eliminate the danger to that witness. This case presents neither circumstance. Inmate Williams is the sole other participant in the assault and Defendants identify only speculative 'transport risks,' not threats against Williams for testifying. These circumstances do not justify exclusion.

**D. Zoom Would Strip the Testimony of the Context the Jury Needs.**

Rule 43(a) makes testimony in open court the norm. Conversely, remote testimony requires good cause in compelling circumstances and appropriate safeguards. The Advisory Committee cautions that remote testimony cannot rest merely on inconvenience and emphasizes the value of face-to-face evaluation and the courtroom's force for truth telling. Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment; *Draper*, 836 F.3d at 1081–82. Defendants invert that framework when they demand an exceptional justification for in-person testimony while treating DOC's preference for Zoom as sufficient. Plaintiff has established the need for the writ. The requested substitution must also satisfy Rule 43.

This case turns on sharply conflicting accounts of an encounter in a confined physical space. The jury should see Inmate Williams' full physical presence and hear the account under the same courtroom conditions in which it evaluates Ms. Clark. A camera-selected view cannot convey the same sense of scale, physical presence, or the circumstances Ms. Clark describes. Her own testimony and expert testimony do not reproduce that opportunity. Defendants' contention that those witnesses suffice for damages overlooks the jury's need to evaluate the experience underlying Ms. Clark's fear, anxiety, and distress.



**THE PIVTORAK LAW FIRM**
611 Wilshire Boulevard, Suite 911
Los Angeles, CA 90017
Telephone: (213) 291-9130

The Ninth Circuit has recognized the force of firsthand observation: "If a picture is worth a thousand words, then the real thing is worth a thousand pictures." *Clicks Billiards, Inc. v. Sixshooters Inc.*, 251 F.3d 1252, 1266 (9th Cir. 2001). A screen image is an inadequate substitute for the physical context of testimony about confinement with the assailant.

Defendants' threadbare accusations of "transgender bias" seek only to evade the critical evidentiary issues here. Ms. Clark seeks to examine this witness about the conduct and the conditions she experienced. Labeling that request 'prejudicial' is not an argument, it is an *ad hominem* attack and a cynical appeal to state policy that Defendants believe creates a tactical disadvantage for Plaintiff. DOC's assertion that restraints and different clothing are unavoidable in person is completely irrelevant to the legal standard the Court must evaluate here, and reveals that they endeavor to present something to the jury other than the truth. Defendants should not obtain a sanitized, remote appearance of Inmate Williams merely by accusing Ms. Clark (without evidence) of improper motives for requesting nothing more than the ordinary conditions of trial.

**IV. CONCLUSION**

Defendants cannot make Inmate Williams central to their denial of Ms. Clark's allegations yet peripheral to the jury's examination of them. Ms. Clark requests that the Court grant. Her Motion for a Writ of Habeas Corpus [D.E. 127] and issue a writ directing DOC to produce Christopher Scott Williams, DOC No. 323861, for in-person trial testimony on a coordinated date, maintain custody, and return Williams after the Court excuses him.



**THE PIVTORAK LAW FIRM**
611 Wilshire Boulevard, Suite 911
Los Angeles, CA 90017
Telephone: (213) 291-9130

Respectfully submitted, this 9th day of October, 2026.

**ROBERT A. BOUVATTE, PLLC**

By: ______________________________

Robert A. Bouvatte, Jr., WSBA #50220
P.O. Box 14185
Tumwater, WA 98511
PH: (564) 999-4005
bob@rbouvattepllc.com
rbouvattelaw@gmail.com

**THE PIVTORAK LAW FIRM**

By: ______________________________

David Pivtorak, Cal. Bar, #255943
611 Wilshire Boulevard
Suite 911
Los Angeles, CA 90017
PH: (213) 291-9130
david@piv4law.com
*Pro Hac Vice*

## CERTIFICATE OF COMPLIANCE

Undersigned counsel hereby certify that the foregoing Memorandum of Law contains 2,019 words, in accordance with the Local Rules of this Court.

Respectfully submitted, this 9th day of October 2026.

**ROBERT A. BOUVATTE, PLLC**

By: ________________________________
Robert A. Bouvatte, Jr., WSBA #50220
P.O. Box 14185
Tumwater, WA 98511
PH: (564) 999-4005
bob@rbouvattepllc.com
rbouvattelaw@gmail.com

**THE PIVTORAK LAW FIRM**

By: ________________________________
David Pivtorak, Cal. Bar, #255943
611 Wilshire Boulevard
Suite 911
Los Angeles, CA 90017
PH: (213) 291-9130
david@piv4law.com
*Pro Hac Vice*