HONORABLE TIFFANY M. CARTWRIGHT

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

MOZZY CLARK, an individual,

Plaintiff,

v.

STATE OF WASHINGTON, DEPARTMENT OF CORRECTIONS; LT. DENNIS SIMONS; OFFICER THERESA AYOTTE; SGT. CARRIE ANN WILLIAMS A/K/A CARRIE ANN GUAJARDO; HEIDI WHITTEMORE; OFFICER GREGORY BROOKS; and DOES 1-10,

Defendants.

No. 3:24-cv-06058-TMC

**AGREED PRETRIAL ORDER**

**[JURY DEMAND]**

**PARTIES' AGREED PRETRIAL ORDER**

**COME NOW** the parties, MOZZY CLARK ("Clark" or the "Plaintiff"), GREGORY BROOKS ("Officer Brooks") and CARIE ANN WILLIAMS A/K/A CARIE ANN GUAJARDO ("Sergeant Williams") (collectively, the "Defendants") (Plaintiff and Defendants shall hereinafter collectively be referred to as the "Parties"), by and through their undersigned counsel of record, and in compliance with Local Civil Rule 16.1, hereby submit to the Court their Agreed Pretrial Order, following their conference of counsel. The parties agree to the form of this order only, but do not agree with respect to the language of various sections of the Order, including Section II Claims, Defenses, Section IV Issues of Law, Section V Expert Witnesses, and Section VI Other Witnesses. Nevertheless, the parties submit this proposed order, including separately drafted portions, in an effort to comply with LCR 16.1 and this court's scheduling order.

**I. JURISDICTION.**

The Court has federal question jurisdiction over this matter because Plaintiff's complaint contains claims that "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Jurisdiction is vested in this Court by virtue of that statute because Plaintiff brings claims under 42 U.S.C. s. 1983 against Defendants Carie Williams (a/k/a Guajardo) and Gregory Brooks.

**II. CLAIMS AND DEFENSES.**

In accordance with the Court's Order on Summary Judgment Motions [D.E. 120], Plaintiff intends to pursue her Eighth Amendment claims against Defendants Williams and Brooks.

Defendants will maintain that they did not personally participate in or cause any violation of Plaintiff's Eight Amendment or any other Constitutional rights, that they were not deliberately indifferent to any substantial risk of serious harm, and that they are entitled to

qualified immunity. Whilte the trial court denied their motion for summary judgment prior to trial, Defendants intend to re-raise these issues with the Court based upon the evidence presented at trial pursuant to Fed. R. Civ. P. 50 after Plaintiff rests her case.

## III. ADMITTED FACTS.

(a) the Parties have agreed and stipulated to the following facts for purposes of trial:

1. In February 2022, Plaintiff Mozzy Clark, then known as Alisha Betz, was incarcerated at the Washington Corrections Center for Women ("WCCW").

2. Plaintiff and Inmate Williams were assigned to the same cell at WCCW from February 10, 2022 through February 20, 2022, a period of approximately ten (10) days.

3. During that period, Plaintiff occupied the lower bunk and Inmate Williams occupied the upper bunk.

4. Defendant Gregory Brooks is employed by the Washington State Department of Corrections ("DOC") as a corrections officer at WCCW. During the relevant time period, Brooks's primary assignment included supervision of inmates working in the WCCW kitchen, where Plaintiff worked.

5. Defendant Carrie Ann Williams, currently known as Carrie Ann Guajardo ("Sergeant Williams"), was employed by DOC and served as a Unit Sergeant assigned to Plaintiff's unit.

6. Brooks and Sergeant Williams were acting under color of state law in performing their duties at WCCW.

7. During the relevant time period, Officer Brooks did not have any authority regarding cell assignments and did not make the February 10, 2022 decision initially assigning Inmate Williams to Plaintiff's cell.

8. On February 18, 2022, Plaintiff reported to Brooks that Inmate Williams possessed homemade sex toys in the cell. Brooks reported the matter, and DOC staff thereafter searched the cell.

9. On February 19, 2022, DOC staff searched the cell and confiscated two (2) sex toys and other items. In response to the results of the search, Defendant Williams interviewed Inmate Williams, who admitted that the items belonged to Inmate Williams. Defendants Williams completed an incident report regarding the interview.

10. Inmate Williams was not removed from Plaintiff's cell as a result of the discovery and confiscation of those items.

11. Inmate Williams was removed from Plaintiff's cell on February 20, 2022 after Plaintiff's PREA complaint.

12. DOC thereafter conducted a PREA investigation.

## IV. ISSUES OF LAW.

(a) Plaintiff's Issues of Law:

1. *Eighth Amendment failure to protect.*

The Eighth Amendment imposes upon prison officials a duty to take reasonable measures to protect prisoners from violence at the hands of other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832–34 (1994). To prevail against either Defendant, Plaintiff must establish that: (1) she was exposed to conditions posing a substantial risk of serious harm; (2) that Defendant was subjectively aware of that substantial risk; (3) that Defendant deliberately disregarded the risk by failing to take reasonable measures to abate it; and (4) the Defendant's acts or omissions caused injury to Plaintiff. *Id.* at 834, 837; *Wilk v. Neven*, 956 F.3d 1143, 1148–50 (9th Cir. 2020).

