UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MOZZY CLARK,<br><br>Plaintiff,<br><br>v.<br><br>DENNIS SIMONS, et al.,<br><br>Defendant. | Case No. 3:24-cv-06058-TMC<br><br>ORDER ON PLAINTIFF'S OBJECTIONS TO DEFENDANTS' OPENING STATEMENT DEMONSTRATIVES |

## I. ORDER

At the pretrial conference, the Court ordered the parties to disclose two court days in advance of trial any demonstrative aids they planned to use in their opening statements and required any objections to those aids to be filed the last court day before trial. Both parties filed objections. Dkt. 161, 162. The Court ruled on Defendants' two objections in a minute order. Dkt. 164. Because Plaintiff has objected to nearly all of Defendants' slides, the Court's rulings on those objections are set forth in the table below. If an objection is sustained, the slide must not be shown to the jury or must be edited to reflect the Court's ruling. If an objection is overruled, the slide may be presented as is.

As the use of visual aids in opening statements has increased, so have objections to those aids in the presence of the jury, leading to this Court's requirement that such aids be disclosed in

advance of their presentation. "An opening statement is confined to facts counsel intends, or in good faith expects, to prove; it may not be used to place before the jury matters which counsel knows will not be admitted." *Deckers Outdoor Corp. v. Last Brand, Inc.*, No. 23-cv-04850-AMO, 2026 WL 1658528, at *1 (N.D. Cal. June 8, 2026) (citing *Leonard v. United States*, 277 F.2d 834, 841 (9th Cir. 1960)). In ruling on objections to visual aids, the Court is guided by these principles as well as Federal Rule of Evidence 107(a), which allows a party to present an illustrative aid to help the trier of fact understand "the evidence or argument if the aid's utility in assisting comprehension is not substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, or wasting time."

| **Slide Objected To** | **Ruling on Objection** |
|---|---|
| 2 | Overruled. |
| 4 | Overruled so long as defense counsel does not imply that this timeline represents all of Ms. Clark's allegations or all events material to her claims. |
| 5 | Overruled except for bullet points five and seven. With respect to bullet point five, counsel must remove argumentative reasons Clark did not report assault. With respect to bullet point seven, counsel must be prepared to discuss tomorrow what evidence they expect in good faith will show that "Clark had been contacted by anti-transgender activists." |
| 7 | Overruled. |
| 8 | Overruled. |
| 9 | Overruled. |
| 10 | Overruled. |
| 11 | Overruled. |
| 12 | Overruled. |
| 14 | Overruled. |
| 15 | Overruled. |

| | |
|---|---|
| 16 | Overruled. |
| 17 | Overruled. |
| 18 | Overruled. |
| 19 | Overruled. |
| 21 | Overruled. |
| 22 | Overruled. |
| 24 | Overruled except that the inconsistency in date between slides 23 and 24 must be corrected. |
| 25 | Overruled. |
| 26 | Overruled. |
| 27 | Overruled. |
| 28 | Overruled. |
| 30 | Sustained as to image of document if this image is not from an identified trial exhibit; counsel should be prepared to discuss this tomorrow. |
| 31–33 | Sustained if not quoting from a stipulated trial exhibit; counsel should be prepared to discuss this tomorrow. |
| 34–44 | Sustained as to references or clips from Ms. Clark's deposition. Defendants did designate any portions of Ms. Clark's deposition for use at trial; her deposition transcript and video may therefore only be used for impeachment. Counsel may choose to edit the slides to summarize what they expect Ms. Clark's trial testimony to show but must not refer to or show her deposition testimony. |
| 46 | Overruled; the Court has already ruled these convictions are admissible in its motion in limine order. |
| 48 | Overruled. |

Dated this 25th day of October, 2026.

Tiffany M. Cartwright
United States District Judge