Deliberate indifference requires more than negligence. A defendant must actually be aware of facts from which an inference of substantial danger can be drawn and must actually

draw that inference. *Farmer*, 511 U.S. at 837–38. At the same time, subjective knowledge need not be established by an admission and may be proven through circumstantial evidence, including evidence that the risk was obvious. *Id.* at 842.

2. *Whether Defendants responded reasonably to the known risk.*

A prison official who actually knows of a substantial risk does not violate the Eighth Amendment if the official responds reasonably to that risk, even if harm ultimately occurs. *Farmer*, 511 U.S. at 844–45. The jury must therefore determine, separately as to Brooks and Sergeant Williams, what each knew, what each did or failed to do in response, and whether those measures constituted a reasonable response to the danger known to that Defendant.

The Court has determined that genuine disputes exist concerning whether Brooks and Sergeant Williams knew of a substantial risk to Plaintiff and nevertheless acted with deliberate indifference when they failed to secure separation or otherwise provide effective protection. Dkt. # 120 at 11–14.

3. *Relevance and legal effect of DOC and PREA policies.*

A violation of PREA or DOC policy does not, standing alone, establish an Eighth Amendment violation and does not create a separate constitutional claim. The Court has already so held in addressing the dismissed claim against Schulze. Dkt. # 120 at 14–15. Nevertheless, applicable DOC policies, training, and reporting requirements may be relevant evidence concerning what risks Defendants were trained to recognize, what protective measures were available to them, and whether their response to a known risk was reasonable. See *Cortez v. Skol*, 776 F.3d 1046, 1051–53 (9th Cir. 2015) (considering prison policy and the officer's knowledge of it as evidence bearing on deliberate indifference).

4. *Qualified immunity.*

The Court has already determined that the constitutional right at issue was clearly established in February 2022 and that Brooks and Sergeant Williams are not entitled to

qualified immunity on the summary-judgment record. Dkt. # 120 at 13–14. Specifically, the Court held that a reasonable prison official would have known both that prisoners have a right to reasonable protection from violence by other inmates and that an official who knows of a substantial risk must take reasonable measures to mitigate it. Those legal determinations should not be submitted to the jury as disputed questions of law. See *Morales v. Fry*, 873 F.3d 817, 821 (9th Cir. 2017) (holding that the "clearly established" inquiry is a question of law that only a judge can decide.).

5. *Compensatory, Nominal, and Punitive Damages.*

If the jury finds that Defendant Brooks or Defendant Williams violated Plaintiff's Eighth Amendment rights, Plaintiff may recover compensatory damages for injuries proximately caused by that constitutional violation. Compensatory damages under § 1983 may include damages for physical injury, pain and suffering, emotional distress, mental anguish, humiliation, and other actual injuries proven at trial. *Carey v. Piphus*, 435 U.S. 247, 254–57, 264 (1978); *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 306–08 (1986).

Plaintiff contends that Defendants' failure to protect her from a known substantial risk of sexual assault caused substantial emotional and psychological injury and resulting damages. Plaintiff may therefore recover damages for those injuries to the extent the jury finds they were actually and proximately caused by the constitutional violation. If the jury finds a constitutional violation but concludes that Plaintiff has not established compensable actual injury resulting from that violation, Plaintiff is entitled to nominal damages. *Carey*, 435 U.S. at 266–67.

Plaintiff also seeks punitive damages against Brooks and Williams individually. Punitive damages are available under § 1983 when a defendant's conduct is "motivated by evil motive or intent" or involves "reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). Importantly, the Supreme Court has expressly held that this punitive-damages standard applies even where, as here, the underlying

constitutional claim itself requires proof of a form of subjective recklessness. *Id.* at 51–56. Thus, Plaintiff need not establish that either Defendant acted with actual malice or intended that Plaintiff be sexually assaulted; punitive damages may be awarded if the jury finds that a Defendant consciously or recklessly disregarded Plaintiff's federally protected right to reasonable protection from a known substantial risk of serious harm.

Whether punitive damages are warranted must be determined separately as to each Defendant based upon that Defendant's own knowledge and conduct. Plaintiff contends that the evidence—including the nature and frequency of her reported concerns, the sexually explicit and threatening conduct she described, the discovery of the homemade sex toys, her requests for protection or separation, and Defendants' alleged failure nevertheless to separate her from Inmate Williams—permits the jury to determine whether Brooks and/or Williams acted with the requisite reckless or callous indifference. The Court has already held that a reasonable jury could find that both Defendants knew Clark faced a substantial risk of sexual assault and nevertheless failed to take reasonable protective measures.

(a) <u>Defendants' Issues of Law</u>:

1. Plaintiff's remaining claims under 42 U.S.C. § 1983 are governed by the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 833, 114 S.Ct. 1970, 128 L.Ed2d 811 (1994). To prevail, Plaintiff must first show that the deprivation alleged is objectively "sufficiently serious." *Id*. Second, she must establish each of the Defendants had a "sufficiently culpable state of mind," which must amount to "deliberate indifference" to her health and safety. *Id.* Plaintiff must prove each of the Defendants were "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [they] must also draw the inference." *Id*. at 837. "[D]eliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Board of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 410, 117 S.Ct. 1382, 137 L.Ed.2d 626

(1997).

2. Defendants' qualified immunity defense further requires the Court to make the following inquiry: construing the facts and inferences from the evidence submitted at trial in the light most favorable to Plaintiff, would it be clear to any reasonable officer in Defendants' position that their conduct was unlawful under the Eighth Amendment? *Estate of Ford v. Ramirez-Palmer*, 301 F.3d 1043, 1045 (9th Cir. 2002).

3. The legal questions of whether there is sufficient evidence to allow a rational jury to find that Defendants committed a Constitutional violation and whether Defendants are entitled to qualified immunity may be revisited in a motion for judgment as a matter of law, first at the close of the evidence in a motion brought under Fed. R. Civ. P. 50 (a), and again after the verdict in a motion brought under Fed. R. Civ. P. 50 (b). *See, e.g., Estate of Aguirre v. County of Riverside,* 131 F.4th 702, 706 (9th Cir. 2025); *Morales v. Fry*, 873 F.3d 817 (9th Cir. 2017). "The standard for judgment as a matter of law . . . 'mirrors' the summary judgment standard." *Reed v. Lieurance*, 863 F.3d 1196, 1204 (9th Cir. 2017) (citing *Reeves v. Sanderson Plumbing Goods*, 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed. 105 (2000)). "Judgment as a matter of law is proper if the evidence, construed in the light most favorable to the non-moving party, allows only one reasonable conclusion . . . ." *Headwaters Forest Def. v. County of Humboldt*, 240 F.3d 1185, 1197 (9th Cir. 2000).

## V. EXPERT WITNESSES.

The name(s) and addresses of the expert witness(es) to be used by each party at the trial and the issues upon which each will testify are as follows:

(a) <u>On behalf of the Plaintiff</u>:

1. Tyler James Boulanger, Cascadia Health
4212 SE Division Street
Portland, OR 97206

Mr. Boulanger is Plaintiff's treating mental health counselor and will testify via deposition as to Plaintiff's mental health condition, the examinations, findings, diagnoses, past and future treatment, and services rendered to Plaintiff, including reasonable costs, the severity of injuries sustained in the subject incident, review of records of other medical providers, recommendations, prognoses, and other opinions regarding Plaintiff's injuries, including residual conditions and disabilities.

(b) On behalf of the Defendant:

| **Expert Witness** | **Nature of Testimony** | **Will Testify** | **Possible Witness** |
|---|---|---|---|
| Dr. Alix McLearen<br>Eagle Security Group<br>c/o John Nicholson<br>711 Capital Way S. Ste. 602<br>Olympia, WA 98501 | Dr. McLearen may be called to testify regarding the Washington State Department of Corrections policies, practices and compliance relating to housing of certain populations and the specific facts and circumstances alleged in this matter. She also has expertise relating to PREA policies, practices and compliance and may testify as to the appropriateness of actions taken regarding Plaintiff and inmate Williams. | X | |
| Dr. Jennifer Van Wey<br>c/o John Nicholson<br>711 Capital Way S. Ste. 602<br>Olympia, WA 98501 | Dr. Van Wey may testify as to Plaintiff's mental health conditions both prior and subsequent to the allegations in Plaintiff's complaint, the causal relationship between any of Plaintiff's mental health conditions, or worsening of Plaintiff's mental health conditions, relating to the allegations in Plaintiff's complaint. Dr. Van Wey may testify regarding the need for Plaintiff to obtain ongoing mental health treatment and what, if any, of that treatment is a result of the allegations in Plaintiff's complaint. | X | |

## VI. OTHER WITNESSES.

The names and addresses of witnesses, other than experts, to be used by each party at the time of trial and the general nature of the testimony from each are:

(a) On behalf of the Plaintiff:

1. Ms. Mozzy Clark, Plaintiff c/o

   Robert A. Bouvatte, Jr., Esq.
   ROBERT A. BOUVATTE, PLLC
   P.O. Box 14185
   Tumwater, WA 98511
   bob@rbouvattepllc.com
   T: (564) 999-4005

   David Pivtorak, Cal. Bar. 255943
   THE PIVTORAK LAW FIRM
   611 Wilshire Boulevard, Suite 911
   Los Angeles, CA 90017
   david@piv4law.com
   T: (213) 291-9130

Ms. Clark has information and will testify about the facts and circumstances alleged in her Complaint, including, but not limited to the frequent harassment and sexual assault that she suffered while housed with Mr. Williams, a biological male and inmate at the Washington Corrections Center for Women (the "WCCW"), her complaints to prison officials concerning these circumstances, the damages she suffered as a result, and the circumstances surrounding her release from incarceration in December, 2024.

2. Mr. Yovany Pineda-Betz
   14525 SE Thelma Circle
   Milwaukie, OR 97267

This witness is Ms. Clark's son, and may potentially testify concerning the damages Plaintiff suffered as a result of being housed with Inmate Williams, the circumstances surrounding her release from incarceration in December, 2024, and her current living and employment situation.

3. Mr. Ne-Yoni Sanchez-Betz
   14525 SE Thelma Circle
   Milwaukie, OR 97267

This witness is Ms. Clark's son, and may potentially testify concerning the damages Plaintiff suffered as a result of being housed with Inmate Williams, the circumstances surrounding her release from incarceration in December, 2024, and her current living and employment situation.

4. Ms. Deborah Jo Wofford
State of Washington, Department of Corrections, c/o
John R. Nicholson, Esq.
SIMMONS SWEENEY FREIMUND SMITH TARDIF, PLLC
711 Capitol Way South, Suite 602
Olympia, WA 98501
John@ssslawgroup.com
T: (360) 534-9960

As the Deputy Assistant Secretary of the Department of Corrections and an important policymaker and decisionmaker for the Department, Ms. Wofford has knowledge and will testify regarding the facts and circumstances alleged in the Complaint, as well as any defenses that the Defendants may assert in this matter, including the Department's policies as relevant here, and whether the Defendants duly conformed to those policies with respect to the facts alleged in the Complaint. Ms. Wofford may testify via deposition.

5. Gregory Brooks, c/o
Chad E. Arceneaux, Esq.
NICHOLAS W. BROWN, Attorney General
1250 Pacific Avenue, Suite 105
P.O. Box 2317
Tacoma, WA 98402-2317
Chad.Arceneaux@atg.wa.gov
T: (253) 207-6083

The Defendant, Officer Brooks, has knowledge and will testify regarding the facts and circumstances alleged in the Complaint, including, but not limited to his knowledge of Inmate Williams' violent history, the facts reported to him by Plaintiff, and the actions he took in response thereto, the WCCW's and/or the State's policies concerning transgender inmates, WCCW's determination to house Mr. Christopher Williams, a biologically male inmate, with other, female inmates at WCCW, including, but not limited to the Plaintiff, the WCCW's knowledge of Mr. Williams history of violence and of sexual offenses, WCCW's knowledge of Mr. Williams' sexual harassment and assaults directed towards Plaintiff, Plaintiff's complaints concerning Mr. Williams' activities and the actions, if any, taken by prison officials in response to those complaints.

6. Sgt. Carrie Ann Williams a/k/a Carrie Ann Guajardo, c/o
   John R. Nicholson, Esq.
   SIMMONS SWEENEY FREIMUND SMITH TARDIF, PLLC
   711 Capitol Way South, Suite 602
   Olympia, WA 98501
   John@ssslawgroup.com
   T: (360) 534-9960

The Defendant, Sergeant Williams, has knowledge and will testify regarding the facts and circumstances alleged in the Complaint, including, but not limited to her knowledge of Inmate Williams' violent history, the facts reported to her by Plaintiff, and the actions she took in response thereto, the WCCW's and/or the State's policies concerning transgender inmates, WCCW's determination to house Mr. Christopher Williams, a biologically male inmate, with other, female inmates at WCCW, including, but not limited to the Plaintiff, the WCCW's knowledge of Mr. Williams history of violence and of sexual offenses, WCCW's knowledge of Mr. Williams' sexual harassment and assaults directed towards Plaintiff, Plaintiff's complaints concerning Mr. Williams' activities and the actions, if any, taken by prison officials in response to those complaints.

7. CUS Edwin Schulze, c/o
   John R. Nicholson, Esq.
   SIMMONS SWEENEY FREIMUND SMITH TARDIF, PLLC
   711 Capitol Way South, Suite 602
   Olympia, WA 98501
   John@ssslawgroup.com
   T: (360) 534-9960

The former Defendant, CUS Schulze has knowledge and may testify regarding the facts and circumstances alleged in the Complaint, including, but not limited to the WCCW's and/or the State's policies concerning transgender inmates, WCCW's determination to house Mr. Christopher Williams, a biologically male inmate, with other, female inmates at WCCW, including, but not limited to the Plaintiff, the WCCW's knowledge of Mr. Williams history of violence and of sexual offenses, WCCW's knowledge of Mr. Williams' sexual harassment and assaults directed towards Plaintiff, Plaintiff's complaints concerning Mr. Williams' activities and the actions, if any, taken by prison officials in response to those complaints.

8. Ofcr. Theresa Ayotte, c/o
   Chad E. Arceneaux, Esq.
   NICHOLAS W. BROWN, Attorney General
   1250 Pacific Avenue, Suite 105
   P.O. Box 2317
   Tacoma, WA 98402-2317
   Chad.Arceneaux@atg.wa.gov
   T: (253) 207-6083

The former Defendant, Officer Ayotte, has knowledge and may testify regarding the facts and circumstances alleged in the Complaint, including, but not limited to the WCCW's and/or the State's policies concerning transgender inmates, WCCW's determination to house Mr. Christopher Williams, a biologically male inmate, with other, female inmates at WCCW, including, but not limited to the Plaintiff, the WCCW's knowledge of Mr. Williams history of violence and of sexual offenses, WCCW's knowledge of Mr. Williams' sexual harassment and assaults directed towards Plaintiff, Plaintiff's complaints concerning Mr. Williams' activities and the actions, if any, taken by prison officials in response to those complaints.

9. Lt. Dennis Simons, c/o
John R. Nicholson, Esq.
SIMMONS SWEENEY FREIMUND SMITH TARDIF, PLLC
711 Capitol Way South, Suite 602
Olympia, WA 98501
John@ssslawgroup.com
T: (360) 534-9960

The former Defendant, Lieutenant Simons, has knowledge and will testify regarding the facts and circumstances alleged in the Complaint, including, but not limited to the WCCW's and/or the State's policies concerning transgender inmates, WCCW's determination to house Mr. Christopher Williams, a biologically male inmate, with other, female inmates at WCCW, including, but not limited to the Plaintiff, the WCCW's knowledge of Mr. Williams history of violence and of sexual offenses, WCCW's knowledge of Mr. Williams' sexual harassment and assaults directed towards Plaintiff, Plaintiff's complaints concerning Mr. Williams' activities and the actions, if any, taken by prison officials in response to those complaints, including, but not limited to the PREA investigation conducted in response to Plaintiff's PREA complaint.

10. Officer Lola Hultberg, c/o
John R. Nicholson, Esq.
SIMMONS SWEENEY FREIMUND SMITH TARDIF, PLLC
711 Capitol Way South, Suite 602
Olympia, WA 98501
John@ssslawgroup.com
T: (360) 534-9960

As a Response and Movement Officer with the Department of Corrections, Ofcr. Hultberg has knowledge and will testify regarding the facts and circumstances alleged in the Complaint, including, but not limited to the WCCW's and/or the State's policies concerning transgender inmates, WCCW's determination to house Mr. Christopher Williams, a biologically male inmate, with other, female inmates at WCCW, including, but not limited to the Plaintiff, the WCCW's knowledge of Mr. Williams history of violence and of sexual offenses, WCCW's knowledge of Mr. Williams' sexual harassment and assaults directed towards Plaintiff and others, Plaintiff's complaints concerning Mr. Williams' activities and the actions, if any, taken by prison officials in response to complaints by Plaintiff and others, including, but not limited to the PREA investigation conducted in response to Plaintiff's PREA complaint.

11. Ms. Shari Hall, c/o
John R. Nicholson, Esq.
SIMMONS SWEENEY FREIMUND SMITH TARDIF, PLLC
711 Capitol Way South, Suite 602
Olympia, WA 98501
John@ssslawgroup.com
T: (360) 534-9960

As the DOC Agency Legal Liaison, who has executed discovery responses on behalf of the Department in this matter, Ms. Hall has knowledge and will testify regarding the facts and circumstances alleged in the Complaint, including, but not limited to the WCCW's and/or the State's policies concerning transgender inmates, WCCW's determination to house Mr. Christopher Williams, a biologically male inmate, with other, female inmates at WCCW, including, but not limited to the Plaintiff, the Defendants' scope of authority and ability to initiate and/or approve inmate moves, the WCCW's knowledge of Mr. Williams' history of violence and of sexual offenses, WCCW's knowledge of Mr. Williams' sexual harassment and assaults directed towards Plaintiff, Plaintiff's complaints concerning Mr. Williams' activities and the actions, if any, taken by prison officials in response to those complaints, including, but not limited to the PREA investigation conducted in response to Plaintiff's PREA complaint.

12. Inmate Christopher "Chrissy" Williams, c/o
Stafford Creek Corrections Center
191 Constantine Way
Aberdeen, WA 98520

As a currently incarcarerated inmate of the State of Washington, Department of Corrections, Inmate Williams has knowledge and may testify regarding the facts and circumstances alleged in the Complaint, including, but not limited to WCCW's determination to house him with other, female inmates at WCCW, including, but not limited to the Plaintiff, the WCCW's knowledge of his history of violence and of sexual offenses, and his pattern of sexual harassment and assaults directed towards Plaintiff.

(b) On behalf of the Defendant:

| **Witness** | **Nature of Testimony** | **Will Testify** | **Possible Witness** |
|---|---|---|---|
| Clark, Mozzy, (DOC #865089)<br>a/ka Alisha Betz<br>c/o Robert A. Bouvatte, Jr.<br>Robert Bouvatte PLLC<br>P.O. Box 14185<br><br>And<br><br>David Pivtorak<br>The Pivtorak Law Firm<br>611 Wilshire Blvd, Ste. 911<br>Los Angeles, CA 9007 | Ms. Clark is the Plaintiff in this case. She is expected to testify regarding the alleged facts and circumstances surrounding her claim of § 1983 deliberate indifference- failure to protect against Defendants Gregory Brooks and Carrie Guajardo (fka Willaims). | X | |
| Officer Gregory Brooks<br>c/o Chad E. Arceneaux<br>Assistant Attorney General<br>1250 Pacific Ave. #105<br>Tacoma, WA 98401 | Mr. Brooks is a defendant in this lawsuit. He may be called to testify regarding his knowledge of the allegations contained in Plaintiff's Complaint and her claims in this lawsuit. | X | |
| Seargent Carie Guajardo | Ms. Guajardo is a defendant in this | X | |

| Witness | Nature of Testimony | Will Testify | Possible Witness |
|---|---|---|---|
| (f.k.a Carie Williams)<br>c/o John Nicholson<br>711 Capital Way S. Ste. 602<br>Olympia, WA 98501 | lawsuit. She may be called to testify regarding her knowledge of the allegations contained in Plaintiff's Complaint and her claims in this lawsuit. | | |
| Edwin Schultz<br>c/o John Nicholson<br>711 Capital Way S. Ste. 602<br>Olympia, WA 98501 | Mr. Schulze is a correctional unit supervisor and may be called to testify regarding the allegations in Plaintiff's complaint | X | |
| Dennis Simons<br>c/o John Nicholson<br>711 Capital Way S. Ste. 602<br>Olympia, WA 98501 | Mr. Simons is a lieutenant and investigated Plaintiff's PREA allegations. He may be called to testify regarding the allegations in Plaintiff's complaint. | X | |
| Rogers, Adam CO<br>WCCW<br>c/o John Nicholson<br>711 Capital Way S. Ste. 602<br>Olympia, WA 98501 | Officer Rogers participated in the room search of MB140 on 2/19/22. Officer Rogers may be called to testify regarding the allegations in Plaintiff's complaint. | | X |
| Burns, Carmen A.<br>WCCW | Ms. Burns conducted a cell search of inmates Williams and Clarks' cell on | | X |

| Witness | Nature of Testimony | Will Testify | Possible Witness |
|---|---|---|---|
| c/o John Nicholson 711 Capital Way S. Ste. 602 Olympia, WA 98501 | 2/19/22 and may be called to testify regarding the allegations in Plaintiff's complaint. | | |
| Anastasia Adams Washington Corrections Center for Women c/o John Nicholson 711 Capital Way S. Ste. 602 Olympia, WA 98501 | Ms. Adams is a Corrections Officer at WCCW. She completed an incident report regarding Incarcerated Individual Williams relating to the search of her room. She may be called to testify regarding her knowledge of the allegations contained in Plaintiff's Complaint. | | X |
| Benson, Joshua Sgt., CCO WCCW c/o John Nicholson 711 Capital Way S. Ste. 602 Olympia, WA 98501 | Plaintiff initially reported the PREA complaint to Mr. Benson. He may be called to testify regarding the allegations in Plaintiff's complaint. | | X |
| Francisco Garcia Lt. WCCW c/o John Nicholson 711 Capital Way S. Ste. 602 Olympia, WA 98501 | Lt. Garcia reported the Plaintiff's PREA allegations against Williams. He may be called to testify regarding the allegations in Plaintiff's | X | |

| Witness | Nature of Testimony | Will Testify | Possible Witness |
|---|---|---|---|
| | complaint. | | |
| Duncan, Michelle DOC<br>c/o John Nicholson<br>711 Capital Way S. Ste. 602<br>Olympia, WA 98501 | Ms. Duncan was the director of PREA Services. She may be called to testify regarding the allegations in Plaintiff's complaint. | | X |
| Gwendalynn Chambers<br>Department of Corrections<br>c/o John Nicholson<br>711 Capital Way S. Ste. 602<br>Olympia, WA 98501 | Ms. Chambers is a Lieutenant at WCCW. She interviewed Plaintiff regarding the allegations contained in her tort claim in April 2024. She may be called to testify regarding her knowledge of the allegations contained in Plaintiff's Complaint. | X | |
| Nichole Franklin Washington Corrections Center for Women<br>c/o John Nicholson<br>711 Capital Way S. Ste. 602<br>Olympia, WA 98501 | Ms. Franklin is a PREA Compliance Specialist at WCCW and investigated PREA case number 24-24298. She may be called to testify regarding her knowledge of the allegations contained in Plaintiff's Complaint. | | X |
| Johnson, Melissa LLO | Ms. Johnson may be called to testify | | X |

| Witness | Nature of Testimony | Will Testify | Possible Witness |
|---|---|---|---|
| WCCW<br>c/o John Nicholson<br>711 Capital Way S. Ste. 602<br>Olympia, WA 98501 | regarding the allegations in Plaintiff's complaint. Ms. Johnson received Plaintiff's tort claim form and reported a potential PREA allegation. | | |
| McColl, Alishia Chief Investigator WCCW<br>c/o John Nicholson<br>711 Capital Way S. Ste. 602<br>Olympia, WA 98501 | Ms. McColl was involved in the process of referring the alleged criminal behavior to WSP for further investigation. She may be called to testify regarding the allegations in Plaintiff's complaint. | | X |
| Michalak, Misty PREA Compliance Specialist WCCW<br>c/o John Nicholson<br>711 Capital Way S. Ste. 602<br>Olympia, WA 98501 | Ms. Michalak completed the infraction reported related to Plaintiff's alleged sexual harassment by Williams. She may be called to testify regarding the allegations in Plaintiff's complaint. | | X |
| Bova, Brooke Detective Washington State Patrol 210 11th Ave. SE P.O. Box 42600<br>Olympia, WA 98501 | Detective Bova conducted a criminal investigation into the allegations in Plaintiff's complaint. Detective Bova may be called to testify regarding the allegations in Plaintiff's complaint and her criminal investigation | | X |

| Witness | Nature of Testimony | Will Testify | Possible Witness |
|---|---|---|---|
| | findings. | | |
| Harrison, Amber D.<br>WCCW<br>c/o John Nicholson<br>711 Capital Way S. Ste. 602<br>Olympia, WA 98501 | Ms. Harrison was Plaintiff's counselor during the period of time of her allegations. She may be called to testify regarding the allegations in Plaintiff's complaint. | | X |
| Stephen Baltz, ARNP<br>Washington Corrections Center for Women<br>c/o John Nicholson<br>711 Capital Way S. Ste. 602<br>Olympia, WA 98501 | Mr. Baltz is a PSW 3 at WCCW and provided treatment to Plaintiff while she was incarcerated at WCCW. He may be called to testify regarding his knowledge of the allegations contained in Plaintiff's Complaint. | | X |
| K. Andersson, MA, CDP<br>Washington Corrections Center for Women<br>c/o John Nicholson<br>711 Capital Way S. Ste. 602<br>Olympia, WA 98501 | K. Andersson is a Psychology Associate at WCCW. She conducted a mental health screening of Plaintiff while she was incarcerated at WCCW She may be called to testify regarding her knowledge of the allegations contained in Plaintiff's Complaint. | | X |

| Witness | Nature of Testimony | Will Testify | Possible Witness |
|---|---|---|---|
| Brodie, Lauren Psy. D.<br>WCCW<br>c/o John Nicholson<br>711 Capital Way S. Ste. 602<br>Olympia, WA 98501 | Dr. Brodie evaluated and treated Plaintiff's mental health conditions at WCCW and may be called to testify regarding the allegations in Plaintiff's complaint. | | X |
| K. Davis, Psy.D.<br>Washington Corrections Center for Women<br>c/o John Nicholson<br>711 Capital Way S. Ste. 602<br>Olympia, WA 98501 | Dr. Davis is a Psychology Associate at WCCW and provided treatment to Plaintiff while she was incarcerated at WCCW. She may be called to testify regarding her knowledge of the allegations contained in Plaintiff's Complaint. | | X |
| Kimberly A. Dickens<br>Washington Corrections Center for Women<br>c/o John Nicholson<br>711 Capital Way S. Ste. 602<br>Olympia, WA 98501 | Ms. Dickens is a PSW 3 at WCCW who provided treatment to Plaintiff while she was incarcerated. She may be called to testify regarding her knowledge of the allegations contained in Plaintiff's Complaint. | | X |
| Fischer, MA, LMFT<br>Washington Corrections | B. Fischer is a Psychology Associate at WCCW and provided treatment to | | X |

| Witness | Nature of Testimony | Will Testify | Possible Witness |
|---|---|---|---|
| Center for Women<br>c/o John Nicholson<br>711 Capital Way S. Ste. 602<br>Olympia, WA 98501 | Plaintiff while she was incarcerated at WCCW. She may be called to testify regarding her knowledge of the allegations contained in Plaintiff's Complaint. | | |
| Hall, Kathryn M.D. Psychiatrist 4 WCCW<br>c/o John Nicholson<br>711 Capital Way S. Ste. 602<br>Olympia, WA 98501 | Dr. Hall treated Plaintiff for her mental health conditions at WCCW. She may be called to testify regarding the allegations in Plaintiff's complaint. | | X |
| Jackson, George M.D. Psychiatrist 4 WCCW<br>c/o John Nicholson<br>711 Capital Way S. Ste. 602<br>Olympia, WA 98501 | Dr. Jackson evaluated and treated Plaintiff's mental health conditions at WCCW. He may be called to testify regarding the allegations in Plaintiff's complaint. | | X |
| YunYun Lu, ARNP Washington Corrections Center for Women<br>c/o John Nicholson<br>711 Capital Way S. Ste. 602 | Dr. Lu is an ARNP at WCCW and provided treatment to Plaintiff while she was incarcerated at WCCW. She may be called to testify regarding her knowledge of the allegations | | X |

| Witness | Nature of Testimony | Will Testify | Possible Witness |
|---|---|---|---|
| Olympia, WA 98501 | contained in Plaintiff's Complaint | | |
| Park, Bhinna M.D.<br>Psychiatrist 4 WCCW<br>c/o John Nicholson<br>711 Capital Way S. Ste. 602<br>Olympia, WA 98501 | Dr. Park treated the Plaintiff for her mental health conditions at WCCW. She may be called to testify regarding the allegations in Plaintiff's complaint. | | X |
| Turansky, M., Psy. D.<br>Psychologist 3<br>WCCW<br>c/o John Nicholson<br>711 Capital Way S. Ste. 602<br>Olympia, WA 98501 | Dr. Turansky treated Plaintiff after she reported past victimization during a PREA Risk Assessment. Dr. Turansky may be called to testify regarding the allegations in Plaintiff's complaint. | | X |
| Nurse Hartshorn<br>Oregon Department of Corrections<br>Coffee Creek Correctional Facility<br>24499 SW Grahams Ferry Rd<br>Wilsonville, OR 97070 | Nurse Hartshorn is employed at Coffee Creek Correctional Facility in Oregon. Plaintiff disclosed allegations regarding Incarcerated Individual Williams to Nurse Hartshorn. She may be called to testify regarding her knowledge of the allegations contained in Plaintiff's Complaint. | | X |
| Joshua L. Highberger | Mr. Highberger is a Superintendent | | X |

| Witness | Nature of Testimony | Will Testify | Possible Witness |
|---|---|---|---|
| Oregon Department of Corrections<br>Coffee Creek Correctional Facility<br>24499 SW Grahams Ferry Rd<br>Wilsonville, OR 97070 | for the Oregon Department of Corrections. Mr. Highberger reported Plaintiff's allegations regarding Incarcerated Individual Williams to the Washington State Department of Corrections. He may be called to testify regarding his knowledge of the allegations contained in Plaintiff's Complaint. | | |

## VII. EXHIBITS & DEPOSITION DESIGNATIONS.

The Parties' Joint Exhibit List is attached hereto as **Exhibit 1**, using the format provided in the Court's Chambers Procedures.

Defendants' designations of deposition testimony from Daxson Motis, Plaintiff's objections to the designations, and Defendants' responses to the objections, are attached hereto as **Exhibit 2**.

Defendants' designations of deposition testimony from Tyler Boulanger, Plaintiff's objections to the designations, and Defendants' responses to the objections, are attached hereto as **Exhibit 3**.

Plaintiff's designations of deposition testimony from Deborah Jo Wofford (Vols. I & II), objections to the designations, and Defendants' responses to the objections, are attached hereto as **Exhibit 4**.

## VIII. ACTION BY THE COURT.

(a) This case is scheduled for trial before a jury on October 26, 2026, at 9:00 a.m.

(b) The Court will issue a written order on the parties' pending motions in limine and deposition designations no later than October 23, 2026.

(c) The Court will provide its proposed jury instructions in writing to the parties.

DATED this 15th day of October, 2026.

Tiffany M. Cartwright
United States District Judge

Respectfully submitted,


*/s/ Robert Bouvatte*
Robert A. Bouvatte, Jr., WSBA # 50220
ROBERT A. BOUVATTE, PLLC
P.O. Box 14185
Tumwater, WA 98511
bob@rbouvattepllc.com
rbouvattelaw@gmail.com
T: (564) 999-4005
*Attorney for Plaintiff*

*/s/ David Pivtorak*
David Pivtorak, Cal. Bar. # 255943
THE PIVTORAK LAW FIRM
611 Wilshire Boulevard, Suite 911
Los Angeles, CA 90017
david@piv4law.com
T: (213) 291-9130
*Attorney for Plaintiff (pro hac vice)*

*/s/ Chad Arceneaux*
Chad E. Arceneaux, WSBA # 40442, OID # 91105
NICHOLAS W. BROWN, Attorney General
1250 Pacific Avenue, Suite 105
P.O. Box 2317

Tacoma, WA 98402-2317
Chad.Arceneaux@atg.wa.gov
John.unfred@atg.wa.gov
karen.palmer@atg.wa.gov
TorTacEF@atg.wa.gov
T: (253) 207-6083
*Attorney for Defendant Gregory Brooks*

*/s/ John Nicholson*
John R. Nicholson, WSBA # 30499
SIMMONS SWEENEY FREIMUND SMITH TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA 98501
John@ssslawgroup.com
Jenny@ssslawgroup.com
sara@ssslawgroup.com
Special Assistant Attorney General
T: (360) 534-9960
*Attorney for Defendant Carie Ann Williams*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 6, 2026, I electronically filed the foregoing Agreed Pretrial Order via CM/ECF, which will electronically serve same to all counsel of record as listed below. No other parties are to receive notice.

David Pivtorak, Cal. Bar. # 255943
THE PIVTORAK LAW FIRM
611 Wilshire Boulevard, Suite 911
Los Angeles, CA 90017
david@piv4law.com
T: (213) 291-9130
*Attorney for Plaintiff (pro hac vice)*

Chad E. Arceneaux, WSBA # 40442, OID # 91105
NICHOLAS W. BROWN, Attorney General
1250 Pacific Avenue, Suite 105
P.O. Box 2317
Tacoma, WA 98402-2317
Chad.Arceneaux@atg.wa.gov
John.unfred@atg.wa.gov
karen.palmer@atg.wa.gov
TorTacEF@atg.wa.gov
T: (253) 207-6083

*Attorney for Defendant Gregory Brooks*

John R. Nicholson, WSBA # 30499
SIMMONS SWEENEY FREIMUND SMITH TARDIF, PLLC
711 Capitol Way S., Suite 602
Olympia, WA 98501
John@ssslawgroup.com
Jenny@ssslawgroup.com
sara@ssslawgroup.com
Special Assistant Attorney General
T: (360) 534-9960
*Attorney for Defendant Carie Ann Williams*

Dated: October 6, 2026.

By: ______________________________

Robert A. Bouvatte, Jr., Esq.
ROBERT A. BOUVATTE, PLLC
P.O. Box 14185
Tumwater, WA 98511
PH: (564) 999-4005
bob@rbouvattepllc.com
rbouvattelaw@gmail.com

*Attorney for Plaintiff, Mozzy Clark*